1  Megan A. Maitia (Bar No. 285271)
   megan@summallp.com
2  Jennifer L. Williams (Bar No. 268782)
3  jenn@summallp.com
   Hayley E. Huntley (Bar No. 351438)
4  hayley@summallp.com
5  SUMMA LLP
   1010 Sycamore Avenue, Unit 117
6  South Pasadena, CA 91030
7  Tel.: (213) 260-9455
8  *Attorneys for Defendants*
   *Christian Combs and Sean Combs*
9

10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12                     **WESTERN DIVISION**

13 | GRACE O'MARCAIGH, an individual, | Case No.: 25-cv-3650 |
14 |                                   |                      |
15 |         Plaintiff,                |                      |
16 |     v.                            | **NOTICE OF REMOVAL** |
17 | CHRISTIAN COMBS, an individual,   | **OF ACTION BY DEFENDANTS** |
   | SEAN COMBS, an individual, and JOHN | **CHRISTIAN COMBS AND SEAN** |
18 | and JANE DOES 1-10 and ABC        | **COMBS UNDER 28 U.S.C. §§ 1332,** |
19 | CORPORATIONS 1-10,                | **1333, 1441, 1446;** |
20 |         Defendants.               | **EXHIBITS A-H** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT Defendants Christian Combs and Sean Combs (together, "Defendants") hereby remove to this Court the state court action described below. Removal is based on the following grounds:

## FILING AND SERVICE OF STATE COURT COMPLAINT

1. On April 4, 2024, Plaintiff Grace O'Marcaigh ("Plaintiff") commenced an action in the Superior Court of California, County of Los Angeles, captioned *O'Marcaigh v. Combs, et al.*, Case No. 24STCV08571 (the "Action"), by filing a complaint, dated April 4, 2024 (the "Complaint"). Copies of the Summonses and Complaint are attached as Exhibits A and B, and all other process, pleadings, and orders served upon Defendants in the Action, along with a Register of Actions for the Action, are attached as Exhibits C through H. 28 U.S.C. § 1446(a).

2. On April 2, 2025, counsel for Defendants accepted service of the Summonses and Complaint on behalf of both Defendants, neither of whom was validly served with process before that date. The parties entered and filed a Notice of Acknowledgment and Receipt of process, which is attached as Exhibit H.

3. This Notice of Removal is being filed within thirty days after all Defendants were served with a copy of the Summonses and Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

4. Both named Defendants consent to removal of this Action as shown by the filing of this Notice of Removal. The remaining defendants sued under fictitious names as "JOHN and JANE DOES 1-10" and "ABC CORPORATIONS 1-10" shall be disregarded. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Grigg v. Southern Pac. Co.*, 246 F.2d 613, 619 (9th Cir. 1957) (same); *Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328, 1330 (9th Cir. 1981) (disregarding

Does when allegations give no clue of their identity or relationship to the action); *Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1463 (9th Cir. 1985) (disregarding Does which are not indispensable parties and serve no other purpose than protecting plaintiffs under California pleading practice).

## BASIS FOR REMOVAL

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) (diversity cases) and/or 28 U.S.C. § 1333 (admiralty and maritime cases). Defendants may remove the Action to this Court under 28 U.S.C. §§ 1441(a) and (b) and 1446(a)-(c) because: (1) this Action is a civil action between citizens of different States and a citizen or subject of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the pleaded events allegedly occurred on navigable waters and are connected to maritime activities over which the district courts of the United States have original jurisdiction.

6. While Defendants are removing to this Court because the Central District of California includes Los Angeles County, where the Action was filed, they reserve: (1) all defenses, including objecting to venue and (2) the right to seek to transfer the Action once properly in this Court.

## DIVERSITY OF THE PARTIES

7. At all relevant times, including at the outset of the Action, Defendant Christian Combs was and is a citizen of California.

8. At all relevant times, including at the outset of the Action, Defendant Sean Combs was and is a citizen of Florida.

9. The Complaint alleges only that Plaintiff is a "European Caucasian female." Compl. ¶ 1. There is no allegation that Plaintiff is lawfully admitted for permanent residence in the United States and/or that she is domiciled either in California or in Florida.

## AMOUNT IN CONTROVERSY

10. The amount in controversy here, exclusive of interest and costs, exceeds $75,000.

11. The Complaint purports to allege claims under California state law for: (1) Assault (¶¶ 105-17); (2) Battery (¶¶ 118-30); (3) Sexual Assault (¶¶ 131-44); (4) Premises Liability (¶¶ 145-60); (5) Aiding and Abetting (¶¶ 161-69); (6) Intentional Infliction of Emotion Distress (¶¶ 170-83); and (7) Negligent Infliction of Emotional Distress (¶¶ 184-97).

12. The Complaint purports to allege that Defendant Christian Combs drugged and raped Plaintiff, and further purports to seek "punitive and exemplary" damages. Compl. Prayer for Relief. While these allegations are false, baseless, and reckless, their seriousness leaves no basis to question that Plaintiff will be seeking damages more than $75,000. *See Doe v. Rose*, 2016 WL 81471, at *3 (C.D. Cal. Jan. 7, 2016) ("Due to the allegations of serious misconduct[, namely, that Defendants drugged plaintiff, entered her apartment while she was asleep, and gang raped her], the Court has no trouble concluding that Plaintiff's claims, if successful, would more likely than not produce damages well above $75,000.").

## EXCLUSIVE ADMIRALTY JURISDICTION

13. The alleged events have no connection whatsoever to California. The Complaint alleges conduct on a yacht in the navigable waters surrounding the U.S. Virgin Islands. *See* Compl. ¶ 24 (alleging that Plaintiff "flew to St. Martin" prior to the alleged events).

14. The Complaint purports to allege that the yacht was located at sea, far enough off the coast that, to reach port in the U.S. Virgin Islands, it was necessary to travel by "tender, a smaller craft that runs back and forth from a larger yacht." *Id.* ¶ 40.

15. The Complaint alleges the events at-issue occurred aboard a chartered yacht, staffed with a professional team providing charter service, and that Plaintiff was employed and working on the yacht during the relevant period. *Id.* ¶¶ 19-28.

16. Based on the purported facts alleged in the Complaint, this Court has exclusive subject matter jurisdiction, because (1) the alleged events took place at sea on navigable waters; and (2) this lawsuit involves connection to maritime activities. *See, e.g., Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 982, 986 (9th Cir. 2007) (articulating "location" and "connection" test for admiralty jurisdiction, finding assault claim involving incident on a docked boat was subject to admiralty jurisdiction, and noting that "[t]his result is consistent with the Supreme Court's apparent approval of the notion that virtually every activity involving a vessel on navigable waters would be a traditional maritime activity sufficient to invoke maritime jurisdiction") (internal citation omitted).

## REMOVAL PROCEDURE

17. Defendants have complied with 28 U.S.C. § 1446(a) by attaching as Exhibits A through H all process, pleadings, and orders served on Defendants in the state court action.

18. Defendants have complied with 28 U.S.C. § 1446(b) by filing this Notice of Removal within 30 days of the service and receipt of the initial pleading, which occurred on April 2, 2025.

19. Defendants will comply with 28 U.S.C. § 1446(d) by promptly providing written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles.

20. In filing this Notice of Removal, Defendants do not waive any of their defenses, in law or in equity, including, but not limited to, lack of personal jurisdiction and improper venue.

THEREFORE, Defendants pray that the above action, formerly pending against them in the Superior Court of the State of California for the County of Los Angeles, be removed to this Court.

DATED: April 24, 2025

SUMMA LLP

_____
Megan A. Maitia
Jennifer L. Williams
Hayley E. Huntley

*Attorneys for Defendants Christian Combs and Sean Combs*