Megan A. Maitia (Bar No. 285271)
megan@summallp.com
Hayley E. Huntley (Bar No. 351438)
hayley@summallp.com
SUMMA LLP
1010 Sycamore Avenue, Unit 117 South
Pasadena, CA 91030
Tel.: (213) 260-9455
*Attorneys for Defendants*
*Christian Combs and Sean Combs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GRACE O'MARCAIGH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN COMBS, an individual, SEAN COMBS, an individual, and JOHN and JANE DOES 1–10 and ABC CORPORATIONS 1–10,<br><br>Defendants. | Case No.: 25-cv-03650-DMG (MAAx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing Date: August 29, 2025<br>Time: 9:30 a.m.<br>Judge: Dolly M. Gee<br>Courtroom: 8C |

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................1

II. PLAINTIFF'S ALLEGATIONS ........................................................................1

III. LEGAL STANDARD ..........................................................................................2

IV. ARGUMENT .........................................................................................................3

    A. The Court lacks personal jurisdiction over Sean Combs. ............................ 3

        1. No general jurisdiction over Sean Combs. ............................................ 4

        2. No specific jurisdiction over Sean Combs. ........................................... 5

    B. Plaintiff fails to state a claim against Sean Combs.......................................... 7

        1. Insufficient allegations of premises liability......................................... 7

        2. Insufficient allegations of aiding and abetting. .................................... 8

    C. Plaintiff cannot invoke California law for her alleged harm. ...................... 9

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Shutterfly, Inc.*, 2020 WL 5517170 (N.D. Cal. Sept. 14, 2020) ...................... 6

*Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal.4th 666 (Cal. 1993) ............................... 7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 2

*B.R.S. v. City of Palm Springs*, 2013 WL 12473618 (C.D. Cal. Nov. 22, 2013) .......... 3

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) .................................................... 3

*Beckman v. Am. Airlines, Inc.*, 2024 WL 3469049 (C.D. Cal. June 28, 2024) ........... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................. 2

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ......................................... 3, 4

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255 (2017) ................................................................................................ 6

*Casey v. U.S. Bank Nat'l. Ass'n*, 127 Cal. App. 4th 1138 (2005) ............................. 9

*Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970 (N.D. Cal. 2016) ..................... 3

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) .................................................. 4, 5

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992 (9th Cir. 2010) ............................. 3

*Daramola v. Oracle Am., Inc.*, 92 F.4th 833 (9th Cir. 2024) ................................... 9

*Delgado v. Trax Bar & Grill*, 36 Cal.4th 224 (Cal. 2005) .................................... 7, 8

*Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036 (Cal. 1999) ....... 11

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, 2021 WL 6049906 (N.D. Cal. Dec. 21, 2021) ............................................................................................. 5

*Fuld v. Palestine Liberation Org.*, 145 S. Ct. 2090 (2025) ...................................... 4

*In re First All. Mortg. Co.*, 471 F.3d 977 (9th Cir. 2006) ....................................... 9

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ............................................... 4

*Khodagholian v. Costco Wholesale Corp.*, 2024 WL 3653046 (C.D. Cal. Aug. 5, 2024) ............................................................................................................ 7

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ........................ 3

*Knieval v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ........................................................... 3

*Koch v. Pechota*, 744 Fed. App'x 105 (3d Cir. 2018) .................................................... 4

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136 (9th Cir. 2017) ............................................ 3

*Nicole M. v. Sears, Roebuck & Co.*, 76 Cal. App. 4th 1238 (Cal. 1999) ....................... 8

*Radical Invs. Ltd. v. Good Vibrations Ent. LLC,* 2023 WL 2372046 (C.D. Cal. Jan. 6, 2023) .......................................................................................................................... 5

*Reid v. Google, Inc.*, 50 Cal.4th 512 (Cal. 2010) ............................................................ 7

*Romero v. Superior Ct.,* 89 Cal. App. 4th 1068 (Cal. 2001) .......................................... 8

*Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089 (C.D. Cal. 2015) ................ 11

*Saddler v. Stevens Transp., Inc.*, 2008 WL 11422130 (C.D. Cal. Mar. 20, 2008) ......... 7

*Soares v. Hayes*, 2018 WL 6615149 (N.D. Cal. Oct. 11, 2018) ..................................... 6

*Su v. Henry Global Consulting Grp.*, 2022 WL 19392 (C.D. Cal. Jan. 3, 2022) ........... 9

*Sullivan v. Oracle Corp.*, 51 Cal.4th 1191 (Cal. 2011) ............................................ 9, 10

*Sung v. Bussio*, 2013 WL 6086030 (N.D. Cal. Nov. 19, 2013) ...................................... 5

*United States ex rel. Lesnik v. Eisenmann SE*, 2021 WL 518408 (N.D. Cal. Feb. 10, 2021) .......................................................................................................................... 4

*United States v. Bowman,* 260 U.S. 94 (1922) ............................................................. 10

*Walden v. Fiore*, 571 U.S. 277 (2014) ................................................................... 4, 5, 6

*Ward v. United Airlines, Inc.*, 9 Cal.5th 732 (Cal. 2020) ............................................. 10

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) ................................................................................................................... 5

**Statutes**

Cal. Code of Civ. Proc. § 1708.5 ................................................................................... 10

**Other Authorities**

2021 Cal. Legis. Serv. Ch. 613 (A.B. 453) (West) ........................................................ 10

Jud. Council of Cal. Civ. Jury Instructions § 1000 ......................................................... 7

## I. INTRODUCTION

Defendants Christian Combs and Sean Combs move to dismiss the Complaint:

**First**: The Court lacks personal jurisdiction over Sean Combs. While Christian Combs resides in California, Sean Combs does not. Sean Combs is a citizen and resident of Florida, and his limited connections to the state do not permit the exercise of personal jurisdiction.

**Second**: Plaintiff fails to state claims for premises liability and aiding and abetting against Sean Combs. The Complaint does not allege facts to support the necessary elements of these claims.

**Finally**: Plaintiff fails to state claims, all asserted under California law, against Defendants. California's extraterritorial reach is circumscribed. California law does not apply here, where the alleged conduct, and alleged injuries, occurred outside California.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint alleges as follows. Plaintiff was employed as a temporary secondary stewardess for a company called Equiom FW049 IC, which provided crewing services for sea vessels. Combs Decl. Ex. A (Compl.) ¶¶ 19–20. In 2022, Plaintiff was on assignment aboard the superyacht "Victorious," which was owned and operated by Fraser Worldwide SAM. *Id.* ¶ 19. In December 2022, Plaintiff learned that Sean Combs chartered Victorious for the Christmas/New Year holidays. *Id.* ¶¶ 23–25. For that charter, Plaintiff was assigned to work the 6:00 p.m. to 6:00 a.m. night shift. *Id.* ¶ 28.

On December 28, 2022, towards the end of Plaintiff's shift, Christian Combs, apparently intoxicated, boarded the Victorious to use the ship's recording studio. *Id.* ¶¶ 30–31, 40, 42. Once in the recording studio, Christian ordered tequila shots for both the guests and the crew, including Plaintiff. *Id.* ¶¶ 43, 48–49. Plaintiff accepted the initial tequila shot and, thereafter, was pressured and forced by Christian to drink more

1  alcohol; as Plaintiff became more intoxicated, Christian groped and kissed Plaintiff
2  without her consent, physically and sexually assaulting her. *Id.* ¶¶ 49, 51–60. Plaintiff
3  then left the recording studio and resumed her work. *Id.* ¶ 62. Soon after, Christian
4  found Plaintiff and said he needed a place to sleep, and Plaintiff directed him to the
5  cinema, commonly used for overflow sleeping quarters. *Id.* ¶¶ 63–65. Once in the
6  cinema, Christian blocked Plaintiff from leaving and again groped Plaintiff and tried
7  to force her to perform oral sex on him. *Id.* ¶¶ 66–67. Plaintiff's co-worker entered the
8  room, providing Plaintiff an opportunity to leave. *Id.* ¶ 68.

The next day, Plaintiff reported the incident to the captain. *Id.* ¶ 70. But the captain blamed Plaintiff, insisting that she voluntarily consumed alcohol with guests, and refused to reassign her to a non-guest role for the remainder of the yacht. *Id.* ¶¶ 71–72. With no other details, Plaintiff claims that Sean Combs paid the captain to cover up the incident between Plaintiff and Christian. *Id.* ¶ 75.

Based on these allegations, Plaintiff brings claims under California law against Christian Combs for assault, battery, sexual assault, and intentional and negligent infliction of emotional distress. *Id.* ¶¶ 105–44; 170–97. Plaintiff brings claims against Sean Combs for—despite his absence from the alleged events—premises liability and aiding and abetting tortious conduct. *Id.* ¶¶ 87–89; 145–69.

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.*

Under the incorporation by reference doctrine, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *See Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original) (quotation omitted). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "The court is not required to accept as true allegations that contradict documents that are attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice." *B.R.S. v. City of Palm Springs*, 2013 WL 12473618, at *1 n.2 (C.D. Cal. Nov. 22, 2013); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## IV.  ARGUMENT

### A.  The Court lacks personal jurisdiction over Sean Combs.

There is no basis for the Court to exercise personal jurisdiction over Sean Combs. The claims against him, therefore, must be dismissed.

To have personal jurisdiction, Constitutional due process principles require that a defendant has sufficient minimum contacts with the forum. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017). Once challenged, a plaintiff bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). This burden requires "producing admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979 (N.D. Cal. 2016) (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). "When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. California's long-arm statute is co-extensive with federal

standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." *Boschetto*, 539 F.3d at 1015 (cleaned up).

Thus, the Fourteenth Amendment's Due Process Clause and the framework from *International Shoe* governs, and Plaintiff must establish either general or specific personal jurisdiction over Sean Combs. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *Fuld v. Palestine Liberation Org.*, 145 S. Ct. 2090, 2102 (2025). Neither form of personal jurisdiction applies here.

### 1.  No general jurisdiction over Sean Combs.

General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.*, domicile)." *Walden v. Fiore*, 571 U.S. 277, 283, n.6 (2014). General jurisdiction over an individual is only available in the state where the defendant is domiciled. *Daimler AG*, 571 U.S. at 137. Although a corporation's business activities in a state may subject it to general jurisdiction, "[c]onsideration of business activities to find general jurisdiction has not been applied to individuals." *See Koch v. Pechota*, 744 Fed. App'x 105, 110 (3d Cir. 2018). In sum, a defendant's forum contacts must be "so continuous and systematic as to render [the defendant] essentially at home in the forum state." *Daimler AG*, 571 U.S. at 139 (cleaned up); *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The only relevant jurisdictional allegation concerning Sean Combs is the bare claim that "[u]pon information and belief, DEFENDANT S. COMBS resides in the city of Beverly Hills, California, in Los Angeles County, California." Combs Decl., Ex. A, ¶ 15. This allegation is factually untrue and insufficient to establish general jurisdiction. *United States ex rel. Lesnik v. Eisenmann SE*, 2021 WL 518408, at *6 (N.D. Cal. Feb. 10, 2021) (general jurisdiction is "an exacting standard," and a plaintiff "must provide specific allegations for each Defendant to demonstrate that the Court may exercise general jurisdiction over that Defendant")

Sean Combs has been a resident of and domiciled in Florida since 2020, two years before the alleged events. Combs Decl. ¶ 3. He has filed his federal and state tax returns in Florida during the same period, filing only non-resident California tax return for certain passive income. *Id.* at ¶ 8. Likewise, Sean Combs has maintained a Florida driver's license since 2020 and is registered to vote in Florida. *Id.* ¶¶ 6–7.

Accordingly, Sean Combs is not "essentially at home" in California and thus not subject to its general jurisdiction. *See Daimler AG*, 571 U.S. at 139 (stating that, outside of actual domiciling, general jurisdiction applies only where the defendant's contacts with the state are so "continuous and systematic" as to render it essentially "at home" there); *Radical Invs. Ltd. v. Good Vibrations Ent. LLC,* 2023 WL 2372046, at *3 (C.D. Cal. Jan. 6, 2023) (no general jurisdiction over individual who was resident of another state); *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, 2021 WL 6049906, at *9 (N.D. Cal. Dec. 21, 2021) ("The fact that [party] went to college, worked in, and lived in California *years* before the relevant time period further demonstrate that general personal jurisdiction is not appropriate."); *Sung v. Bussio*, 2013 WL 6086030, at *2 (N.D. Cal. Nov. 19, 2013) (no general jurisdiction despite fact that defendant had "business partners" and "customers" in California and advertised in California).

### 2. No specific jurisdiction over Sean Combs.

Specific or "case-linked" jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283–84, and n.6. In particular, "the defendant's suit-related conduct must create a substantial connection with the forum state." *Id.* at 284; *see Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (stating that specific jurisdiction exists when: (1) the defendant purposefully directed his or her activities at the forum; (2) the action arises out of or relates to those activities; and (3) the exercise of personal jurisdiction otherwise comports with fair play and substantial justice).

In *Walden*, the Supreme Court clarified two aspects of the "necessary relationship" needed for specific jurisdiction. *Walden,* 571 U.S. at 284. "First, the relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* (cleaned up). Contacts with the forum created by the plaintiff or a third-party are not attributable to the defendant and "cannot be decisive in determining whether the defendant's due process rights are violated." *Id.* at 285 (cleaned up). Second, courts must look at "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* It is not sufficient "to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff." *Id.* at 286 (cleaned up).

Here, the Complaint has no allegations connecting Sean Combs, on the one hand, and California on the other. Plaintiff's allegations took place exclusively in international waters near the U.S. Virgin Islands. Sean Combs did not charter the yacht. Combs Decl., Ex. B (Charter Agreement). And neither party to the Charter Agreement—September Yachting Limited and JCMUS, Inc.—is incorporated in California or lists a California address. *Id.* (listing the contracting parties' addresses in the Grand Cayman Islands and the Isle of Man, respectively).

"When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017); *id.* at 265 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue."); *Allen v. Shutterfly, Inc.*, 2020 WL 5517170, at *5 (N.D. Cal. Sept. 14, 2020) (finding no specific jurisdiction over defendant in California for claims arising "solely from conduct that occurred in Kansas"); *Soares v. Hayes*, 2018 WL 6615149, at *3 (N.D. Cal. Oct. 11, 2018), *report and recommendation adopted*, 2018 WL 6615141 (N.D. Cal. Oct. 26, 2018) (allegations that the "transactions complained of in the Complaint took place in California" insufficient for

6
DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

specific jurisdiction without "specific allegations about which transactions took place in California, who participated in those transactions, or how those transactions led to [plaintiff's] alleged injury") (cleaned up); *Saddler v. Stevens Transp., Inc.*, 2008 WL 11422130, at *3 (C.D. Cal. Mar. 20, 2008) (no specific jurisdiction where "interactions [] took place entirely" outside of California).

Assuming Plaintiff's allegations are true, there is no fair or reasonable basis for this Court to exercise personal jurisdiction over Sean Combs. The claims against Sean Combs, therefore, should be dismissed.

### B. Plaintiff fails to state a claim against Sean Combs.

#### 1. Insufficient allegations of premises liability.

To state a claim for premises liability, plaintiff must allege: (1) defendant owned, leased, occupied, or controlled the property; (2) the defendant was negligent in the use or maintenance of the property; (3) the plaintiff was harmed; and (4) the defendant's negligence was a substantial factor in causing the plaintiff's harm. *See* Jud. Council of Cal. Civ. Jury Instructions § 1000; *Khodagholian v. Costco Wholesale Corp.*, 2024 WL 3653046, at *3 (C.D. Cal. Aug. 5, 2024). The Complaint vaguely alleges that Sean Combs encouraged a "lawless" atmosphere on the Victorious by throwing parties with prostitution and illegal drugs. Compl. ¶¶ 94–103, 148–52. These allegations do not state a claim for premises liability.

In California, generally, no duty exists to protect others from the conduct of third parties. *See Delgado v. Trax Bar & Grill*, 36 Cal.4th 224, 235 (Cal. 2005). There is a limited exception for premises liability, when the "wrongful acts of a third party . . . can be reasonably anticipated." *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal.4th 666, 676 (Cal. 1993), *distinguished on other grounds by Reid v. Google, Inc.*, 50 Cal.4th 512 (Cal. 2010). This exception flows from the "special relationship doctrine," in which certain *business proprietors* have a duty to take reasonable measures to protect their patrons or invitees from foreseeable criminal acts by third parties. *See Delgado*, 36

Cal.4th at 235–36; *Ann M.*, 6 Cal.4th at 674 (describing a landlord's "general duty of maintenance, which is owed to tenants and patrons").

This limited exception does not apply here. Sean Combs was not Plaintiff's employer. He did not own, lease, or manage the ship, and he did not charter this voyage. Combs Decl. ¶¶ 11–15; Ex. A, ¶¶ 19–22; Ex. B. Sean Combs, thus, was not a "business proprietor" with a duty to protect patrons or invitees, and there was no contractual or other "special relationship" between Plaintiff and Sean Combs.

Separately, Plaintiff does not allege that Christian's alleged assault was foreseeable to Sean Combs. Foreseeability is a "crucial factor" in determining the existence and scope of an affirmative duty to control the wrongful acts of a third party. *Ann M.*, 6 Cal.4th at 676. In assessing foreseeability, courts take a restrictive approach: the exact form of wrongful conduct must be foreseeable, shown by prior similar incidents or other indications. *See Delgado*, 36 Cal.4th at 238–40 (collecting cases). Here, Plaintiff offers only conclusory allegations that Christian Combs had a history of engaging in "sexual violence, and other illegal conduct." Compl. Ex. A, ¶ 10. But Plaintiff does not describe a single specific instance, when, where, or how it happened; and, critically, Plaintiff makes no allegation that Sean Combs knew about Christian Combs's history, such that the exact nature of Christian's alleged assault on Plaintiff was foreseeable to Sean. *Cf. Romero v. Superior Ct.*, 89 Cal. App. 4th 1068, 1089, (Cal. 2001) (for premises liability, "it is not enough to assert that is it conceivable [an individual] might engage in sexual misconduct"; plaintiff must show that defendant "had prior actual knowledge" of the "assailant's propensity" to commit sexual assault"); *Nicole M. v. Sears, Roebuck & Co.*, 76 Cal. App. 4th 1238, 1248 (Cal. 1999) ("The requisite degree of foreseeability rarely, if ever, can be proven in the absence of prior similar incidents of violent crime on the landowner's premises.").

### 2. Insufficient allegations of aiding and abetting.

To establish "aiding and abetting" liability, a plaintiff needs to allege that "the defendant had actual knowledge of the specific primary wrong [and that] the defendant substantially assisted" in carrying out that wrong with such knowledge. *Su v. Henry Global Consulting Grp.*, 2022 WL 19392, at *2 (C.D. Cal. Jan. 3, 2022) (cleaned up); *Casey v. U.S. Bank Nat'l. Ass'n*, 127 Cal. App. 4th 1138, 1146 (2005) ("[A] defendant can only aid and abet another's tort if the defendant knows what 'that tort' is" and makes a "conscious decision to participate" in the wrongful act). A "vague suspicion of wrongdoing" is not enough. *In re First All. Mortg. Co.*, 471 F.3d 977, 993 n.4 (9th Cir. 2006).

Plaintiff alleges no facts to support an aiding and abetting claim against Sean Combs. No facts about Sean's alleged knowledge, participation, or substantial assistance in Christian's alleged assault. No facts to suggest that Sean was present or even on the ship at the time of the alleged incident. The allegations that Sean created a "party atmosphere" with drugs and sex workers, Compl. ¶¶ 87–91, cannot reasonably be parlayed to Sean having actual knowledge and making a "conscious decision to participate" in Christian's alleged sexual assault of Plaintiff. *Casey*, 127 Cal. App. 4th at 1146 (affirming dismissal of aiding and abetting claim where complaint failed to allege facts that defendants had actual knowledge); *Su*, 2022 WL 19392, at *2 (dismissing aiding and abetting cause of action with detailed analysis of actual knowledge and substantial assistance prongs).

### C.     Plaintiff cannot invoke California law for her alleged harm.

Though the alleged conduct occurred outside of California, Plaintiff brings all her claims under California. Compl. ¶¶ 105–97. Like federal law, California has a presumption against the extraterritorial application of its laws. *See Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (Cal. 2011); *Daramola v. Oracle Am., Inc.*, 92 F.4th 833, 843 (9th Cir. 2024). Indeed, California courts "presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state . . . unless such

intention is clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history." *Sullivan*, 51 Cal.4th at 1207 (cleaned up). "[T]hat a legislature generally legislates with domestic concerns in mind . . . also serves the incidental purpose of avoiding unintended conflicts with other sovereigns." *Ward v. United Airlines, Inc.*, 9 Cal.5th 732, 749–50 (Cal. 2020) (cleaned up).

Here, Plaintiff brings claims for assault, battery, and sexual assault under Cal. Civ. Code § 1708.5 (first, second, and third causes of action). Compl. ¶¶ 105–44. Nothing in § 1708.5 suggests extraterritorial application outside of California, and thus the Legislature did not intend the law to apply extraterritorially. *See Sullivan*, 51 Cal.4th at 1207.

Such a finding makes common sense. Assault and battery are offenses against people. See § 1708.5 (framing the conduct as between "person[s]"). And people exist in fixed locations when an offense occurs. *See United States v. Bowman,* 260 U.S. 94, 98 (1922) ("Crimes against private individuals or their property, like assaults … must, of course, be committed within the territorial jurisdiction of the government where it may properly exercise it."). Given the *territorial* nature of the prohibited conduct under Section 1708.5—an assault occurs either inside or outside of the state—and the absence of any express territorial reach, the most reasonable reading of the statute is that the Legislature intended for Section 1708.5 to apply only within California. *Cf. Beckman v. Am. Airlines, Inc.,* 2024 WL 3469049, at *8 (C.D. Cal. June 28, 2024) (granting motion for summary judgment on "sexual battery" claim under the California Fair Employment and Housing Act on extraterritorial grounds where "the material elements of the cause of action occurred outside of California").

Section 1708.5's legislative history does change the analysis. The most recent amendment says nothing about extraterritorial application. *See* 2021 Cal. Legis. Serv. Ch. 613 (A.B. 453) (West). Such language is also absent from the legislative counsel's digest and the amendments to the statute. The presumption against extraterritoriality

application, therefore, should apply to Plaintiff's assault claims against Christian (first, second, and third causes of action), and these claims should be dismissed.

Plaintiff's remaining claims against Christian Combs (sixth and seventh causes of action for intentional and negligent infliction of emotional dismiss) and against Sean Combs (fourth and fifth causes of action for premises liability aiding and abetting sexual assault) fare no better. Compl. ¶¶ 145–69. Each arises under California's common law. While "the presumption against extraterritoriality does not apply to common law claims, there are still limits on the extraterritorial application." *Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1096 (C.D. Cal. 2015). For common law claims, the relevant inquiry is whether "the conduct which gives rise to liability . . . occurs in California." *Id.* (quoting *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 1059 (Cal. 1999)).

Here, none of the conduct giving rise to liability occurred in California. As a result, the common law claims, like the statutory claims, do not apply exterritorialy. The claims should be dismissed.[1]

Dated: July 25, 2025                                SUMMA LLP

_____
Megan A. Maitia
Hayley E. Huntley

---

[1] To the degree Plaintiff would argue that her claims for assault, battery, and sexual assault arise under California common law, and not California statutory law, they should be dismissed for the same reason.