**RODNEY S. DIGGS (SBN 274459)**
rdiggs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
**A Professional Law Corporation**
444 South Flower Street, Suite 3200
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552

**TYRONE A. BLACKBURN, ESQ.** (*pro hac vice pending*)
tblackburn@tablackburnlaw.com
**T. A. Blackburn Law, PLLC**
1242 E. 80th St 3rd Floor
Brooklyn, NY 11236
Telephone: (347) 427-5999

Attorneys for Plaintiff, **GRACE O'MARCAIGH**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| GRACE O'MARCAIGH, an individual, <br><br> *Plaintiff,* <br><br> vs. <br><br> CHRISTIAN COMBS, an individual, SEAN COMBS, an individual, and JOHN DOE 1-10, JANE DOE 1-10 and ABC CORPORATIONS 1-10, <br><br> *Defendants.* | CASE NO.: 2:25-cv-03650-DMG-MAA <br><br> **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> Hearing Date:   August 29, 2025 <br> Time:               9:30 a.m. <br> Crtrm:             8C |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................... 8

   A.    DEFENDANTS' MOTION SHOULD BE DENIED FOR RELYING ON
INAPPOSITE CASE LAW WITHOUT MEANINGFUL ANALYSIS ......................... 8

      i. Case Citations Without Context or Application Are Legally Deficient ................... 8

      ii. Courts Reject Motions that Present "Cursory" or "Superficial" Analysis ............... 9

      iii.    Strategic Ambiguity Reflects Lack of Meritorious Defense ............................... 9

      iv. The Court Should Decline to Entertain Motions Based on Superficial Argument ... 9

II.     FACTUAL BACKGROUND ...................................................................... 10

III.    LEGAL STANDARD ................................................................................ 10

IV.     ARGUMENT ........................................................................................... 10

   A.    SEAN COMBS IS DOMICILED IN CALIFORNIA ........................................... 10

   B.    HE CONDUCTS BUSINESS IN CALIFORNIA .................................................. 11

   C.    SEAN COMBS IS LIABLE UNDER PREMISES LIABILITY PRINCIPLES ... 11

      i. Control, Not Legal Title, Determines Liability ......................................... 12

      ii. Plaintiff Has Adequately Alleged Foreseeability to Support Premises Liability and
         Negligent Supervision Claims Against Sean Combs ................................................. 12

      iii.    Foreseeability Under California Law Is a Jury Question and Does Not Require
         Prior Identical Incidents ......................................................................... 14

   D.    CALIFORNIA LAW STILL GOVERNS EVEN IF PLAINTIFF IS NOT A
CALIFORNIA RESIDENT ............................................................................ 15

      i. California Law Applies Where Defendant Is a California Resident and Conduct Is
         Enabled from California ......................................................................... 15

      ii. California Public Policy Favors Regulation of In-State Actors .............................. 16

      iii.    The Focus Remains on the Defendant's Conduct and California's Interests ...... 16

2

iv. Federal Choice-of-Law Principles in Diversity Cases Apply California's Governmental Interest Test ............................................................................... 17

v. Ninth Circuit Case Law Supports Applying California Law Where Defendant Is Based in California ........................................................................................... 17

vi. District Courts in the Ninth Circuit Follow the Same Rule ................................... 18

vii.     Application Here: Conduct Originated from and Was Enabled in California .... 18

E.     SEAN COMBS CANNOT EVADE PREMISES LIABILITY BY HIDING BEHIND A FOREIGN SHELL COMPANY ................................................................. 18

i. Control, Not Legal Ownership, Determines Premises Liability .............................. 19

ii. Use of Offshore Entity Suggests Potential Alter Ego and Agency ........................ 19

iii.     Federal Courts Permit Discovery into Shell Entities and Control ...................... 21

iv. Defendants' Argument Would Create a Dangerous Loophole ................................. 21

F.     PLAINTIFF HAS SUFFICIENTLY STATED CLAIMS FOR AIDING AND ABETTING, ASSAULT, BATTERY, AND EMOTIONAL DISTRESS .................... 22

i. Federal Law and Ninth Circuit Authority Further Support Denial of the Motion .. 24

G.     THE COURT SHOULD DISREGARD SEAN COMBS' SELF-SERVING DECLARATION ................................................................................................. 25

i. Courts Disregard Self-Serving Declarations That Lack Foundation or Contradict Well-Pleaded Allegations ........................................................................................ 25

ii. Declaration Contradicts the Complaint and Should Not Override Well-Pled Facts 26

iii.     Declaration Contains Statements Lacking Foundation and Personal Knowledge 26

H.     THE COURT SHOULD STRIKE OR DISREGARD THE CONTRACT ATTACHED TO THE DECLARATION AS INADMISSIBLE AND IMPROPER .... 27

i. The Contract Lacks Proper Foundation and Authentication ................................... 27

ii. The Contract Contains Hearsay and Is Offered for Its Truth ................................. 27

iii.    The Contract Is Outside the Pleadings and Inappropriate for Consideration on
Rule 12(b)(6) ................................................................................................... 27

iv. The Court Should Strike the Exhibit or Decline to Consider It ............................. 27

I.    REQUEST FOR LEAVE TO AMEND ................................................................. 28

V.    CONCLUSION .................................................................................................... 28

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Alcaraz v. Vece, 14 Cal.4th 1149 (1997) ......................................................... 13

Ann M. v. Pacific Plaza Shopping Center, 6 Cal.4th 666 (1993) ..................................... 14

Arno v. Club Med Inc., 22 F.3d 1464, 1468 (9th Cir. 1994) ..................................... 16, 18

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ......................................................... 26, 27

Automotriz del Golfo v. Resnick, 47 Cal.2d 792, 796 (1957) ......................................... 20

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ..................................................... 26

Bily v. Arthur Young & Co., 3 Cal.4th 370, 399 (1992) ............................................... 17

Borenstein v. Comm'r of Internal Revenue, 2023 WL 5550543 (9th Cir. 2023) ............. 23

Bridge Fund Capital Corp. v. Fastbucks Franchise Corp., 622 F.3d 996, 1002 (9th Cir. 2010) ......................................................................................... 18

Burgess v. Superior Court, 2 Cal.4th 1064, 1072–73 (1992) ........................................... 24

Calder v. Jones, 465 U.S. 783 (1984) ........................................................... 12

Casey v. Moore, 386 F.3d 896, 913 (9th Cir. 2004) ..................................................... 11

Casey v. U.S. Bank Nat'l Ass'n, 127 Cal.App.4th 1138, 1144 (2005) ............................... 23

Castaneda v. Olsher, 41 Cal.4th 1205, 1215 (2007) ..................................................... 14

Channell v. Superior Court, 226 Cal.App.2d 246 (1964) ................................................. 12

Christian Legal Soc. Chapter of the Univ. of California v. Wu, 626 F.3d 483, 487 (9th Cir. 2010) ........................................................................................... 10

Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) ..................................................... 11

Davis v. CMS Nat'l Bank, 1998 WL 273273 (N.D. Cal. 1998) ....................................... 19

Delgado v. Trax Bar & Grill, 36 Cal.4th 224 (2005) ......................................... 13, 14, 15

Doe v. Starbucks Corp., 2019 WL 5788658 (C.D. Cal. July 22, 2019) ........................... 10

Downing v. Abercrombie & Fitch, 265 F.3d 994, 1005 (9th Cir. 2001) ........................... 18

Eclectic Properties East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 995–96 (9th Cir. 2014) ........................................................................................... 26

FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ..................... 27

Gates v. Learjet Corp., 743 F.2d 1325, 1330–31 (9th Cir. 1984) ..................................... 19

Hanouchian v. Steele, 51 Cal. App. 5th 99, 107 (2020) ..................................................... 14

Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1135 (9th Cir.
    2003) ....................................................................................................................... 22

Howard v. Superior Court, 2 Cal.App.4th 745, 749 (1992) .............................................. 25

Hughes v. Pair, 46 Cal.4th 1035, 1050–51 (2009) ........................................................... 24

In re First Alliance Mortgage Co., 471 F.3d 977, 993 (9th Cir. 2006) ............................. 25

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) ................................................... 11

Isaacs v. Huntington Memorial Hospital, 38 Cal.3d 112, 131–32 (1985) ................. 14, 16

Kearney v. Salomon Smith Barney, Inc., 39 Cal.4th 95, 107–08 (2006)........................... 16

Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) ....................... 28

Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941) ......................................... 18

Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) ............................... 22

Lexington Ins. Co. v. Silva Trucking, Inc., No. 14-cv-15, 2014 U.S. Dist. LEXIS 63317,
    2014 WL 1839076, at *3 (E.D. Cal. May 7, 2014) ....................................................... 11

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ....................................................... 29

Lugtu v. California Highway Patrol, 26 Cal.4th 703, 716 (2001)............................... 14, 16

Makaeff v. Trump University, LLC, 736 F.3d 1180, 1186 (9th Cir. 2013) ....................... 12

Mazzotta v. Los Angeles Raymond Chandler Memorial Library, 2006 WL 1030163 (Cal.
    Ct. App. 2006) ............................................................................................................. 17

McCann v. Foster Wheeler LLC, 48 Cal.4th 68, 97 (2010)................................. 17, 24, 25

Morris v. De La Torre, 36 Cal.4th 260, 271 (2005) ......................................................... 13

Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497 (9th Cir. 2015) ................................. 27

Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V., 114 Cal.App.4th 37, 65 (2003) ..... 17, 24

Peterson v. San Francisco Community College Dist. (1984) 36 Cal.3d 799, 807 ........... 14

Preston v. Goldman, 42 Cal.3d 108, 119 (1986) ....................................................... 13, 20

Rowland v. Christian, 69 Cal.2d 108, 119 (1968).............................................. 13, 14, 20

Schoenberg v. Exportadora de Sal, 930 F. Supp. 2d 1169 (C.D. Cal. 2013) ................... 19

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004)....................... 11

Smith v. Freund, 192 Cal.App.2d 321, 327 (1961) ............................................. 20

Sonora Diamond Corp. v. Superior Court, 83 Cal.App.4th 523, 538 (2000).................... 20

Sprecher v. Adamson Companies, 30 Cal.3d 358 (1981) .................................. 13

Sullivan v. Oracle Corp., 662 F.3d 1265, 1270 (9th Cir. 2011) .................................. 24, 26

Tekle v. United States, 511 F.3d 839, 856 (9th Cir. 2007) .................................. 26

Tobias v. Amazon.com, Inc., 2020 WL 4742363 (C.D. Cal. Aug. 14, 2020).................. 10

United States v. Delgado-Garcia, 374 F.3d 1337, 1345 (D.C. Cir. 2004) ...................... 26

United States v. Dibble, 429 F.2d 598, 602 (9th Cir. 1970)................................. 28

United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)................................. 9

University of Southern California v. Superior Court (2018) 30 Cal.App.5th 429, 444 .... 14

Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007) ............. 17

Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) ..................... 27

Ward v. United Airlines, Inc., 986 F.3d 1234, 1243–45 (9th Cir. 2021) ........................ 18

Williams v. Rodriguez, No. 14-cv-2073, 2017 U.S. Dist. LEXIS 17990, 2017 WL

   511858, at *9 (E.D. Cal. Feb. 8, 2017)................................................. 11

Zoran Corp. v. Chen, 185 Cal.App.4th 799, 811–812 (2010)............................. 20

**Statutes**

Federal Rule of Civil Procedure 12(b)(6)....................................................... 10, 24, 25, 28

Federal Rule of Civil Procedure 12(d) ........................................................... 27

Federal Rule of Civil Procedure 12(f) ........................................................... 29

Federal Rule of Civil Procedure 15(a)(2) ....................................................... 29

Federal Rule of Evidence 403 ..................................................................... 29

Federal Rule of Evidence 901(a) ................................................................. 28

Federal Rules of Evidence 602 ................................................................... 27

Federal Rules of Evidence 802 ................................................................... 27

Plaintiff Grace O'Marcaigh respectfully submits this Opposition to the Motion to Dismiss filed by Defendants Sean Combs and Christian Combs.

## I.    INTRODUCTION

Defendants Sean Combs' and Christian Combs' motion must be denied because he is domiciled in California, conducts significant business in this forum, and is therefore subject to general and specific jurisdiction. In the alternative, Plaintiff respectfully requests limited jurisdictional discovery.

## A.    DEFENDANTS' MOTION SHOULD BE DENIED FOR RELYING ON INAPPOSITE CASE LAW WITHOUT MEANINGFUL ANALYSIS

Defendants' motion to dismiss is not a serious engagement with the facts or law of this case. Instead, it is a scattershot string-cite of case law with little to no accompanying analysis, failing the most basic requirements of persuasive legal writing and argument. On this basis alone, the motion should be denied.

### i.    Case Citations Without Context or Application Are Legally Deficient

Federal courts have consistently emphasized that "[i]t is not the court's responsibility to develop arguments for counsel." (*United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).) A party seeking dismissal bears the burden of explaining why the law compels it—not merely citing decisions, but applying them with analysis to the facts of the case.

Here, Defendants cite nearly two dozen cases, but in most instances: (1) Provide no factual analysis of how the case is similar or controlling; (2) Fail to engage with the allegations in Plaintiff's complaint; and (3) Ignore controlling California and Ninth Circuit authority distinguishing their own citations.

The motion reads as if constructed from an automated research list—not one rooted in the particulars of this lawsuit. For example, Defendants cite *Iqbal* and *Twombly* as if the words alone justify dismissal, but provide no explanation of how Plaintiff's well-pled facts fall short. They reference *Daimler*, *Walden*, and *Bristol-Myers*, but ignore the overwhelming allegations of Combs' California domicile, control, and coordination of the misconduct—precisely the factors courts distinguish in those very cases.

This tactic amounts to legal wallpapering—an attempt to overwhelm the Court with citations in lieu of cogent argument. Such motions waste judicial resources and fail to meet

Rule 12(b)(6)'s standard for plausibility and legal sufficiency.

### ii.    Courts Reject Motions that Present "Cursory" or "Superficial" Analysis

Courts in this Circuit regularly deny motions that are perfunctory, conclusory, or strategically evasive of the factual record. As the Central District held in *Doe v. Starbucks Corp.*, 2019 WL 5788658 (C.D. Cal. July 22, 2019):

> "Defendants' briefing contains pages of boilerplate citations but provides only a cursory application to the facts alleged. Such briefing does not meet the burden required on a motion to dismiss."

Similarly, in *Tobias v. Amazon.com, Inc.*, 2020 WL 4742363 (C.D. Cal. Aug. 14, 2020), the court criticized a defense motion that cited cases "with minimal context" and held that the failure to provide analysis rendered the motion procedurally deficient.

Defendants' motion here commits the same errors—presenting pages of authorities but almost no argument tying those cases to Plaintiff's specific, detailed allegations. The result is a motion that reads more like a research memo than a pleading-stage challenge.

### iii.    Strategic Ambiguity Reflects Lack of Meritorious Defense

Defendants' reliance on citation without reasoning also betrays a deeper flaw: they cannot meaningfully dispute the facts as pled. Rather than squarely address the allegations that Sean Combs chartered the yacht, controlled the guests and staff, enabled intoxicated conduct, and maintains a residence and business base in California, Defendants retreat into generic citations and irrelevant case law.

This is not zealous advocacy—it is evasion. And it reflects a concession: when faced with the specific allegations in the complaint, Defendants' best strategy is to deflect rather than confront them.

### iv.    The Court Should Decline to Entertain Motions Based on Superficial Argument

The Court has broad discretion to deny motions that are procedurally or substantively inadequate. (*See Christian Legal Soc. Chapter v. Wu*, 626 F.3d 483, 487–88 (9th Cir. 2010).). Judges, as the Ninth Circuit has emphasized, "are not like pigs, hunting for truffles buried in briefs." *Christian Legal Soc. Chapter of the Univ. of California v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010). Courts routinely disregard arguments that are asserted only in passing or are supported by bare, conclusory statements. See *Williams v. Rodriguez*, No. 14-cv-2073, 2017 U.S. Dist. LEXIS 17990, 2017 WL 511858, at *9 (E.D. Cal. Feb. 8,

2017) (citing *Christian Legal Soc.*, 626 F.3d at 487); *Lexington Ins. Co. v. Silva Trucking, Inc.*, No. 14-cv-15, 2014 U.S. Dist. LEXIS 63317, 2014 WL 1839076, at *3 (E.D. Cal. May 7, 2014) (collecting cases). General appeals to abstract legal principles do not suffice to state cognizable claims. See *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004). This includes motions that, like this one, rely on undeveloped argument and "fail to provide the Court with a reasoned basis to grant relief."

Given the above, the motion to dismiss should be denied in its entirety—not only because it lacks merit, but because it fails to engage the case with the seriousness that federal procedure requires.

## II.    FACTUAL BACKGROUND

Plaintiff has pled that Sean Combs resides at 200 South Mapleton Drive, Holmby Hills, California 90024—a high-profile residence long associated with Combs, and one that was publicly searched by federal agents in March 2024. Multiple reputable sources confirm that Combs has lived in California, operated businesses here, and maintained California as his primary base for years.

This Court also has jurisdiction because co-defendant Christian Combs is domiciled in California, and when one co-defendant is properly before the Court, jurisdiction over related parties is appropriate, particularly where the claims are interrelated.

## III.    LEGAL STANDARD

Personal jurisdiction is proper where the defendant has minimum contacts such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court may exercise: (1) General jurisdiction, where the defendant is domiciled or "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) and (2) Specific jurisdiction, where the defendant purposefully directed activity at the forum and the claims arise from those activities. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).

## IV.    ARGUMENT

### A.    SEAN COMBS IS DOMICILED IN CALIFORNIA

Sean Combs has long maintained his primary residence in Holmby Hills, Los Angeles. He purchased the home in 2014 and resided there for nearly a decade, including during the period of the alleged conduct. Even if he later obtained a Florida driver's license

10

or filed taxes in Florida, his intent to remain and ties to California establish continued domicile here. See *Channell v. Superior Court*, 226 Cal.App.2d 246 (1964) (venue and jurisdiction proper if any co-defendant resides in the forum state).

**B.   HE CONDUCTS BUSINESS IN CALIFORNIA**

Combs operates multiple entertainment, clothing, and liquor businesses headquartered or significantly based in California. His recording activities, parties, and the events alleged in the Complaint all connect him to the state. He purposefully availed himself of the benefits of doing business in California.

In *Calder v. Jones*, 465 U.S. 783 (1984), the Supreme Court held that personal jurisdiction was proper in California over Florida-based journalists who published defamatory content about a California actress. The Court emphasized that because the article was "expressly aimed" at California, where the plaintiff lived and worked, and because the harm was suffered in California, jurisdiction was proper. This foundational principle—that purposeful direction at the forum and foreseeable harm in the forum justifies jurisdiction—applies regardless of where the specific act occurred.

Similarly, in *Makaeff v. Trump University, LLC*, 736 F.3d 1180, 1186 (9th Cir. 2013), the Ninth Circuit upheld jurisdiction over Donald Trump based on his connection to a company operating in California and targeting California residents. Even if some of the alleged conduct occurred elsewhere, the company's deep operational ties to California and the defendant's control over it supported the exercise of jurisdiction.

Here, Sean Combs resides in California, operates multiple entities and projects from California, and was allegedly exercising control over the conduct and environment aboard the yacht. Whether through personal acts or acts conducted through a California-based enterprise or alter ego, these facts establish the minimum contacts necessary under *Calder* and *Makaeff*. California courts have a compelling interest in addressing harm that flows from such California-based conduct.

**C.   SEAN COMBS IS LIABLE UNDER PREMISES LIABILITY PRINCIPLES**

Defendants erroneously argue that Plaintiff fails to state a claim for premises liability because Sean Combs neither owned nor controlled the yacht where the assault occurred. This argument is both factually inaccurate and legally unsupported.

### i. Control, Not Legal Title, Determines Liability

Under California law, the key inquiry for premises liability is not ownership, but control over the premises. A defendant who "owned, leased, occupied, or controlled" the property owes a duty of care to prevent foreseeable harm. (See *Rowland v. Christian*, 69 Cal.2d 108 (1968); *Preston v. Goldman*, 42 Cal.3d 108 (1986).)

Even an individual who is not the titled owner may be liable if they had the right to control or did control the environment in which the injury occurred. (*Sprecher v. Adamson Companies*, 30 Cal.3d 358 (1981).) Courts have repeatedly recognized that possessory or supervisory control—particularly over who is present, what activities occur, and how the environment is maintained—is sufficient for liability.

Here, Plaintiff has alleged that (1) Sean Combs personally chartered and occupied the yacht during the holiday period; (2) He exercised control over who boarded, how alcohol was served, and whether guests and crew were protected; (3) He orchestrated parties involving narcotics, sex workers, and dangerous conduct; and (4) He instructed crew and staff, including Plaintiff, and his subordinates managed security and logistics.

Plaintiff does not merely assert passive occupancy but alleges Combs affirmatively maintained control over the environment that fostered Plaintiff's assault. These are classic hallmarks of "control" under California law. (*See Alcaraz v. Vece*, 14 Cal.4th 1149 (1997) [control over area supports liability despite lack of ownership].)

### ii. Plaintiff Has Adequately Alleged Foreseeability to Support Premises Liability and Negligent Supervision Claims Against Sean Combs

The complaint also alleges that Sean Combs had prior knowledge of excessive partying, drug use, and misconduct aboard the yacht. He had reason to know of his son's propensity for intoxicated, inappropriate conduct. Yet he failed to act—indeed, he actively enabled it.

When a party creates a hazardous condition or tolerates one over which they have control, they owe a duty to protect against foreseeable harm. (*Delgado v. Trax Bar & Grill*, 36 Cal.4th 224, 240 (2005); *Morris v. De La Torre*, 36 Cal.4th 260, 271 (2005).)

Defendants' argument that the alleged assault was not foreseeable to Sean Combs fundamentally mischaracterizes California law and improperly seeks resolution of a factual

issue at the pleading stage. They rely on *Ann M. v. Pacific Plaza Shopping Center*, 6 Cal.4th 666 (1993), and *Delgado v. Trax Bar & Grill*, 36 Cal.4th 224 (2005), to suggest that foreseeability requires prior identical incidents of sexual assault. But *Delgado* itself expressly rejected such a rigid formulation. The California Supreme Court explained that foreseeability must be assessed under the "totality of the circumstances," not just whether there were prior, identical incidents. See *Delgado*, 36 Cal.4th at 245. Likewise, in *Castaneda v. Olsher*, 41 Cal.4th 1205, 1215 (2007), the Court reiterated that while prior incidents may be relevant, they are not dispositive. A landowner or host may be liable if they knew or should have known of the danger posed by individuals under their control or within their environment.

California courts have repeatedly recognized that "[t]he relationship between a possessor of land and an invitee is a special relationship giving rise to a duty of care." *University of Southern California v. Superior Court* (2018) 30 Cal.App.5th 429, 444; see also *Peterson v. San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 807; *Rowland v. Christian* (1968) 69 Cal.2d 108, 113–119. That duty includes the obligation to take reasonable steps to protect persons on the premises from physical harm caused by the foreseeable conduct of third parties—including criminal acts. See *University of Southern California*, 30 Cal.App.5th at 444; *Castaneda*, 41 Cal.4th at 1213; *Delgado*, 36 Cal.4th at 235; *Ann M.*, 6 Cal.4th at 674.

While the existence and scope of a property owner's duty to protect against third-party crime is generally a question of law, the determination of whether criminal conduct was sufficiently foreseeable under the totality of the circumstances is fact-intensive and not amenable to resolution at the pleading stage. See *Castaneda*, 41 Cal.4th at 1213; *Delgado*, 36 Cal.4th at 237–38; *Ann M.*, 6 Cal.4th at 674, 678–79; *Hanouchian v. Steele*, 51 Cal. App. 5th 99, 107 (2020). Accordingly, Defendants' foreseeability argument fails both legally and procedurally.

Even more fundamentally, California courts consistently hold that foreseeability is a question of fact for the jury, not the court. See *Isaacs v. Huntington Memorial Hospital*, 38 Cal.3d 112, 131–32 (1985) ("Foreseeability is ordinarily a question of fact to be decided by the jury."); *Lugtu v. California Highway Patrol*, 26 Cal.4th 703, 716 (2001) (same).

Defendants' attempt to elevate a factual defense into a pleading defect is legally improper. At the motion to dismiss stage, Plaintiff's allegations must be accepted as true and all reasonable inferences drawn in her favor.

Here, Plaintiff has alleged that Christian Combs had a pattern of engaging in unlawful conduct, including sexual misconduct, and that Sean Combs—his father and the host of the event—was aware or should have been aware of this conduct. Plaintiff further alleges that Sean Combs controlled the environment aboard the yacht, supplied alcohol, employed or directed staff, and failed to implement any reasonable safety protocols to prevent foreseeable harm. These are not "conclusory" allegations but rather factual contentions that, if proven, would support liability for both premises liability and negligent supervision.

At a minimum, Plaintiff is entitled to proceed to discovery to establish the extent of Sean Combs's knowledge and control. Whether Sean Combs had "actual knowledge" of Christian's specific conduct is a matter for the trier of fact—not a threshold barrier to jurisdiction or pleading. Defendants' argument to the contrary misstates the law and prematurely asks the Court to weigh facts and draw inferences against the Plaintiff, contrary to well-settled federal pleading standards.

Accordingly, Plaintiff has sufficiently pled that Sean Combs controlled the premises, created the hazard, and failed to prevent foreseeable assault, thereby giving rise to premises liability under California law.

### iii.    Foreseeability Under California Law Is a Jury Question and Does Not Require Prior Identical Incidents

Defendants mischaracterize California law by insisting that Plaintiff must allege prior identical acts of sexual misconduct to establish foreseeability. This narrow and rigid interpretation has been expressly rejected by the California Supreme Court. In *Delgado v. Trax Bar & Grill*, 36 Cal.4th 224, 245 (2005), the Court made clear that foreseeability is to be assessed under the "totality of the circumstances" and not limited to whether there were previous, identical incidents. The Court explained that while prior incidents may bear on foreseeability, they are not required to establish a duty of care.

Moreover, foreseeability is a quintessential issue of fact. In *Isaacs v. Huntington*

*Memorial Hospital*, 38 Cal.3d 112, 131 (1985), the California Supreme Court emphasized that "[f]oreseeability is ordinarily a question of fact for the jury." Similarly, in *Lugtu v. California Highway Patrol*, 26 Cal.4th 703, 716 (2001), the Court reaffirmed that "questions of foreseeability are generally not amenable to resolution on demurrer or a motion to dismiss."

Here, Plaintiff alleges that Christian Combs had a known history of violent and unlawful conduct, including acts of sexual misconduct, and that Sean Combs knew or should have known of this history based on his close familial and supervisory relationship. The Complaint further alleges that Sean Combs exercised control over the environment aboard the yacht, provided alcohol, and failed to implement any protocols to protect guests from foreseeable harm. These factual allegations are more than sufficient to support a plausible claim for premises liability and negligent supervision at the pleading stage. Whether the precise form of Christian Combs's conduct was foreseeable is a question of fact that cannot be resolved at this juncture.

**D.    CALIFORNIA LAW STILL GOVERNS EVEN IF PLAINTIFF IS NOT A CALIFORNIA RESIDENT**

Defendants assert that because the incident occurred outside of California, and Plaintiff may not be a California resident, California law is inapplicable. This is incorrect. Both California and federal choice-of-law principles — including clear authority from the Ninth Circuit — hold that California law applies when the wrongful conduct was planned, enabled, or directed from California, or when the defendant is domiciled or principally operating in the state. Although Plaintiff is not domiciled in California, California law still governs based on the defendants' California contacts, domicile, and conduct, which remain the most significant factors under the "governmental interest" test for choice-of-law.

**i.    California Law Applies Where Defendant Is a California Resident and Conduct Is Enabled from California**

Under California's three-part governmental interest test (*Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 107–08 (2006)), a foreign plaintiff may still invoke California law when the wrongful conduct was directed, authorized, or controlled from California. In *Arno v. Club Med Inc.*, 22 F.3d 1464, 1468 (9th Cir. 1994), A non-California plaintiff injured in Guadeloupe was permitted to sue under California law because Club Med

15

conducted operations and made decisions from California. The court emphasized that California had a legitimate interest in regulating the conduct of a California-based business, regardless of the plaintiff's domicile.

In, *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848 (9th Cir. 1997), California law applied in an international contract dispute involving a foreign party because the business practices at issue were rooted in California. In, *McCann v. Foster Wheeler LLC*, 48 Cal.4th 68, 97 (2010), the Court held that even when conduct occurred in Oklahoma, and plaintiff was domiciled there, California had a legitimate interest in applying its law to regulate the conduct of California-based manufacturers, even though the injury occurred elsewhere.

In *Bily v. Arthur Young & Co.,* 3 Cal.4th 370, 399 (1992), California courts apply California tort principles if the defendant's conduct emanates from California and there is a strong policy interest in ensuring that California residents or entities do not export misconduct elsewhere.

### ii.    California Public Policy Favors Regulation of In-State Actors

California has an overriding public policy interest in ensuring that its domiciliaries do not escape liability by perpetrating harm out-of-state. Even if the plaintiff is foreign, California courts retain jurisdiction and will apply California law if: (1) The defendant is a California resident or domiciliary;(2) The wrongful conduct was authorized, planned, or supervised from California; and (3) The conduct has broader implications for California residents or businesses. In, Mazzotta v. Los Angeles Raymond Chandler Memorial Library, 2006 WL 1030163 (Cal. Ct. App. 2006) (unpublished), the Court upheld application of California law to an out-of-state injury involving California-based defendant due to control and foreseeability from within California. Moreover, in Van Slyke v. Capital One Bank, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007) the Court emphasized that California law can apply to protect public interests even where injury occurred out of state.

### iii.    The Focus Remains on the Defendant's Conduct and California's Interests

The Plaintiff's domicile is just one factor. What controls is whether the defendant's actions substantially implicate California policy interests. Sean Combs is alleged to: (1)

Reside in California (Holmby Hills); (2) Operate entertainment businesses from California; (3) Employ California staff who coordinated the yacht trip; and (4) Enable misconduct from California to affect others—regardless of their residence.

In these circumstances, California has a compelling interest in regulating the behavior of its residents—especially celebrities, executives, and public figures who use California as a base for international activity. Denying application of California law would incentivize misconduct beyond the reach of accountability, precisely the outcome California courts have rejected.

### iv.    Federal Choice-of-Law Principles in Diversity Cases Apply California's Governmental Interest Test

In diversity jurisdiction cases, federal courts apply the choice-of-law rules of the forum state. (*Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941); *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir. 2010).)

Thus, the Ninth Circuit has repeatedly applied California's "governmental interest" test to determine which state's law governs tort claims, even where the conduct occurs extraterritorially.

### v.    Ninth Circuit Case Law Supports Applying California Law Where Defendant Is Based in California

In *Arno v. Club Med Inc*., 22 F.3d 1464, 1468 (9th Cir. 1994), the Ninth Circuit held that California law applied to a tort occurring in Guadeloupe involving a nonresident plaintiff, because Club Med's U.S. operations were based in California.

> *"California has a strong interest in regulating the behavior of businesses operating within its borders, even when that behavior causes injury outside the state."*

This is directly applicable. Plaintiff alleges Sean Combs is a California resident, operates his business empire and staff (including security, logistics, and PR) from California, and enabled the misconduct from California. That suffices to apply California law under *Arno*.

In *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001), the Ninth Circuit applied California right-of-publicity law to nonresident plaintiffs because the tortious conduct was enabled and executed by the defendant's California-based operations. In *Ward v. United Airlines, Inc*., 986 F.3d 1234, 1243–45 (9th Cir. 2021), While ultimately remanding on the merits, the Ninth Circuit reaffirmed that California law can apply even to nonresidents, depending on the location of the defendant's control, planning, and policy

17

enforcement. In *Gates v. Learjet Corp.*, 743 F.2d 1325, 1330–31 (9th Cir. 1984), a nonresident plaintiff's tort claim for out-of-state injury was governed by California law due to the defendant's California-based decision-making and design policies.

### vi.    District Courts in the Ninth Circuit Follow the Same Rule

In *Davis v. CMS Nat'l Bank*, 1998 WL 273273 (N.D. Cal. 1998), California law was applied to tortious conduct in Belize because the business relationship, communications, and coordination occurred in California. In *Schoenberg v. Exportadora de Sal*, 930 F. Supp. 2d 1169 (C.D. Cal. 2013), the Court applied California law to wrongful death claims involving Mexican nationals and injuries in Mexico, because the defendant's parent company operated and maintained policy control from California.

### vii.    Application Here: Conduct Originated from and Was Enabled in California

Even if Plaintiff is not a California resident, this case presents the textbook example of when California law applies: (1) Sean Combs is a California resident and domiciliary (Holmby Hills); (2) He operates his entertainment and business empire from California; (3) Security, logistics, and planning for the yacht event involved California-based staff; (4) Combs' personal, supervisory, and financial decisions were made in California; and (5) The misconduct was foreseeable based on prior California-based conduct and ongoing drug/alcohol culture enabled by Combs and his team.

The fact that the physical assault occurred outside California does not defeat application of California law. As *Arno* and *Downing* teach, the site of injury is not dispositive when California's interest in regulating in-state actors is paramount.

## E.    SEAN COMBS CANNOT EVADE PREMISES LIABILITY BY HIDING BEHIND A FOREIGN SHELL COMPANY

Defendants suggest that because the yacht was allegedly chartered under the name of JCMUS, Inc., a company incorporated in the Isle of Man and associated with Sean Combs' mother, he cannot be held liable under premises liability. This argument lacks merit for several reasons: (1) California law focuses on control, not legal title, (2) alter ego and agency theories permit piercing such formalities, and (3) Plaintiff is entitled to discovery into Combs' actual control over JCMUS, Inc. and the chartered vessel.

/ / /

### i.    Control, Not Legal Ownership, Determines Premises Liability

California courts have long held that ownership is not required to establish liability for premises-based torts. The relevant standard is whether the defendant "owned, leased, occupied, or controlled" the premises. (*Rowland v. Christian*, 69 Cal.2d 108, 119 (1968); *Alcaraz v. Vece*, 14 Cal.4th 1149, 1156–57 (1997).) "Control is the basis upon which liability for dangerous conditions is determined." *Preston v. Goldman*, 42 Cal.3d 108, 119 (1986).

Here, Plaintiff has alleged that: (1) Sean Combs was physically present aboard the yacht; (2) He exercised operational control over security, staffing, alcohol, and guest lists; (3) His mother, Janice Combs—whose company JCMUS, Inc. purportedly chartered the yacht—was not present and played no role in managing the event; and (4) Combs directed crew and guests, and he and his employees curated the environment that foreseeably resulted in sexual assault.

Thus, regardless of whether JCMUS, Inc. chartered the vessel, Combs was in functional control. That alone gives rise to premises liability under California law. (*See Smith v. Freund*, 192 Cal.App.2d 321, 327 (1961) [one need not be legal owner to owe duty of care if in possession or control].)

### ii.    Use of Offshore Entity Suggests Potential Alter Ego and Agency

Courts may pierce the corporate veil or infer agency where a party uses a corporate entity—particularly a foreign one—to shield themselves from liability while retaining actual control. *See Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 538 (2000).

Relevant factors under California's alter ego test include: (1) Common ownership; (2) Commingling of funds; (3) Use of a shell entity to conceal ownership or avoid liability; and (4) Control by an individual over day-to-day operations. *See Zoran Corp. v. Chen, 185 Cal.App.4th 799, 811–812 (2010); Automotriz del Golfo v. Resnick*, 47 Cal.2d 792, 796 (1957).

Defendants' assertion that Janice Combs Publishing is owned by Janice Combs merely because the company bears her name is legally baseless and factually unsupported. Corporate ownership is not established by the name of the entity, and accepting such a

premise would lead to absurd results—e.g., Wally Amos would be deemed the owner of Famous Amos cookies, or Ronald McDonald the true owner of McDonald's Corporation. Courts require evidence of control, ownership interests, or corporate filings to support such claims—not superficial name similarities. In reality, Janice Combs does not own Janice Combs Publishing. The true owner is Sean Combs, who, upon information and belief, also owns and controls Justin Combs Publishing and various other shell entities that he has used over the years to obscure ownership, shield assets, and facilitate the misappropriation of funds and royalties belonging to others.

Furthermore, according to the New York State Division of Corporations business entity lookup, Sean Combs is listed as the CEO of Janice Combs Publishing, Inc., d/b/a Janice Combs Management Holdings, Inc. "Janice Combs"—whose legal name is Janice Smalls—does not appear on any of the entity's corporate filings. Defendants are well aware of this fact and, tellingly, have failed to provide any documentation establishing her purported ownership.

In further support of Plaintiff's alter ego theory, public records show that even the Miami condominium where Janice Combs resides is not owned by her, but rather by an entity controlled by Sean Combs. Specifically, the property is held in the name of 450 ALTON LLC, a Florida limited liability company. According to the 2025 Florida Annual Report, Sean Combs is the sole "Manager" of the company, which uses his business address in West Hollywood, California. The company is named after the property's address—450 Alton Road—further underscoring that Janice Combs has no personal ownership interest. This pattern of using shell companies to retain control while distancing liability is precisely what the alter ego doctrine is intended to address.

Here, JCMUS, Inc. is a foreign company linked to Combs' mother, yet Combs personally directed the yacht's use. Sean Combs used his own staff and entourage. The charter served as a private, celebrity-affiliated promotional event consistent with Combs' business interests. Janice Combs was absent and played no apparent operational role. These allegations strongly support an inference that JCMUS, Inc. was acting as Combs' agent or alter ego.

Furthermore, Defendants argue that Sean Combs is not the signatory to the yacht

20

charter agreement, pointing instead to an individual named Tarik Brooks. This argument fails. According to both public records and Brooks' own LinkedIn profile, he is not a disinterested third party. Rather, Tarik A. Brooks is a longtime executive and close affiliate of Sean Combs, having served as the President of Combs Global, where he "oversaw all business operations and investments owned by Sean 'Diddy' Combs." Additionally, Brooks is listed as the "Controller" of 450 ALTON LLC, the very shell entity that owns the Miami condominium associated with Janice Combs, while Sean Combs is listed as its sole Manager. These connections confirm that Brooks acts at the direction of Combs and support Plaintiff's contention that the use of JCMUS, Inc. and other shell entities is a façade—structured to shield Combs from personal liability while maintaining operational control.

Plaintiff is therefore entitled to discovery into the true nature of Brooks' role, Combs' control over the entities, and the orchestration of the yacht charter at issue.

### iii.    Federal Courts Permit Discovery into Shell Entities and Control

Even at the motion to dismiss stage, federal courts routinely permit discovery where factual disputes exist regarding control, alter ego, or jurisdiction. "Where the facts are in dispute, the court must allow jurisdictional discovery." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) "Dismissal for lack of personal jurisdiction is inappropriate where the plaintiff has made a prima facie showing and seeks discovery." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Plaintiff is entitled to limited discovery into (1) The ownership structure and corporate governance of JCMUS, Inc.; (2) The relationship between Sean Combs and the company; (3) The identity of the person(s) who authorized and controlled the yacht charter; and (4) Internal communications reflecting who exercised actual control during the event.

This discovery is relevant not only to premises liability, but also to determine whether Combs used the foreign entity to obscure personal liability—a fact pattern courts routinely permit to proceed.

### iv.    Defendants' Argument Would Create a Dangerous Loophole

Accepting Defendants' argument would allow any individual to escape tort liability by simply chartering a vessel, home, or venue through a shell company or family member,

regardless of who exercised functional control. California courts have explicitly rejected such formalistic loopholes in tort law. *See Borenstein v. Comm'r of Internal Revenue*, 2023 WL 5550543 (9th Cir. 2023) [substance over form controls liability assessments].

## F.    PLAINTIFF HAS SUFFICIENTLY STATED CLAIMS FOR AIDING AND ABETTING, ASSAULT, BATTERY, AND EMOTIONAL DISTRESS

Defendants' argument that Plaintiff fails to state claims for aiding and abetting, assault, battery, and emotional distress is meritless and unsupported by the allegations in the Complaint. Plaintiff has specifically alleged that Christian Combs personally engaged in acts of sexual assault, battery, and intentional misconduct. These allegations, taken as true—as they must be at this stage—are more than sufficient to state claims under California law.

Further, Plaintiff has adequately alleged that Sean Combs aided and abetted this conduct. Under California law, aiding and abetting liability arises where the defendant (1) knew the primary actor's conduct was wrongful and (2) provided substantial assistance or encouragement. See *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal.App.4th 1138, 1144 (2005). Plaintiff alleges that Sean Combs was present aboard the vessel, maintained control of the environment, provided the alcohol, oversaw the security, and failed to intervene or protect guests from foreseeable harm. These allegations meet and exceed the standards under Rule 8 and *Iqbal*/*Twombly*.

As to emotional distress, Christian Combs' alleged conduct supports claims for both Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. Plaintiff has alleged extreme and outrageous conduct, intentional or reckless disregard for Plaintiff's emotional well-being, and resulting severe emotional distress. For NIED, California recognizes a duty not to expose others to foreseeable harm. The factual allegations provide sufficient notice and detail to support these tort claims. Defendants also challenge the sufficiency of Plaintiff's claims for intentional and negligent infliction of emotional distress. However, both claims are adequately supported by specific factual allegations and well-established California authority.

To plead intentional infliction of emotional distress ("IIED"), a plaintiff must allege:

(1) extreme and outrageous conduct by the defendant; (2) the defendant's intent to cause, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering of severe emotional distress; and (4) causation. See *Hughes v. Pair*, 46 Cal.4th 1035, 1050–51 (2009). The conduct alleged here—including unwanted sexual advances, threats, and physical assault while under the influence of alcohol provided by the defendants—easily rises to the level of outrageous conduct and demonstrates intent or reckless disregard.

Plaintiff's allegations also support a claim for negligent infliction of emotional distress ("NIED"), both as a direct victim and potentially under a bystander theory. California recognizes NIED claims where the plaintiff is directly harmed by the defendant's negligent conduct. See *Burgess v. Superior Court*, 2 Cal.4th 1064, 1072–73 (1992). Here, Plaintiff alleges she was subjected to sexual assault and a hostile, unsafe environment that Defendants negligently allowed. The resulting emotional trauma was not incidental or speculative; it was a direct consequence of Defendants' actions and omissions.

Accordingly, Plaintiff's IIED and NIED claims are not only well-pled under California law, but are also supported by factual contentions that—if proven—warrant recovery. Defendants' argument to the contrary improperly asks the Court to weigh evidence and resolve factual disputes at the pleading stage, which is contrary to the purpose of Rule 12(b)(6).

Defendants' reliance on a "presumption against extraterritorial application" of California law is woefully misplaced. That doctrine applies primarily to statutory interpretation—not to common law tort claims, which are governed by California's governmental interest choice-of-law framework. *See McCann v. Foster Wheeler LLC*, 48 Cal.4th 68 (2010); *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95 (2006). Courts have consistently held that when tortious conduct involves California-based actors, policies, or enterprises—even if the injury occurs outside of California—California law may still apply. *See Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 Cal.App.4th 37, 65 (2003). That presumption is a rule of statutory construction, not a bar to common law tort claims. See *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270 (9th Cir. 2011) ("The

presumption against extraterritoriality is a rule of statutory construction, not a choice-of-law rule, and it does not bar application of California common law to conduct occurring outside the state."). Where the alleged tortious conduct is tied to California-based actors or activities—as is the case here—California law applies under its well-established "governmental interest" choice-of-law test. See *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68 (2010). This test does not turn on geography alone, but rather on the comparative interests of the states involved. Here, California has a strong interest in deterring abusive conduct by its domiciliaries, and there is no countervailing interest that overrides this.

Defendants cite no controlling authority holding that California tort claims cannot apply to conduct involving California domiciliaries acting abroad. Their cited cases involve statutory schemes or distinguishable facts unrelated to intentional torts committed by California residents exercising control over events from California.

Accordingly, Plaintiff has met the pleading standard and has properly stated claims for aiding and abetting, assault, battery, IIED, and NIED. Defendants' motion must be denied.

### i.    Federal Law and Ninth Circuit Authority Further Support Denial of the Motion

Even under federal law, the claims asserted by Plaintiff are more than sufficiently pled and supported by precedent from the Ninth Circuit.

The Ninth Circuit recognizes civil aiding and abetting liability where a defendant knowingly provides substantial assistance to tortious conduct. See *In re First Alliance Mortgage Co.*, 471 F.3d 977, 993 (9th Cir. 2006) (applying California tort law and reaffirming that aiding and abetting liability requires actual knowledge of the specific wrongful conduct and substantial assistance); see also *Howard v. Superior Court*, 2 Cal.App.4th 745, 749 (1992) (cited favorably by the Ninth Circuit). Plaintiff's allegations that Sean Combs enabled, directed, and facilitated the harmful conduct aboard the vessel—by providing alcohol, employing staff, controlling the premises, and failing to intervene—are more than sufficient to meet the federal pleading standard for aiding and abetting liability and to survive a motion to dismiss under Rule 12(b)(6).

The Ninth Circuit has also made clear that the presumption against extraterritorial

application applies only to statutory interpretation, not common-law tort claims. In *Sullivan v. Oracle Corp.*, 662 F.3d 1265 (9th Cir. 2011), the court rejected the argument that California law could not apply to events outside the state, emphasizing that the analysis must focus on the governmental interest framework, not the extraterritorial presumption. See also *United States v. Delgado-Garcia*, 374 F.3d 1337, 1345 (D.C. Cir. 2004), *vacated on other grounds*, 545 U.S. 1139 (2005).

Moreover, federal courts applying California law have consistently recognized the viability of IIED and NIED claims where the conduct alleged is outrageous or the emotional harm is severe. In *Tekle v. United States*, 511 F.3d 839, 856 (9th Cir. 2007), the Ninth Circuit upheld an IIED claim arising from abusive conduct by government actors, reaffirming that such claims are properly resolved by the trier of fact and not disposed of at the pleading stage.

Finally, under the federal pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), Plaintiff's complaint is more than sufficient. Plaintiff details specific acts of sexual assault and battery, premises liability, and control by Sean Combs, as well as physical and emotional trauma inflicted by Christian Combs. These allegations are plausible on their face and must be accepted as true under federal law. See *Eclectic Properties East, LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 995–96 (9th Cir. 2014).

Accordingly, both California and federal law compel the denial of Defendants' motion.

### G.    THE COURT SHOULD DISREGARD SEAN COMBS' SELF-SERVING DECLARATION

Defendants submit a declaration from Sean Combs in support of their motion to dismiss—one that is bare, conclusory, self-serving, and legally insufficient to defeat Plaintiff's well-pleaded allegations or to support dismissal at this early stage. The Court should reject it in its entirety.

#### i.    Courts Disregard Self-Serving Declarations That Lack Foundation or Contradict Well-Pleaded Allegations

The Ninth Circuit has long held that "conclusory, self-serving affidavits, lacking

detailed facts and any supporting evidence, are insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Combs' declaration is precisely that: a self-interested narrative drafted to shield himself from jurisdiction and liability, lacking corroboration or admissible evidence. He offers no documents, contracts, receipts, crew logs, or third-party testimony to support his assertion that (1) He did not charter the yacht; (2) He had no involvement with JCMUS, Inc.; (3) He did not direct or control the vessel's operations; and (4) He was not responsible for the conduct on board.

None of these statements are backed by admissible evidence. Courts routinely reject such declarations at the pleading stage when "wholly uncorroborated and self-serving." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015).

### ii.    Declaration Contradicts the Complaint and Should Not Override Well-Pled Facts

Plaintiff's complaint contains detailed allegations—based on evidence, witness accounts, and investigation—showing that (1) Combs was on the yacht; (2) Combs directed his security and staff; (3) Combs coordinated the event and its guests; and (4) The yacht was chartered through entities he controlled or used for other business dealings.

At the motion to dismiss stage, all well-pled allegations must be taken as true. (*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).) The Combs declaration impermissibly asks the Court to weigh evidence, a role reserved for summary judgment or trial.

### iii.    Declaration Contains Statements Lacking Foundation and Personal Knowledge

Several statements are inadmissible under Federal Rules of Evidence 602 and 802. (1) Combs offers legal conclusions (e.g., "I am not subject to jurisdiction in California"); (2) He asserts hearsay about how the charter was arranged; and (3) He makes speculative claims about Plaintiff's motives or actions. The Court should disregard the declaration under Federal Rule of Civil Procedure 12(d) and decline to convert the motion into one for summary judgment. Alternatively, if the Court considers it, Plaintiff must be permitted jurisdictional discovery and an evidentiary hearing to test its truth.

/ / /

### H.    THE COURT SHOULD STRIKE OR DISREGARD THE CONTRACT ATTACHED TO THE DECLARATION AS INADMISSIBLE AND IMPROPER

In addition to relying on a self-serving declaration, Defendants attempt to introduce an alleged yacht charter agreement—attached as an exhibit to the Declaration of Sean Combs. The Court should not consider this document for the following reasons described below.

#### i.    The Contract Lacks Proper Foundation and Authentication

There is no evidence that Mr. Combs has personal knowledge of the creation, execution, or content of the contract. He does not state that he signed the agreement, that he was present when it was negotiated, or that he has custody of the original. As such, the exhibit lacks foundation and authentication under Federal Rule of Evidence 901(a). "A witness must have personal knowledge in order to authenticate a document." *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970). Courts routinely reject exhibits where the declarant lacks first-hand knowledge of their creation or content.

#### ii.    The Contract Contains Hearsay and Is Offered for Its Truth

The agreement is an out-of-court statement offered to prove that Sean Combs was not a party to the charter, and thus not liable. That is a hearsay use of the document, not subject to any clearly articulated exception under FRE 801–803. Defendants offer no custodian declaration, no business records exception analysis, and no witness with first-hand knowledge of the charter.

#### iii.    The Contract Is Outside the Pleadings and Inappropriate for Consideration on Rule 12(b)(6)

Defendants improperly introduce the contract at the Rule 12(b)(6) stage, attempting to dispute facts outside the four corners of the Complaint. This is impermissible unless the document is (1) central to the complaint and (2) its authenticity is undisputed. Neither is true here. "If the authenticity is contested or the relevance unclear, the court must not consider it at the Rule 12(b)(6) stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Here, Plaintiff not only disputes the authenticity, but also the truth, purpose, and effect of the contract.

#### iv.    The Court Should Strike the Exhibit or Decline to Consider It

Because the contract is unauthenticated, hearsay, and improperly offered outside the

pleadings, the Court should disregard it entirely, or strike it under Federal Rule of Civil Procedure 12(f) and Federal Rule of Evidence 403 (prejudicial, confusing, misleading.

## I.    REQUEST FOR LEAVE TO AMEND

To the extent the Court finds any portion of the Complaint lacking in specificity or detail, Plaintiff respectfully requests leave to amend under Federal Rule of Civil Procedure 15(a)(2), which provides that leave to amend shall be freely given "when justice so requires." Courts in the Ninth Circuit strongly favor amendments at the pleading stage, especially where no discovery has yet occurred and no undue delay or prejudice would result. See *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Nonetheless, Plaintiff maintains that the Complaint, as currently pled, meets all applicable pleading standards and states actionable claims under California and federal law.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion to Dismiss in its entirety based on Sean Combs' control over the premises regardless of the formal charter party. Alternatively, Plaintiff be permitted to conduct limited discovery on the corporate structure and charter of JCMUS, Inc., the nature of Combs' control, and the agency relationship between the parties and Plaintiff requests the Court grant leave to conduct limited jurisdictional discovery regarding Defendant Sean Combs' residence and business contacts in California.

Dated: August 8, 2025          **IVIE McNEILL WYATT PURCELL & DIGGS**

**By:**  */s/ Rodney S. Diggs*
          **RODNEY S. DIGGS, ESQ.**
          Attorney for Plaintiff,
          **GRACE O'MARCAIGH**