Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
Jack K. Ramler (Bar No. 362590)
ramler@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants*
*Christian Combs and Sean Combs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GRACE O'MARCAIGH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN COMBS, an individual, SEAN COMBS, an individual, and JOHN and JANE DOES 1–10 and ABC CORPORATIONS 1–10,<br><br>Defendants. | Case No.: 25-cv-03650-DMG (MAAx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing Date: August 29, 2025<br>Time: 9:30 a.m.<br>Judge: Dolly M. Gee<br>Courtroom: 8C |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .......................................................................................................2

   A. This Court lacks personal jurisdiction over Combs.......................................2

      1. General jurisdiction is not pleaded against Sean Combs..................................2

      2. Specific jurisdiction is belied by the Complaint's allegations. ........................4

   B. The Complaint fails to state any claim against Sean Combs............................5

      1. Premises liability is not stated against Sean Combs. .......................................5

      2. Aiding and abetting is not stated against Sean Combs. ...................................9

   C. California law cannot be applied extraterritorially against Defendants. ........10

   D. Amending the Complaint cannot correct its incurable deficiencies. ..............13

III. CONCLUSION .................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

*7735 Hollywood Blvd. Venture v. Superior Ct.*,
   116 Cal. App. 3d 901 (Cal. Ct. App. 1981) ................................................................9

*Aldini AG v. Silvaco, Inc.*,
   2022 WL 20016826 (N.D. Cal. Aug. 3, 2022)...........................................................11

*Ann M. v. Pac. Plaza Shopping Ctr.*,
   6 Cal.4th 666 (Cal. 1993) .......................................................................................6, 8

*Arno v. Club Med Inc.*,
   22 F.3d 1464 (9th Cir. 1994)....................................................................................12

*Baiul-Farina v. Lemire*,
   804 Fed. App'x 533 (9th Cir. 2020)...........................................................................3

*Bily v. Arthur Young & Co.*,
   3 Cal. 4th 370 (1992) ...............................................................................................12

*Delgado v. Trax Bar & Grill*,
   36 Cal.4th 224 (Cal. 2005) ....................................................................................6, 8

*Ford Motor Co v. Montana Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021) ..................................................................................................4

*Fuld v. Palestine Liberation Org.*,
   606 U.S. 1 (2025) ..................................................................................................2, 4

*Gerritsen v. Warner Bros. Ent. Inc.*,
   116 F. Supp. 3d 1104 (C.D. Cal. 2015)..................................................................6, 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ..................................................................................................5

*In re First All. Mortg. Co.*,
   471 F.3d 977 (9th Cir. 2006)......................................................................................9

*Jackson v. Airbnb, Inc.*,
   639 F. Supp. 3d 994 (C.D. Cal. 2022)...................................................................8, 9

*Jackson v. Netflix, Inc.*,
   506 F. Supp. 3d 1007 (C.D. Cal. 2020)......................................................................4

*Kearney v. Salomon Smith Barney, Inc.*,
   39 Cal. 4th 95 (2006)...............................................................................................12

*Koch v. Pechota*,
   744 Fed. App'x 105 (3d Cir. 2018)............................................................................4

*Lanard Toys Ltd. v. Toys 2 Discover Inc.*,
   2022 WL 2155976 (C.D. Cal. Jan. 11, 2022) ............................................................3

*McCann v. Foster Wheeler LLC*,
   48 Cal. 4th 68 (2010)...............................................................................................12

*N. Alaska Salmon Co. v. Pillsbury*,
   174 Cal. 1 (Cal. 1916) .............................................................................................10

*Neilson v. Union Bank of Cal.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ........................................................................ 9
*Russo v. APL Marine Servs., Ltd.*,
    135 F. Supp. 3d 1089 (C.D. Cal. 2015) ................................................................ 10, 11
*Schneider v. Cal. Dep't of Corr.*,
    151 F.3d 1194 (9th Cir. 1998) ........................................................................... 4, 7, 13
*Smith v. C.I.R.*,
    332 F.2d 671 (9th Cir. 1964) .......................................................................................3
*Su v. Henry Glob. Consulting*,
    2022 WL 19392 (C.D. Cal. Jan. 3, 2022) ................................................................. 10
*Sullivan v. Oracle Corp.*,
    51 Cal.4th 1191 (Cal. 2011) ...................................................................................... 10
*Thomas v. Dun & Bradstreet Credibility Corp.*,
    100 F. Supp. 3d 937 (C.D. Cal. 2015) ....................................................................... 13
*Van Slyke v. Capital One Bank*,
    503 F. Supp. 2d 1353 (N.D. Cal. 2007) ..................................................................... 13
*Weible v. United States*,
    244 F.2d 158 (9th Cir. 1957) .......................................................................................3
*Williams v. Fremont Corners, Inc.*,
    37 Cal. App. 5th 654 (Cal. Ct. App. 2019) ..................................................................6

**Statutes**

Cal. Civ. Code § 1708.5 ................................................................................................*passim*

**Rules**

Cal. R. Ct. 8.1115 ............................................................................................................... 13

## I. INTRODUCTION

The Opposition to Defendants' Motion to Dismiss the Counterclaims (the "Motion") suffers from numerous legal and analytical flaws. It raises new factual allegations that cannot be considered on a Rule 12(b)(6) motion. And it ignores the plainly stated arguments in the Motion and counters them with irrelevant law, facts not alleged in the Complaint, and meaningless character assassination.[1] None of this is sufficient to defeat the Motion.

*First*, the Opposition fails to identify allegations in the Complaint that are sufficient to permit the exercise of "general" or "specific" jurisdiction over Sean Combs. The Combs Declaration accompanying the Motion, which Plaintiff makes no attempt to controvert, indisputably establishes that Mr. Combs is domiciled in Florida, and not in California. That Mr. Combs may maintain a separate residence in California is immaterial, as he can only be domiciled in one state, and that state is Florida. Therefore, no basis exists for this Court to exercise general jurisdiction over Sean Combs. And the Opposition fails to identify allegations detailing events occurring in or connected to California to support specific jurisdiction.

*Second*, it is indisputable that the Complaint fails to allege a premises liability claim against Sean Combs because: (1) he did not lease or charter the vessel where the alleged assault occurred, and he had no control over the vessel; and (2) there is no allegation that the alleged assault would have been foreseeable by Sean Combs (or anyone). Also, Plaintiff's new theory—which was not alleged in the Complaint—that Sean Combs should be held liable as the alter-ego of Janice Combs Music Holdings, Inc. ("JCMUS") is a nonstarter because the elements of such a claim are never alleged.

*Third*, Plaintiff all but concedes that the Complaint fails to state a claim for "aiding and abetting" against Sean Combs. In this cursory two paragraph claim, Plaintiff does not, and cannot, contest that there is no allegation that Sean Combs had

---

[1] The blistering and unprecedented *ad hominem* attacks by counsel in the Opposition (at § I) are not only inappropriate but plainly wrong. Nothing more than the dispositive arguments made in the Motion are necessary to counter those assertions.

1

knowledge of any purported plan by Christian Combs to sexually assault Plaintiff—much less that he provided substantial assistance to his son in purportedly enacting the plan, both of which are required elements to state a claim.

And, *fourth*, the Opposition fails to establish that there is any basis for a California court to apply California law extraterritorially to claims: (1) asserted by a Plaintiff with no connection to California and (2) involving events that occurred exclusively in international waters surrounding the U.S. Virgin Islands. Under California law, there is a presumption against extraterritorial application of state law absent a clear contrary statement by the California Legislature. The statute under which Plaintiff has sued, Cal. Civ. Code § 1708.5, contains no such statement. And Plaintiff's other common law claims apply only to claims that must arise from acts occurring in California. And Plaintiff's superfluous discussion of "choice of law" is irrelevant to whether California law can be applied extraterritorially.

As set forth in greater detail below, the Motion should be granted in all respects.

## II. ARGUMENT

### A. This Court lacks personal jurisdiction over Combs.

Plaintiff is wrong on the law and facts regarding personal jurisdiction. She inexplicably ignores indisputable facts such as Sean Combs being domiciled in Florida since at least 2020; that a person's business pursuits in a forum, if any, are irrelevant to the general jurisdiction analysis; and that the claimed injury occurred in international waters somewhere near the U.S. Virgin Islands, with no connection to California.

#### 1. General jurisdiction is not pleaded against Sean Combs.

"General jurisdiction lies in the forum where the defendant is domiciled or 'fairly regarded as at home.'" *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025). Sean Combs has submitted his declaration that unequivocally establishes, at all relevant times, including as of the time of the alleged incident and when the Complaint was filed, that his domicile is Florida, not California. [ECF No. 18-2]. Courts can and do consider party declarations in weighing a motion to dismiss for lack of personal

1 | jurisdiction. *See Lanard Toys Ltd. v. Toys 2 Discover Inc.*, 2022 WL 2155976, at *2 (C.D. Cal. Jan. 11, 2022) ("When considering a motion to dismiss for lack of personal jurisdiction, courts are not confined to the plaintiff's complaint; it is appropriate to consider evidence such as party declarations.").

The Combs Declaration, which Plaintiff largely ignores, is more than enough to overcome the one allegation relevant to general jurisdiction in the Complaint: that Sean Combs "resides in the city of Beverly Hills, California in Los Angeles County, California." Compl. ¶ 15. This allegation is untrue, but even if true, it is entirely insufficient to defeat the Motion.

Domicile and residence are distinct legal concepts. As the Ninth Circuit has explained: "'[r]esidence' means living in a particular locality, but 'domicile' means living in the locality with intent to make it a fixed and permanent home." *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957). And "'[r]esidence' simply requires bodily presence as an inhabitant in a given place, while 'domicile' requires bodily presence in that place, and also an intention to make it one's domicile.'" *Id.* ("[D]omicile often hangs on the slender thread of intent alone"). A party may maintain one or even several "residences" separate from his "domicile," but will only be subject to "general jurisdiction" in his place of domicile. *See Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964).

Further, the Complaint does not contain *any* allegation pertaining to the critical issue of "intent." Nor could Plaintiff amend the Complaint to make an argument for general jurisdiction, much less gain anything from jurisdictional discovery, as the Combs Declaration conclusively proves that the only state Sean Combs intends to make his domicile is Florida. Among many other things, Florida is where Sean Combs is registered to vote, where he holds a driver's license, and where he pays his taxes. Thus, there can be no case for general jurisdiction here. *See Baiul-Farina v. Lemire*, 804 Fed. App'x 533, 536–37 (9th Cir. 2020) (affirming motion to dismiss based upon

3

defendant's declaration establishing, among other things, that he paid property taxes and held a driver's license in Louisiana).

Because there can be no case for general jurisdiction based upon the Complaint, Plaintiff attempts improperly to supplement it by adding new and different allegations in the Opposition. *See*, *e.g.*, Opp. at 11 (claiming that Sean Combs "operates multiple entertainment, clothing, and liquor businesses headquartered or significantly based in California"). Setting aside that this assertion is devoid of *any* supporting detail or specifics, it is well-settled that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1017 (C.D. Cal. 2020) (citing *Schneider* for the same proposition and refusing to consider allegations raised for the first time in plaintiff's opposition). Regardless, "[c]onsideration of business activities to find general jurisdiction has not been applied to individuals." *See Koch v. Pechota*, 744 Fed. App'x 105, 110 (3d Cir. 2018). Thus, Sean Combs's purported business activities in California, if any, are irrelevant to the personal jurisdiction inquiry.

In sum, the Complaint is devoid of any facts that rebut the Combs Declaration. Accordingly, Plaintiff has failed to establish general jurisdiction over Sean Combs in California, and no amount of jurisdictional discovery will change that dispositive fact.

### 2. Specific jurisdiction is belied by the Complaint's allegations.

"A state court may exercise specific jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *Fuld*, 606 U.S. at 12 (quotation omitted). This is otherwise known as "purposeful availment." *Ford Motor Co v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). In other words, the defendant must take some action to purposefully avail himself "of the privilege of conducting activities within the forum State." *Id.* The plaintiff's claims must then "deriv[e] from, or [be] connected with," those activities.

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation omitted).

Plaintiff has failed to plead specific jurisdiction in California for Sean Combs. The Complaint does not allege that he engaged in a single act that occurred in California or that was otherwise directed toward Plaintiff in this state. And while the Complaint does allege that Sean Combs has a residence in California, Compl. ¶ 15, his alleged acts in international waters somewhere near the U.S. Virgin Islands have nothing to do with that residence, foreclosing any argument that any alleged injury to Plaintiff arose from a California contact.[2]

For the foregoing reasons, this Court lacks personal jurisdiction over Sean Combs and, therefore, he should be dismissed from the action.

### B. The Complaint fails to state any claim against Sean Combs.

The Motion seeks dismissal of the premises liability and aiding and abetting claims against Sean Combs for failure to state a claim upon which relief can be granted. The Opposition fails to mount a meritorious defense.

#### 1. Premises liability is not stated against Sean Combs.

The Opposition principally argues that a premises liability claim is a "fact-intensive" inquiry, which, in Plaintiff's view, prevents this Court from assessing the plausibility of her claim at the motion to dismiss stage. Opp. at 13–15. But that is not the law. Regardless, the Motion does not require weighing of the validity of the Complaint's allegations. Rather, it establishes that, even accepting all the allegations as true, they do not state a premises liability claim against Sean Combs.

---

[2] Even if this Court accepted as true the additional jurisdictional allegations in the Opposition (which it cannot as a matter of law), personal jurisdiction is still improper over Sean Combs. Residing in California and conducting business in California are different from being a domiciliary. And, unlike the cases Plaintiff cites, Opp. at 11, Plaintiff fails to connect the Complaint's allegations with: (1) Sean Combs's purported California contacts (all of which have nothing to do with Plaintiff); (2) the alleged wrongs committed against Plaintiff; and (3) the vessel on which the alleged wrongs were committed. Dismissal here is not a close call. This Court has no jurisdiction over Sean Combs.

*First,* contrary to Plaintiff's claims (Opp. at 19–22), the fact that the Complaint does not (and could not) allege that Sean Combs was the lessee of, or that he had any control over, the vessel in which the alleged assault occurred is highly relevant to the viability of her claim. No general duty is imposed on individuals to protect others from the conduct of third parties. *See Delgado v. Trax Bar & Grill*, 36 Cal.4th 224, 235 (Cal. 2005); *Williams v. Fremont Corners, Inc.*, 37 Cal. App. 5th 654, 663 (Cal. Ct. App. 2019). Plaintiff's claim is based on a limited exception to the general rule against liability, which is called the "special relationship doctrine" under which a duty is imposed upon certain business proprietors to take reasonable measures to protect their patrons or invitees from foreseeable third-party criminal acts. *Delgado*, 36 Cal.4th at 235–36; Opp. at 13. This stems from a "general duty of maintenance, which is owed to tenants and patrons." *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal.4th 666, 676 (Cal. 1993), *distinguished on other grounds by Reid v. Google, Inc.*, 50 Cal.4th 512 (Cal. 2010).

*Second,* the Complaint does not allege any basis to hold Sean Combs liable as the alter-ego of non-party JCMUS, which, as Plaintiff does not dispute, was the lessee (or charterer) of the vessel on which Plaintiff was allegedly assaulted. Combs Decl. Ex. B. Before the alter-ego doctrine can be invoked, two elements must be alleged: "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015) (internal citation omitted). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specific facts supporting both of the necessary elements." *Id.* "Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same

offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Id.* at 1137.

Here, the Complaint is devoid of *any* allegation pertaining to any of the elements required for alter-ego liability. Indeed, JCMUS is not even mentioned in the Complaint. Because this Court is limited to the allegations in the Complaint in determining whether an alter-ego relationship is properly pleaded, this theory of liability fails.

While Plaintiff again attempts to add new allegations in the Opposition at 19–20, they cannot be considered on this Motion because they are not alleged in the Complaint. *See Schneider*, 151 F.3d at 1197 n.1. And even if those allegations were considered, they do not pertain to JCMUS, but instead allege purported connections between Sean Combs and *other* third parties. *See, e.g.*, Opp. at 20 (alleging that Sean Combs owns the company that holds the apartment occupied by his mother, Janice Combs).

*Third,* the Complaint's allegations fail to establish that either JCMUS or Sean Combs, possessed dominion or control over the vessel that would suffice for purposes of premises liability. The MYBA Charter Agreement expressly states that JCMUS, the lessee, would have no control over conditions on or operations of the vessel. Rather, the vessel's captain, whose power flowed from the vessel's owner, possessed absolute and final authority over the conduct on and operations concerning the ship that violated the charter agreement or endangered the crew or guests. Combs. Decl. Ex. B §§ 7(a) & 13. This included the possession or use of *illegal drugs* and *harassment*, in any form, of the ship's crew. *Id.* § 13. To the extent that the Complaint may allege Sean Combs created a "lawless" environment on the ship, Compl. ¶¶ 94–103; 148–52, liability for that environment redounds to the captain (and thus the owner) of the vessel, and not Sean Combs. Combs Decl. Ex. B §§ 7(a) & 13.

And, *lastly*, Plaintiff cannot contest that the Complaint is devoid of *any* allegation that Sean Combs was aware of a propensity by Christian Combs to commit

sexual assault.[3] She therefore cannot establish that the alleged assault was "foreseeable" to Sean Combs, a necessary element for a premises liability claim.

By its allegations, the Complaint concedes that Sean Combs was neither present during Christian Combs's alleged assault nor for the events immediately before it. Therefore, Plaintiff's claim rests on whether Christian Combs's purported prior acts made it foreseeable to Sean Combs that the alleged assault on the vessel was a known risk and that he should have anticipated it. *See Ann M.*, 6 Cal.4th at 676 ("[A] duty to take affirmative action to control the wrongful acts of a third party will be imposed *only* where such conduct can be reasonably anticipated." (emphasis added)).

California Supreme Court precedent dictates that, even if Plaintiff here was not required to allege identical prior acts by Christian Combs to make the risk of future assault by him foreseeable, at minimum, she was required to allege "prior similar incidents or other indications of a reasonably foreseeable risk of violent criminal assaults in that location[.]" *See Delgado*, 36 Cal.4th at 240.[4] The Complaint is devoid of any specific or verifiable allegations of prior misconduct by Christian Combs— much less that Sean Combs was aware of such misconduct. *See* Compl. ¶ 10 (alleging only that Christian Combs previously engaged in unspecified "sexual violence, and other illegal conduct").

And Plaintiff's insistence that foreseeability is a question of fact that cannot be resolved at the motion to dismiss stage (Opp. at 13–14) is belied by the many decisions cited that have dismissed premises liability claims based upon a failure to adequately allege foreseeability. *See, e.g., Jackson v. Airbnb, Inc.*, 639 F. Supp. 3d 994, 1009–10

---

[3] Plaintiff baldly claims that she "has alleged that Christian Combs had a pattern of engaging in unlawful conduct, including sexual misconduct, and that Sean Combs— his father and the host of the event—was aware or should have been aware of this conduct," (Opp. at 14), but she does not cite to any paragraph in the Complaint detailing any such conduct beyond this limp, general statement.

[4] The "totality of the circumstances" language Plaintiff relies on in *Delgado* comes from the dissenting opinion, not the Court's majority opinion.

8

(C.D. Cal. 2022); *7735 Hollywood Blvd. Venture v. Superior Ct.*, 116 Cal. App. 3d 901, 906 (Cal. Ct. App. 1981).

Accordingly, the Complaint fails to allege the requisite element of foreseeability to sustain the claim, namely, that Sean Combs knew that Christian Combs might engage in sexual misconduct such that he would have any duty to protect others from him. This Court should dismiss this claim.

### 2. Aiding and abetting is not stated against Sean Combs.

Plaintiff functionally concedes that no aiding and abetting claim against Sean Combs exists, as her Opposition devotes only two unilluminating paragraphs to opposing its dismissal. And she cites only one case that addresses the elements of the claim. Opp. at 22, 24.

But even if Plaintiff meaningfully responded to Defendants' arguments for dismissal of the claim, the result would be the same because the Complaint fails to state the elements of the claim. Under California law, an aiding and abetting claim requires a plaintiff to plead that the defendant had *actual knowledge* of the specific tort planned and committed by the principal tortfeasor. *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1118–19 (C.D. Cal. 2003); *Casey*, 127 Cal. App. 4th at 1146 ("[A] defendant can only aid and abet another's tort if the defendant knows what 'that tort' is."). This requires more than a "vague suspicion of wrongdoing." *In re First All. Mortg. Co.*, 471 F.3d 977, 993 n.4 (9th Cir. 2006). Instead, a complaint must allege that the defendant made a "conscious decision to participate" in the alleged "wrongful act." *Casey*, 127 Cal. App. 4th at 1146.

The Complaint lacks any of the required allegations. It does not allege that Sean Combs knew Christian Combs planned to sexually assault Plaintiff—let alone that he took substantial steps to assist Christian Combs in doing so. At most, the Complaint alleges that Sean Combs created "a party atmosphere." Compl. ¶ 87–91. The Complaint's other allegations are nothing more than Plaintiff's unsupported guesses or assumptions. The Complaint nowhere alleges (or even suggests) that Sean Combs

made a "conscious decision to participate" in the alleged sexual assault of Plaintiff. *Casey*, 127 Cal. App. 4th at 1146. He is not accused of having "*actual knowledge* of the specific primary wrong" or of providing a *substantial* amount of assistance in accomplishing that wrong. *Su v. Henry Glob. Consulting*, 2022 WL 19392, at *2 (C.D. Cal. Jan. 3, 2022) (emphasis added). In sum, the Complaint does not allege facts sufficient to support the aiding and abetting claim, thus it should be dismissed.[5]

### C. California law cannot be applied extraterritorially against Defendants.

Plaintiff fails to contest that no basis exists to apply California law to events occurring exclusively in international waters somewhere around the U.S. Virgin Island. The question is simple: does California law extend to claims brought by a non-resident regarding acts that occurred outside the state? It does not.

California has a presumption against extraterritorial application of its laws. "Although a state may have the power to legislate concerning the rights and obligations of its citizens with regard to transactions [o]ccurring beyond its boundaries, *the presumption is that it did not intend to give its statutes any extraterritorial effect.*" *N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 3 (Cal. 1916) (emphasis added). Courts will presume that the California Legislature did not intend their laws to apply outside California "unless such intention is clearly expressed or reasonably to be inferred from the *language of the act or from its purpose, subject matter, or history*." *Id.* (emphasis added) (quotation omitted); *see Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (Cal. 2011) (same).

---

[5] The Opposition also addresses whether Plaintiff properly stated a claim for intentional infliction of emotional distress and negligent infliction of emotional distress. Opp. at 22–23. But Defendants moved to dismiss these claims on the ground that California's common law, which they are asserted under, cannot be applied extra-territorially unless "the conduct which gives rise to liability . . . occurs in California." *Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1096 (C.D. Cal. 2015) (quoting *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 1059 (Cal. 1999)). Thus, Plaintiff's discussion of the elements of those claims and whether they have been pleaded is irrelevant to the Motion.

| | |
|---|---|
| 1 | Plaintiff's claims for assault (Cause of Action I), battery (Cause of Action II), and sexual assault (Cause of Action III) are brought under Cal. Civ. Code § 1708.5. Compl. ¶¶ 105–44. The question is whether the California Legislature intended Section 1708.5 to apply extraterritorially. It did not. In considering this issue, this Court must evaluate whether Section 1708.5's language, purpose, subject matter, or history "clearly express[]" or can "reasonably … be infer[ed]" to express that the statute should have extraterritorial effect. *Alaska Salmon Co.*, 174 Cal. at 3. No language in Section 1708.5 or any relevant materials evince an intent by the California Legislature that the statute should apply extraterritorially. Therefore, Plaintiff's claims for assault, battery, and sexual assault should be dismissed. |

The same analysis applies to Plaintiff's common-law claims for premises liability (Cause of Action IV), aiding and abetting (Cause of Action V), intentional infliction of emotional distress (Cause of Action VI), and negligent infliction of emotional distress (Cause of Action VII). Plaintiff inaccurately claims that extraterritoriality is a non-issue for common law claims. While "the presumption against extraterritoriality does not apply to common law claims, there are still limits on the extraterritorial application of California [common] law." *Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1096 (C.D. Cal. 2015). Thus, California common law may only be applied to claims where "the conduct which gives rise to liability . . . *occurs in California*." *Id.* (emphasis added) (quoting *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 1059 (Cal. 1999)); *see Aldini AG v. Silvaco, Inc.*, 2022 WL 20016826, at * 15–16 (N.D. Cal. Aug. 3, 2022) (dismissing claims because "none of the alleged wrongful conduct occurred in California").

Plaintiff ignores this essential analysis, focusing instead on a series of entirely irrelevant points. *First,* there is no basis or need for the Court to perform a "choice of law" analysis by applying the "governmental interest analysis." As the steps of that analysis make clear, it is employed only when several different jurisdictions might have an interest in the outcome of a claim, and the court must determine which jurisdiction's

law to apply to the claim. *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107-08 (2006) ("First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state.").

But here, Plaintiff does not argue that the Court must decide between the law of California and any other jurisdiction, she argues only that California law applies. Whether the Court may in fact apply a California statute to claims brought by a non-California resident premised upon alleged events occurring entirely outside of California is a question of extraterritorial application, not choice of law. And even if the governmental interest analysis were in fact relevant here, and it is not, Plaintiff makes no attempt to apply any of its steps, she simply references it without any substantive discussion of why California law should be applied over the law of some other jurisdiction. Opp. § IV.D.i–vii.[6]

*Second,* Plaintiff is mistaken that any "public policy" considerations would permit extraterritorial application of a statute where it is not addressed by the California legislature. The singular case Plaintiff cited as an example of such considerations permitting extraterritorial application, *Mazzotta v. Los Angeles Raymond Chandler Memorial Library*, 2006 WL 1030163 (Cal. Ct. App. 2006) (cited in Opp. at 16), does

---

[6] Plaintiff also misstates the holdings of many of the decisions cited. For example, in *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68 (2010) (*see* Opp. at 16), the Court held that Oklahoma law, not California law, should be applied to the plaintiff's claim. *See id.* at 76. Similarly, in *Arno v. Club Med Inc.*, 22 F.3d 1464 (9th Cir. 1994) the court found that French law, California law, applied to the plaintiff's tort claims. And *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 418 (1992), does not involve choice of law.

not appear to exist as we have been unable to locate it, including under the Westlaw citation given by Plaintiff.[7] And *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353 (N.D. Cal. 2007) is a choice-of-law decision that has no discussion of the extraterritorial application of a California statute. This is not a choice-of-law situation, as this Court has not been called upon to choose between the law of two otherwise proper jurisdictions. Plaintiff brought her claims under California law only. Compl. ¶¶ 105–97. And she does not argue for California law *over* the law of some other jurisdiction. No other state's laws are mentioned in the Complaint or Opposition. In this action, it is either California or nothing.

Plaintiff is not a citizen of California. Opp. at 15 ("Plaintiff is not domiciled in California"). And none of the alleged conduct underlying any of the common law claims occurred in California.[8] As a result, the presumption against extraterritoriality forecloses all of Plaintiff's claims under California law and they should be dismissed.

### D. Amending the Complaint cannot correct its incurable deficiencies.

Although Plaintiff has not sought leave to amend, if she had, such leave should be denied because an amendment is futile. *See Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 941 (C.D. Cal. 2015). Even if all the deficiencies in the Complaint addressed above could be remedied (and they cannot), the presumption against the extraterritorial application of California law would still apply because Plaintiff's claims cannot extend to alleged acts against non-citizens occurring thousands of miles outside of California. Thus, permitting an amendment would have no purpose but to add to the time and expense this doomed lawsuit has already unfairly

---

[7] Even if this case existed, it would make no difference because it has no precedential value. *See* Cal. R. Ct. 8.1115(a) (barring limited exceptions, an appellate court opinion "that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action").

[8] The alleged California acts mentioned for the first time in the Opposition are not in the Complaint. New allegations in an opposition to a motion to dismiss cannot be considered by this Court. *See Schneider*, 151 F.3d at 1197 n.1.

inflicted upon Defendants and this Court. Accordingly, the Complaint should be dismissed without granting leave to amend *sua sponte*.

### III.  CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint in its entirety, with prejudice, and grant such further relief as is just and proper.

Dated:  August 29, 2025                              SCHONBUCH HALLISSY LLP

                                                */s/ Michael Schonbuch*
                                                Michael Schonbuch
                                                Lilah N. Cook
                                                Jack K. Ramler

                                                Attorneys for Defendants
                                                Christian Combs and Sean Combs

# **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 5303 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Michael Schonbuch*
Michael Schonbuch

## CERTIFICATE OF SERVICE

I certify that on August 29, 2025, a copy of **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** was served electronically through the Court's electronic filing system upon all parties appearing on the Court's ECF service list.

Dated: August 29, 2025

*/s/ Yvett Espinoza*
Yvett Espinoza