Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
Jack K. Ramler (Bar No. 362590)
ramler@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants*
*Christian Combs and Sean Combs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GRACE O'MARCAIGH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIAN COMBS, an individual, SEAN COMBS, an individual, and JOHN and JANE DOES 1–10 and ABC CORPORATIONS 1–10, <br><br> Defendants. | Case No.: 25-cv-03650-DMG (MAAx) <br><br> **RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** <br><br> Hearing Date: September 12, 2025 <br> Time: 9:30 a.m. <br> Judge: Dolly M. Gee <br> Courtroom: 8C |

# RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

The Court should deny Plaintiff's Request to Take Judicial Notice of the documents attached as exhibits, namely: (1) the 2024 statement of information for Janice Combs Music Holdings, Inc. ("JCMUS") (Exhibit A); (2) the 2023 statement of information for JCMUS (Exhibit B); (3) the Florida limited liability company annual report for 450 Alton, LLC ("450 Alton") (Exhibit C); and (4) the LinkedIn profile of Tarik Brooks (Exhibit D).

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

The key to the application of Rule 201 is whether the facts are reasonably in dispute. *See In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1160 (C.D. Cal. 2011). "The more critical an issue is to the *ultimate disposition of the case*, the less appropriate judicial notice becomes. . . . A court should not go outside the record to supply a fact that is an essential part of a party's case unless the fact is clearly beyond dispute." *Id.* (alteration partially in original) (emphasis added) (quoting *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985)).

The Court should not take judicial notice of Exhibit D. "As a general matter, courts are hesitant to take notice of information found on third party websites and routinely deny requests for judicial notice, particularly when the credibility of the site's source information is called into question by another party." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015). A person's LinkedIn profile is exactly the sort of information courts routinely refuse to exercise judicial notice. *See McGrucken v. Lonely Planet Global, Inc.*, 2023 WL 4206107, at *2 n.3 (C.D. Cal. May 11, 2023) (denying request to take judicial notice of LinkedIn profile); *TIW Holdings LLC v. Hotbox Farms LLC*, 2024 WL 1829656, at *3 (C.D. Cal. Jan. 18, 2024) (same);

*Woodall v. Walt Disney Co.*, 2024 WL 5337348, at *7 (C.D. Cal. Nov. 1, 2024) (same). This case is no different. Plaintiff's request to take judicial notice of Exhibit D should be denied, beside the fact that this document is not "critical . . . to the ultimate disposition of the" Defendants' motion to dismiss.

Regarding the other three exhibits (Exhibits A–C), Plaintiff requests that the Court take judicial notice in connection with her argument that the Court should exercise general and/or specific jurisdiction over Sean Combs. Req. at 2–3. It is through this prism that Plaintiff's request should be viewed.

For Exhibits A–C, the question is not whether the Court can take notice of government documents generally. Instead, the question is one of relevance and scope. A court should not take judicial notice of an irrelevant document. *See, e.g., Calop Bus. Sys., Inc. v. City of L.A.*, 984 F. Supp. 2d 981, 993 (C.D. Cal. 2013) (declining to take judicial notice of a document not found relevant); *see also Ninh Dinh Pham v. Starkey*, 2017 WL 6767381, at *3 (C.D. Cal. Nov. 30, 2017) ("a court should not take judicial notice of a fact that is not relevant") (collecting reported cases). And even where relevant, judicial notice cannot be taken of facts subject to reasonable dispute, especially where the dispute is critical to the disposition of the case. *See In re Toyota Motor*, 790 F. Supp. 2d at 1160.

Regarding general jurisdiction, none of the exhibits are relevant to that issue. For individuals, general jurisdiction lies in the forum of a defendant's domicile. *See Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025). Domicile is a question of both residence and intent. *See Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957). Of these two factors, intent is the more important. *See id.* ("[D]omicile often hangs on the slender thread of intent alone"). This is because individuals can have multiple residences, but only one place they intend to primarily reside. *See Smith v. C.I.R.*, 332 F.2d 671, 673 (9th Cir. 1964).

The parties agree that Sean Combs has a residence in Florida. As a result, this is not a circumstance where Sean Combs is claiming that he primarily resides in Florida

but has no actual home there. Therefore, documents showing that Sean Combs has other residences or businesses outside Florida are irrelevant to the question of domicile because he has already satisfied the analysis of both his intent and residence. He states that Florida has been his permanent residence and domicile since 2020.

Because Exhibits A–C possess no clear indicia of where Sean Combs *intended* to reside during the relevant period, they are irrelevant to the question of domicile. Again, Sean Combs is not a business, he is a natural person. For general jurisdiction, the only relevant factors are residence and intent. *See Weible*, 244 F.2d at 163. These exhibits contain no relevant information regarding those issues. Therefore, none of the documents can be judicially noticed for the purpose of assessing general jurisdiction.

Regarding specific jurisdiction, the broad scope of Plaintiff's request is the problem. The Court may take judicial notice of Exhibits A–C for certain purposes, such as that JCMUS is duly incorporated in the State of New York and that any shareholder thereof is entitled to the protections and benefits afforded by law. The same applies to 450 Alton, which is incorporated in Florida. The reason the Court can do so is because these facts are clearly manifest on the face of the documents, making them not subject to reasonable dispute. However, just because the Court can take judicial notice of *some* facts in Exhibits A–C does not mean it can or should take judicial notice of everything therein.

Where facts are not clearly manifest on the face of a document, a court should not exercise the right to take judicial notice. That is because doing so would require the additional step of making an inference, an improper process given the dispute about the Court's ability to exercise personal jurisdiction over Sean Combs. *See In re Toyota Motor*, 790 F. Supp. 2d at 1160.

Looking only at the facts proper for judicial notice in Exhibits A–C, there is no specific jurisdiction over Sean Combs. For individuals, specific jurisdiction requires activities conducted in the forum state (*i.e.*, purposeful availment) and claims arising out of those specific connections. Nothing in those documents speaks to that issue.

Despite Plaintiff's attempt to submit evidence outside the four corners of the Complaint, she still fails to show that Sean Combs ever conducted business in California related to Plaintiff's claims for an alleged assault, which purportedly occurred in international waters near the U.S. Virgin Islands. Whether or not JCMUS and 450 Alton conducted any business through Sean Combs during the relevant time is nowhere found in those documents. Therefore, they have no relevance to, and cannot assist in deciding, the issues before this Court.

For the foregoing reasons, the Court should deny Plaintiff's request to take judicial notice of Exhibit D and, as for Exhibits A–C, if the Court is inclined to exercise its authority, then it should be limited to taking judicial notice of the fact that JCMUS and 450 Alton are separately incorporated entities under the laws of New York and Florida and are distinct from Sean Combs, a natural person.

Dated: August 29, 2025

SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____
Michael Schonbuch
Lilah N. Cook
Jack K. Ramler

Attorneys for Christian Combs and Sean Combs

## CERTIFICATE OF SERVICE

I certify that on August 29, 2025, a copy of **RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** was served electronically through the Court's electronic filing system upon all parties appearing on the Court's ECF service list.

Dated:        August 29, 2025

*/s/ Yvett Espinoza*
Yvett Espinoza