UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **1** of **12** |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM [18]**

Before the Court is Defendants Sean Combs and Christian Combs' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim. [Doc. # 18 ("MTD").] The MTD is fully briefed. [Doc. ## 20 ("Opp."), 30 ("Reply").] For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendants' MTD.

**I.
BACKGROUND**

**A.    Factual Background**

**1.    Plaintiff's Allegations[1]**

In December 2022, Plaintiff Grace O'Marcaigh worked as a stewardess on a yacht called "Victorious." [Doc. # 1-2 at ¶¶ 19–23 ("Compl.").] During the "holiday period," Defendant Sean Combs (hereinafter, "Sean") allegedly chartered Victorious for his family's use, including for his son, Defendant Christian Combs (hereinafter, "Christian"). [2] *Id.* at ¶¶ 23, 25. Sean is a rap artist and record executive, and Christian is a rap artist. *Id.* at ¶¶ 8, 13. During this trip, Sean typically stayed on the yacht, while Christian stayed in a nearby villa and came aboard the yacht on most evenings. *Id.* at ¶ 30. Other guests, including "suspected sex workers and other A-List celebrities," boarded the yacht intermittently. *Id.* at ¶ 32. O'Marcaigh worked the overnight shift, providing dinner and drink service to those on board, from around 6:00 p.m. to 6:00 a.m. *Id.* at ¶¶ 28–29.

---

[1] The Court assumes the truth of well-pleaded allegations in the Complaint solely for the purpose of deciding the MTD.

[2] Since the Defendants share the same last name, the Court refers to the Defendants by their first names for clarity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **2** of **12** |
|---|---|---|---|

O'Marcaigh claims that during the second week of the trip, "there was a significant amount of partying and drug use" throughout the night, resulting in an increased workload and "hazardous environment." *Id.* at ¶¶ 31, 34–35. O'Marcaigh suspected that some of the alcoholic drinks were laced with drugs because some women were "falling over themselves, panicking, or passing out" after one drink. *Id.* at ¶ 36.

Around 5:00 a.m. on December 28, 2022, Christian boarded the yacht to record music in a makeshift recording studio. *Id.* at ¶ 40. When Christian arrived, O'Marcaigh suspected that he was heavily under the influence of narcotics and alcohol. *Id.* at ¶ 42. Christian immediately ordered that shots be poured from a bottle of alcohol he may have brought onboard. *Id.* at ¶ 43. While O'Marcaigh served the shots, Christian allegedly insisted that she partake in a shot, and she obliged out of politeness. *Id.* at ¶¶ 45, 47–48. Next, Christian insisted that O'Marcaigh sit next to him, chat, and take an additional shot of liquor. O'Marcaigh asked to leave, at which point, Christian "violently" grabbed her arm and "began hurting her." *Id.* at ¶¶ 51–52. Christian forced O'Marcaigh to take another shot, which she suspected was "spiked." *Id.* at ¶¶ 53–54. At some point, Christian touched O'Marcaigh's "legs, breasts, anus, and vagina" and "tried to kiss her and proceeded to kiss her neck, face, and hands." *Id.* at ¶ 55. An audio recording captured these interactions between O'Marcaigh and Christian. *Id.* at ¶ 58. O'Marcaigh does not allege that Sean was present in the recording studio during this incident.

While attempting to finish out her shift on December 28, 2022, Christian asked O'Marcaigh to find him a place to sleep aboard the yacht. *Id.* at ¶¶ 62-63. When O'Marcaigh directed Christian to sleep in the cinema, Christian "became physical and extremely aggressive" and "started to grope her." *Id.* at ¶¶ 64–66. Christian took off all of his clothes and attempted to force O'Marcaigh to "perform oral copulation on him." *Id.* at ¶ 67. O'Marcaigh left the room when her coworker entered the cinema. *Id.* at ¶ 68. There is no indication that Sean was present in the cinema when this incident occurred.

Sean was informed of these incidents by his employees and paid a "generous tip" to the captain of the yacht to keep him quiet. *Id.* at ¶¶ 74–75. Sean intentionally fostered an "unsafe environment" by engaging in and encouraging drug and alcohol use. *Id.* at ¶¶ 91, 94–95. Plaintiff alleges that both Sean and Chrisitan reside in Beverly Hills, California. *Id.* at ¶¶ 12, 15.

### 2. Defendant Sean's Affidavit

Sean submitted an affidavit in support of the MTD. Declaration of Sean Combs ("Sean Decl.") [Doc. # 18-2.] Sean attests that he has been a "citizen, permanent resident, and domiciliary" of the State of Florida since 2020. Sean Decl. at ¶ 3. He states that since 2020, he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Grace O'Marcaigh v. Christian Combs, et al.* | Page | **3** of **12** |
|---|---|---|---|

has been registered to vote in Florida, used a Florida driver license, and filed his federal and state taxes in Florida. *Id.* at ¶¶ 6–8. He files a "non-resident California tax return for certain passive income" that he earns. *Id.* at ¶ 8. Around September 17, 2024, he became incarcerated in the Federal Detention Center in Brooklyn, New York. *Id.* at ¶ 4. As for the allegations in the Complaint, Sean denies personally chartering Victorious. Instead, Sean contends Victorious was chartered by JCMUS, Inc. *Id.* at ¶¶ 11–15.

**B.      Procedural Background**

On April 2, 2024, O'Marcaigh filed a seven-count Complaint in Los Angeles County Superior Court against Defendants Christian Combs, Sean Combs, and John and Jane Does 1-10 and ABC Corps. 1-10. *See* Compl. O'Marcaigh alleged state law claims against Christian for assault, battery, sexual assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* Against Sean, O'Marcaigh alleged state law claims for premises liability and aiding and abetting. *Id.* On April 2, 2025, Defendants' counsel accepted service on behalf of their clients. [Doc. # 1-8.]

On April 24, 2025, Defendants filed a Notice of Removal from state court. [Doc. # 1 ("NOR").] On June 20, 2025, the parties jointly stipulated to proceed in federal court, and this Court independently determined it has subject matter jurisdiction under 28 U.S.C. § 1333 (admiralty jurisdiction). [Doc. ## 16, 17.] On July 25, 2025, Defendants filed the instant MTD.

**C.      Evidentiary Objections**

Plaintiff requests that the Court take judicial notice of documents in support of her Opp. [Doc. # 20-1 ("RJN").] Defendants oppose Plaintiff's RJN. [Doc. 32 ("Opp. to RJN").] Plaintiff also filed evidentiary objections to Defendant Sean Comb's Declaration. [Doc. # 21 ("Evid. Objections to Sean Decl.").] Defendants filed a Response to Plaintiff's evidentiary objections. [Doc. # 31 ("Response to Plaintiff's Evid. Objections").]

The Court addresses any pertinent evidentiary objections within this Order. To the extent the Court does not address an objection, it is because the Court did not rely on the objected-to evidence in reaching its ruling. Any objections to such evidence are **OVERRULED as moot**.

//
//
//
//

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Grace O'Marcaigh v. Christian Combs, et al.* | Page | **4** of **12** |
|---|---|---|---|

## II.
## LEGAL STANDARD

**A.     Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may seek dismissal of an action due to lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d 716, 741 (9th Cir. 2013). A plaintiff need only make a *prima facie* showing of jurisdictional facts to survive the motion to dismiss. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal citation omitted).

When adjudicating a motion to dismiss brought pursuant to Rule 12(b)(2), a district court may consider evidence outside of the pleadings, including affidavits submitted by the parties, and may order discovery on jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (internal citation omitted); *see also Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("Because there is no statutory method for resolving [personal jurisdiction], the mode of its determination is left to the trial court."). Although for purposes of assessing a motion to dismiss, the facts in the Complaint are generally accepted as true, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc*, 557 F.2d at 1284 (internal citation omitted). "[C]onflicts between the facts contained in declarations submitted by the two sides must be resolved in the plaintiff's favor." *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1160 (9th Cir. 2007) (internal citation and quotation marks omitted).

**B.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **5** of **12** |
|---|---|---|---|

### III.
### DISCUSSION

**A.     Lack of Personal Jurisdiction Over Defendant Sean Combs**

First, Sean moves to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  MTD at 7.  There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction.  *Ford Motor Co. v. Montana Eight Judicial District Ct.*, 592 U.S. 351, 358 (2021).

"In a suit that arises under the district court's admiralty jurisdiction, the due process clause of the fifth amendment determines whether the court has personal jurisdiction over the defendant." *Pac. Atl. Trading Co., Inc. v. M/V Main Exp.*, 758 F.2d 1325, 1327 (9th Cir. 1985).  "In addition, the state long-arm statute must be applied to determine the defendant's amenability to suit in the forum."  *Id.*  Since "California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).  Due process requires that a nonresident defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notion of fair play and substantial justice."  *Intl. Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).

**1.     General Jurisdiction**

General jurisdiction for an individual is established by their "domicile."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  General jurisdiction is a high hurdle requiring that plaintiffs show the defendant has affiliations with a forum state that approximate a physical presence there. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (describing the standard as "exacting").

O'Marcaigh makes a faint but unconvincing attempt to argue that general jurisdiction exists over Sean.  While O'Marcaigh alleges that, upon information and belief, Sean "resides in the city of Beverly Hills, California," *see* Compl. at ¶ 15, she makes no other specific factual allegations establishing his domicile.  "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |

| | | | |
|---|---|---|---|
| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **6** of **12** |

---

burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Sean submitted an affidavit attesting that since 2020, he has been a "citizen, permanent resident, and domiciliary of the State of Florida." Sean Decl. at ¶ 3.[3] He further attests that since 2020, he has operated a Florida State driver license, is registered to vote in Florida, and filed his individual taxes in Florida. *Id.* at ¶¶ 6–8.[4] These facts are probative of Sean's intention to remain in Florida. Instead of providing contrary evidence in an affidavit, O'Marcaigh merely argues that Sean is domiciled in California because he "maintained his primary residence in Holmby Hills, Los Angeles" and "resided there for nearly a decade." Opp. at 10. Conclusory statements, however, are not enough to satisfy a prima facie showing of jurisdiction without supporting evidence contained in the record." *Spacey v. Burgar*, 207 F. Supp. 2d 1037, 1049 (C.D. Cal. 2001); *see also Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) ("although pleadings are to be liberally construed, the complaint must contain something more than mere conclusory statements unsupported by specific facts").

Since the Court may not assume the truth of allegations in the Complaint which are contradicted by affidavit—and Plaintiff does not provide an affidavit in support of her allegation—the Court cannot conclude that Plaintiff has met the heavy burden to establish that Sean is subject to general jurisdiction in California. *See Data Disc*, 557 F.2d at 1284.

**2.     Specific Jurisdiction**

Having failed to demonstrate that the Court can exercise general jurisdiction over Sean, O'Marcaigh must show that specific jurisdiction exists. The Ninth Circuit applies a three-part test to determine whether a district court may exercise specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

---

[3] Plaintiff objects to this statement on grounds that it lacks foundation and is an improper legal conclusion regarding domicile, citizenship, and residency. [Doc. # 21 at 3.] The Court does not consider the statement as a legal conclusion about domicile, but rather for the factual proposition that Sean intended to reside in Florida between 2020 and 2024. The Court **OVERRULES** Plaintiff's objections.

[4] Plaintiff objects to these facts on grounds of relevance, lack of foundation, hearsay, and the best evidence rule. [Doc. # 21 at 3.] The Court **OVERRULES** Plaintiff's objections.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |

| | | | |
|---|---|---|---|
| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **7** of **12** |

(2) the claim must be one which arises out of or relates to the defendants' forum-related activities; and
(3) the exercise of jurisdiction must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

Courts sitting in admiralty jurisdiction apply this same three-part test to analyze specific jurisdiction. *See Pac. Atl. Trading Co.*, 758 F.2d at 1327. If a plaintiff meets the burden of establishing the first two prongs, the burden shifts to the defendant, who must put forth a "compelling case" that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc.*, 653 F.3d at 1076 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

### a.      Prong 1:  Purposeful Availment or Direction

For the first prong, courts typically apply a purposeful availment analysis for suits sounding in contract and a purposeful direction analysis for suits sounding in tort. *Schwarzenegger*, 374 F.3d at 802. The Ninth Circuit, however, rejects imposing an "iron-clad doctrinal dichotomy" in every case. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1090 (9th Cir. 2023). "At bottom, both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.'" *Global Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (internal citation omitted). Courts must "comprehensively evaluate the extent of the defendant's contacts with the forum state and those contacts' relationship to the plaintiffs' claims—which may mean looking at both purposeful availment and purposeful direction." *Davis v. Cranfield Aerospace Solutions, Limited*, 71 F.4th 1154, 1162 (9th Cir. 2023), *cert denied* 44 S. Ct. 826, 218 L. Ed. 2d 33 (2024). In other words, the first prong can be satisfied by purposeful availment, purposeful direction, or "by some combination thereof." *Id.* (internal quotation marks and citation omitted).

In this case, the underlying case sounds in tort, but Sean has business contacts with California. The Court therefore applies both tests.

### i.      Purposeful Direction

To determine whether a defendant has purposefully directed its actions towards California, courts in the Ninth Circuit apply the three-part test established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **8** of **12** |
|---|---|---|---|

1229 (adopting the *Calder* "effects" test).  Under the *Calder* "effects" test, a defendant directs its conduct towards a forum where it "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803.  "[M]ere injury to a forum resident is not a sufficient connection to the forum."  *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014).

In the Ninth Circuit, "intentional act" means "the defendant must act with the 'intent to perform an actual, physical act in the real world.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 806).  O'Marcaigh alleges that Sean chartered the yacht and intentionally fostered an unsafe environment on the yacht, enabling Christian to commit assault and battery against her.  She further alleges that Sean learned of the incident and paid the yacht captain to keep him quiet.  These constitute intentional acts.[5]

Plaintiff does not allege, however, sufficient facts to establish that these intentional acts were "expressly aimed" at California, or that the harm suffered was in California.   O'Marcaigh discusses the ongoing injuries she experiences because of the incident, *see generally* Compl. at ¶¶ 77–88, but nowhere does she allege that those harms were suffered in California.  What is more, Plaintiff makes no argument that the challenged conduct had anything to do with California.  *See Picot*, 780 F.3d at 1215 (determining defendant's out-of-forum tortious conduct did not connect him to the forum state in any meaningful way when defendant did not enter the forum state, contact anyone in the forum state, or otherwise reach out to the forum state); *Walden*, 571 U.S. at 286 (concluding that none of the defendant's challenged conduct had anything to do with the forum state).  The alleged intentional acts and harm suffered took place on a yacht in maritime waters.

Plaintiff has failed to establish that Sean purposefully directed his activities toward the forum state.

### ii. **Purposeful Availment**

Plaintiff contends that Sean conducts business activities in California and therefore has purposefully availed himself of the benefits and protections of California's laws.  To that end, Plaintiff requests that the Court take judicial notice of four documents that purport to show that Sean operates businesses that are based in California.  [Doc. # 20-1.]  The documents include: (1)

---

[5] Sean denies chartering the yacht and attests that the yacht was chartered by JCMUS, Inc.  Sean Decl. at ¶ 14, Ex. B. Plaintiff objects to this fact and Exhibit B of the Sean Decl. on numerous grounds.  [*See* Doc. # 21.]  The Court finds it unnecessary to resolve this factual dispute in analyzing purposeful direction.  Even if the Court assumed Sean chartered the yacht, the Court concludes purposeful direction is not met, for the reasons discussed herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Grace O'Marcaigh v. Christian Combs, et al.* | Page | **9** of **12** |
|---|---|---|---|

a November 18, 2024 Statement of Information for *Janice Combs Music Holdings, Inc.* identifying Defendant Sean Combs as the Chief Executive Officer and listing the principal office in West Hollywood, California; (2) a December 15, 2023 Statement of Information for *Janice Combs Music Holdings, Inc.* identifying Defendant Sean Combs as the Chief Executive Officer and listing the principal office in West Hollywood, California; (3) a Florida Limited Liability Company Annual Report for 450 Alton, LLC identifying Defendant Sean Combs as Manager and listing the principal office in West Hollywood, California; and (4) a LinkedIn profile of Tarik Brooks. *Id.*, Exs. A–D.

Federal Rule of Evidence 201 permits a court to take judicial notice of facts "not subject to reasonable dispute" and that the court "can accurately and readily determine from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Government documents are matters of public record and are proper subjects of judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). The Court **GRANTS** Plaintiff's request as to Exhibits A, B, and C, which are government records maintained by the California Secretary of State.[6] Exhibit D is a screenshot of a LinkedIn profile. "As a general matter, courts are hesitant to take notice of information found on third party websites and routinely deny requests for judicial notice[.]" *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015). Here, Plaintiff does not provide any evidence or support that the information contained in Exhibit D is accurate or reliable. The Court therefore **DENIES** Plaintiff's request for judicial notice as to Exhibit D.

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. Even after considering the facts contained in Exhibits A, B, and C, however, the Court concludes that it does not have personal jurisdiction over Sean because Plaintiff fails to draw any connection between Sean's business dealings in California and the allegations at issue in this suit, as discussed further below.

//
//

---

[6] The Court cannot take judicial notice of disputed facts in public records. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Here, Defendants do not dispute that the Court can take judicial notice of government documents. Opp. to RJN at 3. Defendants also do not dispute the facts in Exhibits A, B, and C. *See id.* Instead, Defendants argue that Exhibits A, B, and C do not contain facts relevant to the question of personal. *Id.* at 3–5. The Court will not deny Plaintiff's request for judicial notice on that basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **10** of 12 |
|---|---|---|---|

**b.      Prong 2: Arising Out of or Relating to Seans's Forum-Related Activities**

Plaintiff's argument for specific jurisdiction fails at prong two, which requires that the claims arise out of or relate to the defendant's forum-related activities. "For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related conduct* must create a substantial connection with the forum State." *Walden*, 134 S. Ct. at 1125 (emphasis added). Sean's alleged conduct relates to premises liability and aiding and abetting. Specifically, O'Marcaigh alleges that Sean "intentionally created an unsafe environment that gave license to [Christian] to believe that he was free to sexually assault" her. Compl. at ¶ 91. She further alleges that Sean knew about the sexual assault and "paid off" the captain of the yacht. *Id.* at ¶ 164. The alleged conduct occurred on a yacht in maritime waters. Fatal to specific jurisdiction is the lack of any connection between Sean's alleged suit-related conduct and the forum State. Indeed, O'Marcaigh makes no attempt to demonstrate that the claims arise out of Sean's forum-related business dealings or that the claims relate to those dealings.

For the foregoing reasons, O'Marcaigh has not met her burden to show that Defendant Sean Combs has sufficient minimum contacts with California to meet the second prong of the personal jurisdiction test, so the Court need not address the third prong.

The Court **GRANTS** Defendant Sean Combs' MTD for lack of personal jurisdiction under Rule 12(b)(2).

**3.      Request to Conduct Jurisdictional Discovery**

As an alternative to finding that the Court has personal jurisdiction over Sean, O'Marcaigh requests that the Court allow her to conduct limited jurisdictional discovery as to "Defendant Sean Combs' residence and business contacts in California." Opp. at 28. The decision to grant or deny a request to conduct jurisdictional discovery lies within the district court's discretion. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). The court is not required to permit jurisdictional discovery when the requesting party rests its argument on "little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto*, 539 F.3d at 1020; *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (affirming denial of jurisdictional discovery request based only on plaintiffs' statements that "they 'believe' that discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **11** of **12** |
|---|---|---|---|

O'Marcaigh's arguments for jurisdictional discovery rest on "little more than a hunch" as described in *Boschetto*. She fails to describe any specific information that she expects to uncover during such discovery and provides no argument for how further jurisdictional discovery into Sean's business contacts will cure the defects in prong two of the specific jurisdiction analysis. Accordingly, the Court **DENIES** Plaintiff's request for jurisdictional discovery.

**B.      Failure to State a Claim Under Rule 12(b)(6)**

Second, Defendants move to dismiss the Complaint by arguing that O'Marcaigh fails to state claims against them. Specifically, Defendants contend that California law does not apply here because the alleged conduct and injuries occurred outside of California.[7] *See* MTD at 13 (discussing extraterritorial application of California law). O'Marcaigh argues that California law applies based on federal choice-of-law principles in diversity cases. *See* Opp. at 17–25.

Both parties miss the mark on this issue. While "a federal court sitting in diversity applies the choice-of-law rules of the forum state . . . a federal court sitting in admiralty must apply federal maritime choice-of-law rules." *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 670 (9th Cir. 1997). "In other words, if the district court could have maritime jurisdiction over a tort claim, [s]ubstantive maritime law controls the claim, whatever the forum or asserted basis of jurisdiction." *Adamson v. Port of Bellingham*, 907 F.3d 1122, 1126 (9th Cir. 2018) (internal quotation marks omitted). The Court determined that Plaintiff's claims against Defendants fall within the Court's admiralty jurisdiction [*see* Doc. # 17], and the parties have conceded as much. [*See* Doc. # 16 at ¶ 7 ("the Parties agree [this Court] has original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1333.").]

Neither party addressed whether or how Plaintiff's claims against Defendant Christian Combs should be assessed under maritime law, including whether a jury trial is available in a case invoking admiralty jurisdiction. Therefore, the Court **DENIES** Defendants' MTD for failure to state a claim, **without prejudice**.

**C.      Leave to Amend**

O'Marcaigh makes a generalized request for leave to amend should the Court find "any portion of the Complaint lacking[.]" Opp. at 28. "Leave to amend should be granted unless the

---

[7] Defendant Sean also contends that O'Marcaigh fails to state a claim against him for insufficient allegations of premises liability and aiding and abetting. *See* MTD at 11–13. The Court need not address this argument given its ruling on personal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-03650-DMG (MAAx)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | ***Grace O'Marcaigh v. Christian Combs, et al.*** | Page | **12** of **12** |
|---|---|---|---|

district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (citation omitted); *see* Fed. R. Civ. P. 15(a)(2).  The Court will allow O'Marcaigh an opportunity to amend her pleadings to cure the defects relating to personal jurisdiction.

**IV.**
**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Defendant Sean Combs' MTD for lack of personal jurisdiction, **with leave to amend**.  The Court **DENIES** O'Marcaigh's request for jurisdictional discovery.  The Court **DENIES** Defendants' MTD for failure to state a claim, **without prejudice**.

O'Marcaigh shall file her First Amended Complaint or a notice of her intent not to amend by **April 21, 2026**.  Defendant(s) shall file their response within 21 days after the filing of the amended complaint or notice of intent not to amend.

**IT IS SO ORDERED.**