Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard, Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs
and Christian Combs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| GRACE O'MARCAIGH,<br><br>              Plaintiff,<br><br>    v.<br><br>CHRISTIAN COMBS, an individual, SEAN COMBS, an individual, JOHN and JANE DOES 1-10, and ABE CORPORATIONS 1-10,<br><br>              Defendants. | Case No. 2:25-cv-3650-DMG-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hearing Date: September 4, 2026<br>Time: 9:30 a.m.<br>Judge: Hon. Dolly M. Gee<br>Courtroom: 8C |

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

    A. Factual Allegations ................................................................................. 2

    B. Procedural History ................................................................................. 3

ARGUMENT ...................................................................................................... 5

    A. The Court Lacks Personal Jurisdiction Over Sean Combs ...................... 5

       1. The FAC Does Not Establish Purposeful Direction/Purposeful Availment.... 6

       2. The FAC Does Not Allege Claims Arising From or Relating to Any California Conduct by Sean Combs ................................................. 9

    B. Plaintiff Cannot Assert Claims Against Sean Combs Under California Law .. 10

    C. Admiralty Jurisdiction Does Not Apply to Plaintiff's Claims ................ 12

    D. The FAC Cannot Assert Both Common Law and Maritime Claims Against Defendants ................................................................................ 14

    E. The FAC Fails to State a Claim Against Sean Combs ........................... 14

       1. Premises Liability (Alternatively, Maritime Negligence) .............. 14

       2. Aiding and Abetting (Alternatively Maritime Joint Tortfeasor Liability) ..... 17

       3. IIED (Alternatively, Maritime IIED) ............................................. 18

CONCLUSION ................................................................................................. 21

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Alexander v. United States*,
  63 F.3d 820 (9th Cir. 1995) ...............................................................................................16

*Angie M. v. Superior Court*,
  37 Cal. App. 4th 1217 (Cal. Ct. App. 1995)......................................................................20

*Ann M. v. Pac. Plaza Shopping Ctr.*,
  6 Cal.4th 666 (1993) ..........................................................................................................15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................................. 5

*Ballard v. Savage*,
  65 F.3d 1495 (9th Cir. 1995) ................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................................. 5

*Bohnert v. Roman Catholic Archbishop of S.F.*,
  67 F. Supp. 3d 1091 (N.D. Cal. 2014) ..........................................................................19, 20

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ..........................................................................................5, 6

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cnty.*,
  582 U.S. 255 (2017) ............................................................................................................10

*Cal. Home Brands, Inc. v. Ferreira*,
  871 F.2d 830 (9th Cir. 1989) ..............................................................................................18

*Calder v. Jones*,
  465 U.S. 783 (1984) .............................................................................................................. 6

*Casey v. U.S. Bank Nat'l Ass'n*,
  127 Cal. App. 4th 1138 (Ct. App. Cal. 2005)......................................................................17

*Chi Shun Hua Steel Co. Ltd. v. Novelly*,
  759 F. Supp. 595 (N.D. Cal. 1991) ...................................................................................... 9

*Christensen v. Superior Court*,
  54 Cal.3d 868 (1991)...........................................................................................................19

*Clavon v. TSAY JBR, Inc.*,
  2010 WL 11601827 (C.D. Cal. Oct. 21, 2010) ...................................................................19

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) ................................................................................. 5

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ................................................................................ 6

*Daramola v. Oracle Am., Inc.*,
 92 F.4th 833 (9th Cir. 2024) .................................................................10

*Davidson v. City of Westminster*,
 32 Cal.3d 197 (1982)........................................................................18, 19

*Davis v. Cranfield Aerospace Sols., Ltd.*,
 71 F.4th 1154 (9th Cir. 2023)...............................................................8, 9

*Delgado v. Trax Bar & Grill*,
 36 Cal.4th 224, 235 (2005) ...................................................... 14, 15, 16, 17

*Diamond Multimedia Sys., Inc. v. Superior Court*,
 19 Cal.4th 1036 (1999).....................................................................10, 11

*Doe v. Deutsche Lufthansa*,
 157 F.4th 1103 (9th Cir. 2025).............................................................9, 10

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
 751 F.3d 990 (9th Cir. 2014) ................................................................. 5

*Executive Jet Aviation, Inc. v. City of Cleveland*,
 409 U.S. 249 (1972) ...........................................................................12

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
 592 U.S. 351 (2021) ...........................................................................10

*Ford v. Carnival Corp.*,
 553 F. Supp. 3d 765 (C.D. Cal. 2021)....................................................16

*Foremost Ins. Co. v. Richardson*,
 457 U.S. 668 (1982) ...........................................................................12

*Fuld v. Palestine Liberation Org.*,
 606 U.S. 1 (2025) ............................................................................... 6

*Gruver v. Lesman Fisheries Inc.*,
 489 F.3d 978 (9th Cir. 2007) .............................................................13, 14

*H2O Houseboat Vacations, Inc. v. Hernandez*,
 103 F.3d 914 (9th Cir. 1996) ................................................................13

*Holzhauer v. Golden Gate Bridge Highway & Transp. Dist.*,
 899 F.3d 844 (9th Cir. 2018) ................................................................18

*Hughes v. Pair*,
 46 Cal.4th 1035 (2009).........................................................................20

*In re Boon Global Ltd.*,
 923 F.3d 643 (9th Cir. 2019) ................................................................. 9

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*In re First All. Mortg. Co.*,
    471 F.3d 977 (9th Cir. 2006) ................................................................................17

*Int'l Union of Operating Engineers v. County of Plumas*,
    559 F.3d 1041 (9th Cir. 2009) ..............................................................................12

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*,
    513 U.S. 527 (1995) .......................................................................................12, 13

*Kermarec v. Compagnie Generale Transatlantique*,
    358 U.S. 625 (1959) ..............................................................................................16

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1136 (9th Cir. 2017) ............................................................................... 5

*Neilson v. Union Bank of Cal.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003).................................................................17

*Nicole M. v. Sears, Roebuck & Co.*,
    76 Cal. App. 4th 1238 (Cal. Ct. App. 1999).........................................................15

*Peru v. USS Missouri Mem'l Ass'n, Inc.*,
    207 F. App'x 843 (9th Cir. 2006) .........................................................................13

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ............................................................................... 8

*Reid v. Google, Inc.*,
    50 Cal.4th 512 (2010)............................................................................................15

*Rodriguez v. Aquatic Sales Sols. LLC*,
    735 F. Supp. 3d 1208 (C.D. Cal. 2024)................................................................. 6

*Rodriguez v. United States*,
    2017 WL 924458 (C.D. Cal. Mar. 6, 2017) ..........................................................14

*Romero v. Superior Court*,
    89 Cal. App. 4th 1068 (Cal. Ct. App. 2001).........................................................15

*Russo v. APL Marine Servs., Ltd.*,
    135 F. Supp. 3d 1089 (C.D. Cal. 2015)...........................................................10, 11

*Samuels v. Holland Am. Line-USA Inc.*,
    656 F.3d 948 (9th Cir. 2011) ................................................................................16

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .............................................................................6, 8

*Su v. Henry Global Consulting Grp.*,
    2022 WL 19392 (C.D. Cal. Jan. 3, 2022)..............................................................17

*Sullivan v. Oracle Corp.*,
    51 Cal.4th 1191 (2011)..........................................................................................10

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*Toutounchian v. Princess Cruise Lines Ltd.*,
  2020 WL 10897923 (C.D. Cal. Aug. 17, 2020) .......................................................14

*Visconti v. Consol. Rail Corp.*,
  801 F. Supp. 1200 (S.D.N.Y. 1992)........................................................................21

*Wallis v. Princess Cruises, Inc.*,
  306 F.3d 827 (9th Cir. 2002) ...............................................................18, 19, 21

*Ward v. United Airlines, Inc.*,
  9 Cal.5th 732 (2020)...............................................................................................10

*Wawrzenski v. United Airlines, Inc.*,
  106 Cal. App. 5th 663 (Cal. Ct. App. 2024)........................................................20

*Williams v. Fremont Corners, Inc.*,
  37 Cal. App. 5th 654 (Cal. Ct. App. 2019).....................................................14, 15

*York v. Commodore Cruise Line, Ltd.*,
  863 F. Supp. 159 (S.D.N.Y. 1994)........................................................................21

**Statutes**

28 U.S.C. § 1332........................................................................................................ 4

28 U.S.C. § 1333........................................................................................................ 4

**Other Authorities**

Restatement (Second) of Torts (1965)........................................................................18

**Rules**

Fed. R. Civ. P. 12...................................................................................................... 1

Fed. R. Civ. P. 9........................................................................................................ 4

Defendants Sean Combs and Christian Combs respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss Plaintiff Grace O'Marcaigh's ("Plaintiff") First Amended Complaint, filed on April 21, 2026 (the "FAC").  Sean Combs moves to dismiss the FAC under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) for: (1) lack of personal jurisdiction and (2) failure to state a claim upon which relief can be granted (the "Motion to Dismiss").  Defendant Christian Combs moves to dismiss all maritime claims against him for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[1]

## **INTRODUCTION**

The FAC does not cure the jurisdictional defects that required dismissal of the first complaint (the "Complaint") against Sean Combs.  (Dkt. No. 37; the "March 31 Order".)  The Court ruled that it lacked personal jurisdiction because: (i) he is domiciled in Florida; (ii) the alleged events occurred on a yacht near the U.S. Virgin Islands; (iii) Plaintiff is not a California resident; and (iv) the claims do not arise from any California-directed conduct.

The FAC adds no additional facts.  It simply recasts the same business filings and yacht agreement the Court has rejected.  None of those allegations demonstrate that Sean Combs purposefully directed conduct toward California, purposefully availed himself of California law, or caused any California injury.  This action should be dismissed against him again because Plaintiff has asserted personal jurisdiction when this Court has ruled it does not exist.[2]

---

[1]  If the Court rules that maritime jurisdiction exists, then the common law claims should be dismissed against Christian Combs because maritime and state claims cannot be simultaneously pursued.  *See infra* at p. 14.

[2] A proposed sanctions motion under Rule 11 was sent to Plaintiff's counsel on June 18, 2026.  Despite the March 31 Order, which denied hunch-based discovery, Plaintiff realleged claims against Sean Combs without new grounds.  Plaintiff has regurgitated the arguments and facts previously rejected.  Such indifference to facts, law, and rulings is sanctionable under Rule 11.

Plaintiff purports to allege California common-law claims arising from certain alleged conduct occurring entirely outside California, involving a foreign national, a Florida defendant, a foreign registered yacht, and a Caribbean voyage. California law is inapplicable. Nor can Plaintiff sue Sean Combs by alleging maritime claims. She previously disclaimed admiralty jurisdiction. And the alleged incident—an assault by a guest aboard a moored yacht—was not, and cannot be construed to be, maritime commerce or maritime activity. Admiralty jurisdiction is inapplicable.

Even assuming the Court possessed jurisdiction, the FAC fails to state any maritime-based claim against Sean Combs. Plaintiff does not allege that he: (i) owned, leased, operated, or controlled the yacht; (ii) witnessed the alleged assault; (iii) knew that Christian Combs intended to assault Plaintiff; (iv) substantially assisted an assault; or (v) directed "extreme and outrageous" conduct on anyone. The FAC pleads conclusory allegations that Sean Combs fostered a "lawless" atmosphere and paid to suppress an investigation. Those allegations are deficient to sustain any claim.

Because the FAC does not cure the jurisdictional defects and fails to state any claim against Sean Combs, the Motion to Dismiss should be granted.

**BACKGROUND**

**A. Factual Allegations**

Plaintiff allegedly worked as a temporary stewardess for a vessel-crewing service. (FAC ¶ 15.) In 2022, Plaintiff was assigned to the yacht Victorious, owned by September Yachting Limited, and operated by Fraser Worldwide SAM. (*Id.*) She was a crewmember at sea and helped service portside charters. (*Id.* ¶¶ 15-16.) In December 2022, Janice Combs Music Holdings, Inc. ("JCM") chartered the Victorious for the year-end holidays with Sean Combs as a guest. (*Id.* ¶¶ 17-18.) For that voyage, Plaintiff was assigned the shift from 6:00 p.m. to 6:00 a.m. (*Id.* ¶ 19.)

On December 28, 2022, during the second week, the FAC alleges that Christian Combs (Sean Combs's son), who allegedly slept on land, came aboard the docked vessel while intoxicated to use its recording studio. (*Id.* ¶¶ 20, 23-24.) Once in the

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

studio, he, guests, and crew allegedly drank tequila shots, in which Plaintiff partook. (*Id.* ¶¶ 24-25.)  After Plaintiff imbibed alcohol, Christian Combs allegedly prevented her from leaving, pressured her to drink, and groped and kissed her.  (*Id.* ¶¶ 27-28.) Plaintiff left the studio and went back to work.  (*Id.* ¶ 29.)

Christian Combs allegedly tracked Plaintiff down in the yacht and told her he was sleeping aboard the vessel.  (*Id.* ¶ 30.)  Plaintiff allegedly directed him to the cinema room, which was used for overflow guests.  (*Id.*)  Christian Combs allegedly blocked Plaintiff's exit, groped her, and attempted to force her to perform oral sex.  (*Id.* ¶ 31.)  Plaintiff's co-worker, with whom she was romantically involved, assisted Plaintiff in exiting the situation.  (*Id.*)

Plaintiff allegedly reported the incident to the captain, who purportedly blamed her for the incident because she partied and consumed alcohol.  (*Id.* ¶¶ 33, 39.)  The captain also allegedly refused to reassign Plaintiff, requiring her to continue interacting with Christian Combs.  (*Id.*)  Plaintiff further alleges that Sean Combs later paid off the captain.  (*Id.* ¶ 34.)  The FAC acknowledges by omission that Sean Combs was not present for the alleged encounters.  (*Id.* ¶¶ 23-31.)

**B. Procedural History**

On April 4, 2024, Plaintiff filed the Complaint in the Superior Court.  On April 24, 2025, Defendants timely removed it.  (Dkt. No. 1.)  On July 25, 2025, Defendants moved to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim.  (Dkt. No. 18.)

Plaintiff's opposition to the motion argued that personal jurisdiction existed because Sean Combs allegedly maintained California contacts through real property ownership and business.  (Dkt. No. 20 at 10-11.)  Plaintiff offered documents for judicial notice.  (Dkt. No. 20-1 at 3-4.)  However, the Court concluded, even after taking judicial notice, "that it [did] not have personal jurisdiction over Sean [Combs] because Plaintiff fails to draw any connection between [his] business dealings in California and the allegations at issue in this suit."  (Dkt. No. 37 at 9.)  Indeed, Sean

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Combs established the absence of any contractual privity with the yacht agreement (the "Charter Agreement").  (Dkt. No. 18-2 ¶¶ 12-15; pp. 37-45.)

Under the March 31 Order, the Court dismissed Sean Combs for lack of personal jurisdiction.  (Dkt. No. 37 at 10.)  The Court held that general jurisdiction did not exist because Sean Combs was not domiciled in California during the relevant period.  (*Id.* at 5-6.)  The Court further held that specific jurisdiction was lacking because: (1) Sean Combs did not purposefully direct activities toward California; (2) he did not purposefully avail himself of the privilege of conducting activities in California related to Plaintiff's claims; and (3) Plaintiff's claims did not arise out of California-based conduct.  (*Id.* at 6-10.)

The Court granted Plaintiff leave to amend the Complaint and, on April 21, 2026, Plaintiff filed the FAC. (Dkt. No. 38.)  The FAC repeats claims against Sean Combs for premises liability and aiding and abetting, while adding an intentional infliction of emotional distress claim ("IIED"), which was previously asserted against Christian Combs.  (FAC ¶¶ 59-80.)

The FAC purports to expand the basis for subject matter jurisdiction, as well as personal jurisdiction over Sean Combs.  The FAC invokes diversity jurisdiction under 28 U.S.C. § 1332 and concedes admiralty jurisdiction under 28 U.S.C. § 1333 is *neither sought nor appropriate*.  (FAC ¶ 6.)  However, the FAC invokes Fed. R. Civ. P. 9(h) to make unambiguous that Plaintiff asserts claims under Section 1332 only.  (*Id.* ¶ 8.)  Lastly, the FAC alleges that if diversity jurisdiction is absent, and if the sole basis for subject matter jurisdiction is under admiralty, then the FAC asserts alternative claims in lieu of the common law claims against Sean Combs for maritime negligence, maritime joint tortfeasor liability, and maritime IIED.  (*Id.* ¶¶ 8, 59-80.)

The FAC further purports to allege jurisdiction based on the same business documents invoked under the dismissed Complaint.  (*Compare* Diggs Decl. at 2-33 (Dkt. No. 38-1) *with* Req. for Jud. Not. at 6-21 (Dkt. No. 20-1) and Combs Decl. at

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

37-45 (Dkt. No. 20-1).)  The FAC does not allege any new jurisdictional facts or an explanation for why the March 31 Order is now inapplicable.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation omitted).  Accordingly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," requiring dismissal.  *Iqbal*, 556 U.S. at 678; *see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

## ARGUMENT

### A. The Court Lacks Personal Jurisdiction Over Sean Combs

Due process permits personal jurisdiction only where the defendant has sufficient minimum contacts with the forum.  *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).  Once jurisdiction is challenged, the plaintiff bears the burden of proving facts sufficient to establish that jurisdiction is appropriate.  *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  To make the requisite *prima facie* showing to establish personal jurisdiction, a plaintiff must produce "admissible evidence, which, if believed, would be sufficient to establish the existence of personal jurisdiction."  *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979 (N.D. Cal. 2016) (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)).

Because no federal statute supplies a different jurisdictional rule, California law applies; and because California's long-arm statute is coextensive with federal due process, the question becomes whether jurisdiction here comports with constitutional

limits.  *See Boschetto*, 539 F.3d at 1015.  The Due Process Clause therefore governs. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).  The modern framework derives from *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), which recognized two different types of personal jurisdiction: general and specific.  *See Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025).

The FAC concedes general jurisdiction is absent.  As the Court's March 31 Order stated, general jurisdiction is available only in the state in which an individual is domiciled.  *See Daimler*, 571 U.S. at 137; (Dkt. No. 37 at 5-6.)  The FAC alleges Sean Combs is domiciled in Florida.  (FAC ¶ 6 ("DEFENDANT S. COMBS is a citizen of Florida.").)

As this Court has recognized, specific jurisdiction exists where: "(1) the defendant purposefully direct[s] his activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum . . . (2) the claim . . . arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction [] comport[s] with fair play and substantial justice[.]" (Dkt. No. 37 at 6-7 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).)[3]  The FAC fails each step, resulting in no personal jurisdiction.

1. *The FAC Does Not Establish Purposeful Direction/Purposeful Availment*

Purposeful direction requires that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Rodriguez v. Aquatic Sales Sols. LLC*, 735 F. Supp. 3d 1208, 1220 (C.D. Cal. 2024) (applying "effects test" from *Calder v. Jones*, 465 U.S. 783 (1984)).  The FAC alleges no new jurisdictional facts altering the outcome under the March 31 Order, as it repackages the same facts and documents that were insufficient.

---

[3] The test for specific jurisdiction is the same regardless of whether subject matter jurisdiction arises under 28 U.S.C. § 1332 or 28 U.S.C. § 1333.  (Dkt. No. 37 at 6-7.)

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

The purported amendment makes the same jurisdictional theory in a new form:

1. Sean Combs allegedly served as Chief Executive Officer of JCM, which purportedly maintained a California principal place of business;

2. Sean Combs allegedly served as Manager of 450 Alton, LLC, which purportedly maintained a California principal place of business;

3. The Charter Agreement was allegedly "arranged, authorized, and executed from California" by California-based actors; and

4. Plaintiff's purported injuries "arose directly out of" items 1-3 above.

(FAC ¶¶ 10-14.)

Plaintiff advanced the identical theory in opposing Defendants' first motion to dismiss. (Dkt. No. 37.) She previously relied on the JCM and 450 Alton, LLC documents. (Dkt. No. 20-1 at 1-5.) Plaintiff mistakenly argued that JCM chartered the yacht for Sean Combs's benefit and that California-based actors executed the Charter Agreement at his direction. (Dkt. No. 1 ¶¶ 26, 146-50; Dkt. No. 20 at 11, 20-21.) Sean Combs offered the Charter Agreement, disproving that assertion. (Dkt. No. 18-2 at 37-45.)

The Court considered the allegations and documents and held personal jurisdiction absent. (Dkt. No. 37 at 5-10.) JCM identified "Sean Combs as the Chief Executive Officer of the corporation and listing its principal office at **9255 Sunset Blvd., 2nd Floor, West Hollywood, California 90069**." (Dkt. No. 20-1 at 3, 7-8, 10-11) (emphasis in original).) And it also identified Sean Combs's "Officer Address" as "1710 Broadway, New York, New York." (*Id*. at 7, 10.) The 450 Alton, LLC Articles of Organization identify "Sean Combs" as "Manager" of the Florida limited liability company, with its "Principal Office" and "Mailing Address" at "1710 Broadway, New York, New York." (*Id.* at 16-17.) The Annual Statements for 450 Alton LLC, between 2022 and 2025, show inconsistent addresses, listing both New York and California. (*Id.* at 18-21.) Regardless, Sean Combs's unrebutted declaration established—and the

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

FAC concedes—that since 2020 he has resided and been domiciled in Florida. (Dkt. No. 18-1 ¶¶ 3-10; FAC ¶ 6.)

The second and third elements for satisfying purposeful direction remain unmet again. (Dkt. No. 37 at 7-8.) Even if JCM chartered the yacht for Sean Combs's benefit, the relevant events occurred near the Virgin Islands, not in California. Plaintiff's alleged injuries also occurred outside California, and Plaintiff is a citizen/resident of Ireland. (FAC ¶¶ 1, 6.) The FAC fails to allege conduct expressly aimed at California or harm suffered there.

The FAC likewise fails to plead purposeful availment, which requires conduct showing that a defendant invoked the benefits and protections of the forum's laws such that one could reasonably anticipate being haled into court. *See Schwarzenegger*, 374 F.3d at 802. Nothing in the FAC supports the conclusion that Sean Combs should have anticipated a lawsuit in California over an alleged incident he did not commit, aboard a yacht he did not charter or control, in international waters.

Neither JCM's alleged California contacts nor the Charter Agreement fill the missing gaps. Although "[p]urposeful availment can be established by a contract's negotiations, its terms, its contemplated future consequences, and the parties' actual course of dealing," the "unilateral activity of another party does not meet this standard." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023). Sean Combs was not a signatory of the Charter Agreement, and he was living in Florida when it was negotiated overseas. Even if JCM executed the Charter Agreement—not more than conclusorily alleged—that single contact would be insufficient to constitute Sean Combs's personal availment in the state. *See Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (personal jurisdiction cannot be established by another's forum contacts).

The Charter Agreement points away from California, as it concerns a yachting holiday between "20 December 2022" and "3 January 2023," and was transacted in "London" between "Owner" "September Yachting Limited, Floor 4, Willow House,

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Cricket Square, Grand Cayman," and JCM, through "Broker" "Edmiston & Company, Ltd., Commerce House, 1 Bowring Road, Isle of Man," and "Stakeholder" Fraser Worldwide SAM, 20 Avenue de Fontvieille 98000, Monaco." (Dkt. No. 38-1 at 25.) The place of delivery of the yacht was "St. Martin, Caribbean." (*Id.*) The Charter Agreement is governed under "English law," and requires arbitration before the "London Maritime Arbitrators Association." (*Id.* at 31.)

None of these facts show that Sean Combs purposefully availed himself of California. *See Davis*, 71 F.4th at 1163 (no purposeful availment if "[n]either the contract's negotiations, terms, nor contemplated consequences establish[ed] that [non-resident defendant] established a connection" with forum state); *Chi Shun Hua Steel Co. Ltd. v. Novelly*, 759 F. Supp. 595, 597-99 (N.D. Cal. 1991) (no purposeful availment where defendant participated only in contract negotiations (no personal execution) involving a single California party among foreign parties).

2. *The FAC Does Not Allege Claims Arising From or Relating to Any California Conduct by Sean Combs*

The second specific-jurisdiction element requires that "the defendant's contacts wit the forum [] be a but-for cause of the plaintiff's claims" or that there exists a "connection between a plaintiff's suit and a defendant's activities" in the forum. *Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1112 (9th Cir. 2025) (quotation omitted). The FAC speculates that Sean Combs directed JCM's negotiation/execution of the Charter Agreement. (FAC ¶¶ 11-13.) But the FAC and Charter Agreement contain no facts supporting that inference; the Charter Agreement was signed by "Tarik Brooks" "FOR AND ON BEHALF OF: JCM." (Dkt. No. 38-1 at 33.) Regardless, acts by a third person do not establish the required connection to Sean Combs. *See In re Boon Global Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) ("[A] corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum." (alteration in original) (quotation omitted)).

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

The FAC also fails to allege that Plaintiff's purported injuries would have been avoided "but-for" Sean Combs's alleged direction over Brooks to negotiate/sign the Charter Agreement for JCM.  The FAC is missing allegations that JCM was required to be the yacht lessee, or that a non-California entity could not have been used.  *See Doe*, 157 F.4th at 1112 (discussing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021)).  Nor is there a basis to conclude or infer that Plaintiff's claims are connected to purported direction by Sean Combs to negotiate/execute the Charter Agreement.  In fact, the yacht was not chartered in California and Plaintiff was not injured/harmed in California.  *See id.* (discussing *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255 (2017)).  The action has nothing to do with California.

Because the FAC fails to satisfy the first and second elements of specific jurisdiction, as previously ruled, the Court should dismiss the claims with prejudice against Sean Combs.

**B. Plaintiff Cannot Assert Claims Against Sean Combs Under California Law**

The conduct underlying Plaintiff's claims indisputably occurred outside of California.  Yet Plaintiff relies on California law.  Like federal law, California presumes that its laws do not apply extraterritorially.  *See Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207 (2011); *Daramola v. Oracle Am., Inc.*, 92 F.4th 833, 843 (9th Cir. 2024).  California courts presume its legislature did not intend a law to govern out-of-state conduct unless that intent is clearly expressed or reasonably inferred.  *See Sullivan*, 51 Cal.4th at 1207.  That presumption reflects the principle that a legislature legislates for domestic concerns, which helps avoid unintended conflicts with other sovereigns.  *See Ward v. United Airlines, Inc.*, 9 Cal.5th 732, 749-50 (2020).

Plaintiff's claims against Sean Combs arise under California common law rather than by statute, but the same territorial limitation applies.  Although the presumption against extraterritoriality does not technically govern common-law claims, California law still imposes its own territorial limits.  *See Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1096 (C.D. Cal. 2015).  The relevant inquiry is whether "the conduct

which gives rise to liability . . . occurs in California." *Id.* (quoting *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 1059 (1999)).  Here, none of the conduct occurred in California.  Plaintiff's California common law claims should be dismissed against Sean Combs.

That conclusion would not change if the Court considered admiralty jurisdiction *sua sponte*.  First, the FAC alleges that if the case proceeds in admiralty, Plaintiff withdraws her California claims and asserts only maritime claims.  (FAC ¶ 8.)  Second, admiralty jurisdiction cannot expand the common law beyond California's territorial limits.

*Russo* is instructive.  There, the plaintiff asserted California and federal claims, including sexual harassment, sexual discrimination, negligence, and unseaworthiness, based on conduct on the high seas.  *See Russo*, 135 F. Supp. 3d at 1091.  The court recognized diversity, admiralty, and federal-question jurisdiction.  (Not. of Removal, *Russo v. APL Marine Servs., Ltd.* (No. 14-cv-3184), Dkt. No. 1 ¶¶ 8-16.)  Even so, it held that the common-law claims were barred because the alleged wrongdoing occurred in international waters.  *See Russo*, 135 F. Supp. 3d at 1096.  That same rule controls here.  California law cannot govern alleged wrongdoing outside California between non-California citizens.  *See id.* at 1092-93 (declining to apply California common law to out-of-state conduct).

Plaintiff's attempt to litigate purported misconduct in the Caribbean under California law is impermissible forum-shopping.  She cannot hale a Florida citizen into a California court based on out-of-state conduct because she perceives California law to be more favorable.  The California claims against Sean Combs should be dismissed with prejudice.

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## C. Admiralty Jurisdiction Does Not Apply to Plaintiff's Claims

The FAC purports to allege alternative claims for maritime negligence, joint tortfeasor liability, and IIED.  (FAC ¶¶ 8, 59-80.)  Those claims fail because admiralty jurisdiction—which Plaintiff disclaimed—does not apply.  (FAC ¶ 8.)[4]

The Supreme Court has emphasized that admiralty jurisdiction exists to protect "maritime commerce."  *See Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982).  That principle is not boundless: "not every accident in navigable waters that might disrupt maritime commerce will support federal admiralty jurisdiction."  *Id.* at 675 n.5.   Admiralty jurisdiction for torts requires satisfying the "location" and "connection" tests.

The location test discerns whether the tort occurred on navigable waters or was caused by a vessel on navigable waters.  *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  And the connection test discerns whether the incident could disrupt maritime commerce and whether the general character of the activity bears a substantial relationship to traditional maritime activity.  *See id.*  Thus, for the connection test, the question is "whether a tortfeasor's activity, commercial or noncommercial, on navigable waters is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand."  *Grubart*, 513 U.S. at 539; *see Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 255-56 (1972).   Plaintiff and Defendants are aligned on the non-applicability of admiralty jurisdiction.   Plaintiff contends that admiralty jurisdiction is absent because the alleged misconduct is "purely personal [] acts bearing no relationship to maritime commerce, navigation, or any traditional maritime activity."  (FAC ¶ 7.)  Thus, the law and positions are the same, as the alleged assault had no potential to disrupt maritime commerce.  The FAC does not

---

[4] A defendant is not estopped from challenging subject matter jurisdiction even if the challenge conflicts with a prior filed notice of removal.  *See Int'l Union of Operating Engineers v. County of Plumas*, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

allege that it affected surrounding navigation, delayed the voyage, or interfered with maritime operations.

*H2O Houseboat Vacations, Inc. v. Hernandez*, 103 F.3d 914 (9th Cir. 1996), is instructive. There, a family rented a houseboat from a commercial houseboat-rental company. *See id.* at 915. While the boat was docked, family members were injured by carbon monoxide fumes. *See id.* The family sued the rental company, which subsequently filed a federal action that was dismissed for lack of subject matter jurisdiction. *See id.* at 915-16.

The Ninth Circuit affirmed, holding that the injuries had "no potential to disrupt maritime commerce." *Id.* at 916. It recognized no possibility that fumes on a *moored vessel* (like here) would leak and cause damage to persons on surrounding vessels, foreclosing the possibility of disrupting surrounding navigation. *See id.* at 916-17; *see also Peru v. USS Missouri Mem'l Ass'n, Inc.*, 207 F. App'x 843, 844 (9th Cir. 2006) (finding no admiralty jurisdiction of injured employee aboard docked ship because "the alleged incident could not possibly disrupt maritime commerce."); (FAC ¶ 23.)

Nor does the alleged incident, an assault, have a substantial relationship to traditional maritime activity. *See Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 984 (9th Cir. 2007) ("We [] reject the possibility that the assault could be the relevant activity for the purposes of the connection test's second prong."). Something beyond a mere assault must be present that *connects* the assault to maritime activity. *See id.*

The FAC offers no allegations to draw such connection to maritime activity. Defendants are not maritime companies, shipping operators, or crew members. They were guests aboard a vessel chartered by JCM. And Defendants were not engaged in maritime-related conduct at the time of the alleged assault. That absence is fatal because the inquiry focuses on whether the *tortfeasor* was engaged in "traditional maritime activity" at the time of the tort. *See Grubart*, 513 U.S. at 541; *Gruver*, 489 F.3d at 984 ("[W]e have found no case in which a court has determined that the tort and the activity giving rise to the tort are interchangeable for the purposes of the

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

jurisdictional inquiry."). For example, in *Gruver*, an assault was within the bounds of traditional maritime activity because it *arose from a wage dispute between crew members*. *See Gruver*, 489 F.3d at 984. The wage dispute, not the assault, was the needed maritime background to find maritime jurisdiction. *See id.* at 984-85.

Because the allegations fail to satisfy the connection test, the Court should not exercise admiralty jurisdiction and the alternative claims should be dismissed against Defendants.

## D. The FAC Cannot Assert Both Common Law and Maritime Claims Against Defendants

Plaintiff cannot maintain the identical California and maritime claims at the same time against Defendants. "California law applies only when maritime law is not applicable." *Toutounchian v. Princess Cruise Lines Ltd.*, 2020 WL 10897923, at *5 (C.D. Cal. Aug. 17, 2020). At a minimum, the Court must dismiss either the California claims or the maritime claims with prejudice. *See id.* ("[W]here substantive maritime law applies to a negligence claim, California law cannot also apply to that same negligence claim.").

## E. The FAC Fails to State a Claim Against Sean Combs

### 1. *Premises Liability (Alternatively, Maritime Negligence)*

A premises-liability claim requires plausible allegations that: "(1) the defendant owned, leased, occupied, or controlled the property; (2) the defendant was negligent in the use or maintenance of the property; (3) the plaintiff was harmed; and (4) the defendant's negligence was a substantial factor in causing the plaintiff's harm." *Rodriguez v. United States*, 2017 WL 924458, at *2 (C.D. Cal. Mar. 6, 2017).

The FAC alleges only that Sean Combs encouraged a "lawless" atmosphere aboard the Victorious by hosting parties involving prostitution, drug use, and fights. (FAC ¶¶ 21, 35-39.) Those allegations do not plead negligence. California generally imposes no duty to protect others from third-party conduct. *See Delgado v. Trax Bar & Grill*, 36 Cal.4th 224, 235 (2005); *Williams v. Fremont Corners, Inc.*, 37 Cal. App.

5th 654, 663 (Cal. Ct. App. 2019). A limited premises-liability exception exists only where third-party misconduct "can be reasonably anticipated." *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal.4th 666, 676 (1993), *distinguished on other grounds by Reid v. Google, Inc.*, 50 Cal.4th 512 (2010).

The exception derives from the "special relationship doctrine," under which certain *business proprietors* must take reasonable measures to protect patrons or invitees from foreseeable criminal acts by third parties. *Delgado*, 36 Cal.4th at 235-36 (citing the "general duty of maintenance, which is owed to tenants and patrons"). No such relationship exists here. Sean Combs was not Plaintiff's employer. He did not own, lease, manage, or charter the vessel. (Dkt. No. 38-1 at 25-33.) He was not a business proprietor with a duty to protect patrons or invitees and he had no contractual or other special relationship with Plaintiff.

The FAC also does not allege that Christian Combs's alleged assault was foreseeable to Sean Combs. Foreseeability is a "crucial factor" to any duty to control third-party wrongdoing. *Ann M.*, 6 Cal.4th at 676. Courts assess foreseeability restrictively, requiring prior similar incidents or other facts showing that the specific type of wrongful conduct was foreseeable. *See Delgado*, 36 Cal.4th at 238-40. The FAC does not allege that Sean Combs knew of any prior sexual assault by Christian Combs or any propensity by him to commit one. *See Romero v. Superior Court,* 89 Cal. App. 4th 1068, 1089 (Cal. Ct. App. 2001) (for premises liability, "it is not enough to assert that it is conceivable [an individual] might engage in sexual misconduct"; plaintiff must show that defendant "had prior actual knowledge" of the "assailant's propensity" to commit sexual assault); *Nicole M. v. Sears, Roebuck & Co.*, 76 Cal. App. 4th 1238, 1248 (Cal. Ct. App. 1999) ("The requisite degree of foreseeability rarely, if ever, can be proven in the absence of prior similar incidents of violent crime on the landowner's premises."). Because the FAC does not plead ownership, control, duty, foreseeability, breach, or causation, the premises-liability claim should be dismissed with prejudice.

Plaintiff's alternative maritime negligence claim also fails.  Maritime negligence claims arise from the principle that "the *owner of a ship* in navigable waters owes to all who are on board . . . the duty of exercising reasonable care under the circumstances of each case."  *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959) (emphasis added); *see Ford v. Carnival Corp.*, 553 F. Supp. 3d 765, 770 (C.D. Cal. 2021).   The elements of maritime negligence are the same as common law negligence:  duty, breach, causation, and damages.  *See Ford*, 553 F. Supp. 3d at 770. Plaintiff's maritime-negligence theory fails for the same reason as premises-liability: Sean Combs owed no duty to protect Plaintiff from criminal acts by a third party.

Maritime negligence recognizes different duties depending on risk.  "Where the condition constituting the basis of the plaintiff's claim is not unique to the maritime context, a carrier must have actual or constructive notice of the risk-creating condition before it can be held liable."  *Id.* (quotation omitted).  "In contrast, where the condition is peculiar to the maritime context, a heightened duty of care is required."  *Id.*  An alleged "lawless" party atmosphere is not unique to maritime activities, as it could exist in any rented space or private residence.  (FAC ¶¶ 21, 35-39); *see Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (condition must be "uniquely associated with maritime travel").  The ordinary duty-of-care standard applies.  *See Ford*, 553 F. Supp. 3d at 771 (COVID transmission not unique to maritime travel because it exists "in any setting where individuals are in close proximity and engaged in prolonged interpersonal contact").

The FAC fails to plead that Sean Combs owed Plaintiff any duty under a heightened standard.  First, he was neither the vessel's owner nor its charterer.  (Dkt. No. 38-1 at 25-33); *see Alexander v. United States*, 63 F.3d 820, 822 (9th Cir. 1995) (crew-member negligence claims under admiralty law lie against the vessel owner or a charterer with sufficient control "to render it owner *pro hac vice*").  Second, as discussed above, the FAC does not allege that Sean Combs had actual or constructive notice that Christian Combs was likely to sexually assault Plaintiff.  *See Delgado*, 36

Cal.4th at 238-40 (collecting cases). Without such notice, maritime negligence is not plausibly alleged against Sean Combs.

### 2. *Aiding and Abetting (Alternatively Maritime Joint Tortfeasor Liability)*

An aiding and abetting claim requires plausible allegations that "the defendant had actual knowledge of the specific primary wrong [and that] the defendant substantially assisted" in carrying out that wrong with knowledge. *Su v. Henry Global Consulting Grp.*, 2022 WL 19392, at *2 (C.D. Cal. Jan. 3, 2022) (alteration partially in original) (quoting *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (Ct. App. Cal. 2005)). Actual knowledge of the specific tort is essential. *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1118-19 (C.D. Cal. 2003); *Casey*, 127 Cal. App. 4th at 1146. A "vague suspicion of wrongdoing" is insufficient. *In re First All. Mortg. Co.*, 471 F.3d 977, 993 n.4 (9th Cir. 2006). A defendant must make "a conscious decision to participate" in the wrongful act. *Casey*, 127 Cal. App. 4th at 1146 (emphasis removed).

The FAC fails to satisfy the requirements of the claim, as it fails to allege that Sean Combs knew Christian Combs planned to sexually assault Plaintiff, much less that Sean Combs substantially assisted the alleged assault. And it does not allege that Sean Combs was aboard the Victorious when the alleged assault occurred or that he discussed it beforehand with Christian Combs.

The only purported facts alleged concern the alleged party atmosphere Sean Combs purportedly created, involving drugs, sex workers, violence, and disrespect for guests and crew. (FAC ¶¶ 21, 35-38.) Even if accepted, those allegations are far removed from a "conscious decision to participate" in a sexual assault. *Casey*, 127 Cal. App. 4th at 1146. Absent "*actual knowledge* of the specific primary wrong" with "*substantial[]*" assistance in accomplishing the wrong, no claim can lie for aiding and abetting a tort. *Su*, 2022 WL 19392, at *2 (emphasis added). The aiding and abetting claim should be dismissed with prejudice.

The alternative maritime joint tortfeasor claim fails for the same reason. Contribution or noncontractual indemnity based on alleged joint-tortfeasor status is not a freestanding cause of action independent of the proposed contributor's or indemnitor's own liability or fault. The Ninth Circuit has held that "indemnification is not available unless the indemnitor could be held directly liable to the person injured," and that "unless a cause of action exists" against the proposed indemnitor/contributor, "no right of indemnification or contribution" exists. *Cal. Home Brands, Inc. v. Ferreira*, 871 F.2d 830, 833-34 (9th Cir. 1989); *see Holzhauer v. Golden Gate Bridge Highway & Transp. Dist.*, 899 F.3d 844, 851 (9th Cir. 2018).

Because the FAC does not plausibly allege any underlying liability by Sean Combs for aiding and abetting, Plaintiff cannot impose maritime joint-tortfeasor liability on him. That alternative claim should be dismissed against him with prejudice.

3. *IIED (Alternatively, Maritime IIED)*

IIED requires plausible allegations of: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) suffering severe or extreme emotional distress caused by the defendant; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct[.]" *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982) (quotation omitted). Those elements are not plausibly alleged in the FAC.

The "extreme and outrageous conduct" element is demanding. It is not enough "that the defendant has acted with an intention which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002) (quoting Restatement (Second) of Torts § 46 cmt. D (1965)). Rather, "the conduct [must be] so outrageous in character, and so extreme in degree,

as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (emphasis removed).

Sean Combs's alleged failure to protect Plaintiff from Christian Combs's assault by allegedly paying off the vessel's captain to suppress an investigation is an insufficient predicate for such a claim. (FAC ¶ 34, 77.) First, no allegation is pleaded that Sean Combs engaged in any conduct *with the intention* of causing Plaintiff "emotional distress," rendering this requirement unmet. *See Davidson*, 32 Cal.3d at 209 (first element requires extreme and outrageous conduct "*with the intention* of causing, or reckless disregard of the probability of causing, emotional distress" (emphasis added)); *Clavon v. TSAY JBR, Inc.*, 2010 WL 11601827, at *5 (C.D. Cal. Oct. 21, 2010) (dismissing IIED claim because only extreme and outrageous conduct alleged, which did "not speak to mental state specifically with regard to the infliction of emotional distress"). Regardless, the conduct alleged is not sufficiently "extreme or outrageous."

The alleged conduct was not purportedly directed at Plaintiff. The FAC alleges that Sean Combs paid the captain to "suppress any investigation" and "to dissuade him from protecting" Plaintiff. (FAC ¶¶ 34, 77.) An IIED claim requires conduct "directed at the plaintiff, or occur[ring] in the presence of a plaintiff of whom the defendant is aware." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991). The alleged payment was directed to the vessel's captain, who allegedly controlled the investigation. (FAC ¶¶ 34, 77.) The FAC fails to allege Plaintiff was present when the purported payment occurred, which is insufficient. *See Christensen*, 54 Cal.3d at 903-06 (collecting cases).

Such conduct also would not qualify as "extreme and outrageous" even if it were directed at Plaintiff. Courts have sustained IIED claims based on coverups only where the alleged facts were far more egregious than a single hush-money payment. *Bohnert v. Roman Catholic Archbishop of S.F.*, 67 F. Supp. 3d 1091 (N.D. Cal. 2014), is instructive. There, the school allegedly destroyed evidence, misrepresented facts to

police and the community, refused to investigate, and failed to report similar incidents over three years. *See id.* at 1094, 1099. The FAC alleges nothing close to those facts. Sean Combs was not Plaintiff's employer, did not destroy evidence, did not direct anyone to destroy evidence, and had no knowledge of prior assaults involving Christian Combs. A single, alleged payment to the captain, without more, is not active, ongoing deception directed at law enforcement. *See id.* at 1099.

The FAC also fails to allege "severe emotional distress" caused by Sean Combs. "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009), *abrogated by statute on other grounds, as stated in Wawrzenski v. United Airlines, Inc.*, 106 Cal. App. 5th 663, 699 (Cal. Ct. App. 2024) (alteration in original) (quotation omitted). This is a "high bar." *Id.* In *Hughes*, allegations of "discomfort, worry, anxiety, upset stomach, concern, and agitation" were insufficient. *Id.* Likewise, in *Angie M. v. Superior Court*, 37 Cal. App. 4th 1217 (Cal. Ct. App. 1995), the "severe emotional distress" element was unsatisfied where a 48-year-old doctor allegedly engaged in an extended sexual relationship with a minor employee, gave her alcohol and controlled substances, and paid her to purchase controlled substances for him. *See id.* at 1226-27. This was the case even though the court found such action sufficient to constitute "extreme and outrageous conduct." *Id.*

Here, Plaintiff alleges that nearly all her physical and emotional injuries flowed from the alleged assault, not from Sean Combs's subsequent alleged conduct. (FAC ¶¶ 41-42.) What she apparently blames Sean Combs for is her firing and claimed difficulty finding substitute industry employment. (FAC ¶¶ 40, 43.) Those allegations fall far short even of the "severe emotional distress" allegations that were insufficient in *Hughes* and *Angie M.* The IIED claim should therefore be dismissed with prejudice.

Plaintiff's alternative claim for maritime IIED fails for the same reasons against Sean Combs because the elements and standards for maritime IIED are the same as

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

common law IIED. *See Wallis*, 306 F.3d 827, 841-42. That standard "is extremely difficult to meet." *Id.* at 842; *see id.* (citing exemplars of *York v. Commodore Cruise Line, Ltd.,* 863 F. Supp. 159 (S.D.N.Y. 1994) and *Visconti v. Consol. Rail Corp.*, 801 F. Supp. 1200 (S.D.N.Y. 1992)). The FAC does not meet the demanding standard for maritime IIED. *See id*. The maritime IIED claim should be dismissed with prejudice against Sean Combs. It should also be dismissed against Christian Combs because Plaintiff cannot simultaneously allege identical common law and maritime claims.

## CONCLUSION

Based on all the foregoing, the Court should grant the Motion to Dismiss and enter an order: (i) dismissing all claims with prejudice against Sean Combs in their entirety, (ii) dismissing the common law or maritime claims (depending on the Court's ruling), with prejudice, against Christian Combs in their entirety, and (iii) for such other and further relief as the Court deems just and proper.

Dated:  June 29, 2026

SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____

Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants Sean Combs and Christian Combs*

## **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,775 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 29, 2026                                    */s/ Michael Schonbuch*

_____

Michael Schonbuch
Lilah N. Cook

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT