Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard, Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Christian Combs
and Sean Combs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GRACE O'MARCAIGH,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN COMBS, an individual, SEAN COMBS, an individual, JOHN and JANE DOES 1–10, and ABE CORPORATIONS 1–10,<br><br>    Defendants. | Case No. 2:25-cv-3650-DMG-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SEAN COMBS'S MOTION FOR SANCTIONS**<br><br>Hearing Date: September 11, 2026<br>Time: 9:30 a.m.<br>Judge: Hon. Dolly M. Gee<br>Courtroom: 8C<br><br>[Filed concurrently with Notice of Motion, Declarations of Michael N. Schonbuch and Lilah N. Cook, and [Proposed] Order] |

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

BACKGROUND ..................................................................................................... 3

LEGAL STANDARD............................................................................................. 5

ARGUMENT........................................................................................................... 7

   A.   The Undisputed Facts Establish That No Personal Jurisdiction Exists Against Mr. Combs............................................................................. 7

      1.   The FAC Does Not Establish Purposeful Direction/Purposeful Availment.... 9

      2.   The FAC Does Not Allege Claims Arising From or Relating to Any California Conduct by Mr. Combs...................................... 11

   B.   Plaintiff's Counsel Failed to Conduct an Objectively Reasonable and Competent Inquiry.................................................................................... 12

   C.   Suing Mr. Combs Constitutes Plaintiff's Bad Faith........................................ 14

CONCLUSION ....................................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                           **Page(s)**

*Blixseth v. Yellowstone Mountain Club, LLC*,
  796 F.3d 1004 (9th Cir. 2015) ............................................................................... 6

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ............................................................................... 2

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cnty.*,
  582 U.S. 255 (2017) .......................................................................................11, 12

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
  892 F.2d 802 (9th Cir. 1989) ............................................................................... 6

*Buster v. Greisen*,
  104 F.3d 1186 (9th Cir. 1997) .............................................................................12

*Calder v. Jones*,
  465 U.S. 783 (1984) ............................................................................................. 9

*Caputo v. Tungsten Heavy Powder, Inc.*,
  96 F.4th 1111 (9th Cir. 2024) .............................................................................. 6

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ...........................................................................................6, 7

*Chi Shun Hua Steel Co. Ltd. v. Novelly*,
  759 F. Supp. 595 (N.D. Cal. 1991) ................................................................10, 11

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) .....................................................................5, 6, 14

*Cont'l Air Lines, Inc. v. Grp. Sys. Int'l Far East, Ltd.*,
  109 F.R.D. 594 (C.D. Cal. 1986) .........................................................................13

*Daniels v. CitiMortgage, Inc.*,
  2012 WL 12882136 (C.D. Cal. Apr. 12, 2012) ...................................................... 6

*Davis v. Cranfield Aerospace Sols., Ltd.*,
  71 F.4th 1154 (9th Cir. 2023) .............................................................................10

*Doe v. Deutsche Lufthansa*,
  157 F.4th 1103 (9th Cir. 2025) ...........................................................................11

*E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*,
  432 F. App'x 657 (9th Cir. 2011) ......................................................................... 6

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021) ...........................................................................................11

*Holgate v. Baldwin*,
　425 F.3d 671 (9th Cir. 2005) ...............................................................................12

*In re Boon Global Ltd.*,
　923 F.3d 643 (9th Cir. 2019) ...............................................................................11

*Jones v. Campbell Univ.*,
　322 F. Supp. 3d 106 (D.D.C. 2018) .....................................................................13

*Lake v. Gates*,
　130 F.3d 1064 (9th Cir. 2025) ............................................................................5, 6

*Levine v. FDIC*,
　2 F.3d 476 (2d Cir. 1993) .....................................................................................14

*May v. Gladstone*,
　562 F. Supp. 3d 709 (C.D. Cal. 2021)..................................................................14

*Missud v. Nevada*,
　861 F. Supp. 2d 1044 (N.D. Cal. 2012) ...............................................................14

*New Alaska Dev. Corp. v. Guetschow*,
　869 F.2d 1298 (9th Cir. 1989) ............................................................................... 6

*Paciulan v. George*,
　38 F. Supp. 2d 1128 (N.D. Cal. 1999) .................................................................12

*Picot v. Weston*,
　780 F.3d 1206 (9th Cir. 2015) .............................................................................10

*Rodriguez v. Aquatic Sales Sols. LLC*,
　735 F. Supp. 3d 1208 (C.D. Cal. 2024).................................................................. 9

*Schwarzenegger v. Fred Martin Motor Co.*,
　374 F.3d 797 (9th Cir. 2004) ................................................................................ 9

*Townsend v. Holman Consulting Corp.*,
　929 F.2d 1358 (9th Cir. 1990) .............................................................................13

*Truesdell v. S. Cal. Permanente Med. Grp.*,
　209 F.R.D. 169 (C.D. Cal. 2002) .........................................................................13

*Walden v. Fiore*, 571
　U.S. 277 (2014) ..................................................................................................... 8

*Zheng v. Internet Corp. for Assigned Names and Numbers*,
　813 F. Supp. 3d 1135 (C.D. Cal. 2025)................................................................14

**Statutes**

28 U.S.C. § 1927...............................................................................................1, 6

**Rules**

Fed. R. Civ. P. 11 .................................................................................................1, 2, 5

Defendant Sean Combs respectfully submits this Memorandum of Points and Authorities in support of his motion for sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent powers (the "Sanctions Motion") against Plaintiff Grace O'Marcaigh and her lawyers.  Despite the absence of personal jurisdiction, Plaintiff refuses to end this frivolous action against Mr. Combs in the State of California.

## INTRODUCTION

On March 31, 2026, Mr. Combs was dismissed from the action because the Court ruled that it lacked personal jurisdiction over him.  In finding no "general" jurisdiction, the Court stated:  "O'Marcaigh makes a faint but unconvincing attempt to argue that general jurisdiction exists over Sean [Combs.]" (Dkt. No. 37.)  Indisputably, the Court lacks such jurisdiction.

As for "specific" jurisdiction, the Court ruled that "Plaintiff has failed to establish that Sean [Combs] purposefully directed his activities toward the forum state."  And it further held that "Plaintiff's argument for specific jurisdiction fails at prong two, which requires that the claims arise out of or relate to the defendant's forum-related activities." (*Id*. at 10.)  Indisputably, the claims do not "arise out of or relate to" Mr. Combs's alleged forum-related activities. (*Id.*)

Having so ruled, the Court concluded that "O'Marcaigh has not met her burden to show that Defendant Sean Combs has sufficient minimum contacts with California" to assert personal jurisdiction, whether under the Ninth Circuit's three-part test for non-residents or under admiralty jurisdiction.  For these reasons, the Court granted Mr. Combs's Fed. R. Civ. P. 12(b)(2) motion to dismiss the Complaint. (*Id.*)

The Court also denied Plaintiff's request for jurisdictional discovery because it "rest[ed]" on "'little more than a hunch,'" Plaintiff having "fail[ed] to describe any specific information that she expects to uncover during such discovery and provides no argument for how further jurisdictional discovery into [Mr. Combs's] business contacts

will cure the defects in prong two of the specific jurisdiction analysis."  (*Id*. at 11 (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).)

Despite the Court's exhaustive examination of personal jurisdiction, and having definitively decided that it did not exist over Mr. Combs and could not be cured by hunch-based discovery, Plaintiff nevertheless reasserts claims against Mr. Combs without any new or otherwise valid ground to base personal jurisdiction over him. Plaintiff has merely repackaged the same failed allegations and documents that she previously presented to the Court.  Such indifference to the facts, law, and Court's rulings is sanctionable under Fed. R. Civ. P. 11.

Plaintiff's spin on her amended pleading does not alter the Court's well-settled jurisdictional analysis.  The First Amended Complaint ("FAC") adds immaterial, conclusory assertions about Mr. Combs's alleged relationship to an entity that chartered a yacht for a Caribbean vacation.  And it twists and turns in an attempt to characterize that relationship as California-directed conduct to support finding personal jurisdiction over Mr. Combs.  It fails.

Mr. Combs has lived in Florida since 2020, not California, and he has conducted all of his business during the relevant period from the "Sunshine State."  The controlling authorities make quick work of the failure of Plaintiff's allegations, incinerating any possible suggestion of purposeful direction, availment, or connection between Plaintiff's claims and this forum.  The alleged incident occurred on the high seas in the Caribbean, which is thousands of miles away from California.

Rule 11 does not permit a party to continue litigating claims that are objectively baseless under existing law, or under any possible non-frivolous modification, extension or reversal of existing law, or which lack evidentiary support, or which are filed for an improper purpose.  Yet that is precisely what Plaintiff has done—persisting in pursuing a baseless lawsuit in California against Mr. Combs.  The Court rejected Plaintiff's jurisdictional allegations in a comprehensive, well-considered, written decision.  Plaintiff's counsel was promptly advised in writing that the FAC failed to

DEFENDANT SEAN COMBS' MPA IN SUPPORT OF MOTION FOR SANCTIONS

overcome the jurisdictional defects identified by that decision.  They rejected that view, refusing to withdraw the FAC and insisting, without basis, that a sanctions motion was "procedurally and substantively meritless," and inexplicably reserving rights to seek "appropriate relief" against Mr. Combs (or his lawyers).  Decl. of Michael N. Schonbuch ("Schonbuch Decl."), Ex. B at 1, 3.

Plaintiff's continued pursuit of her claims against Mr. Combs lacks any reasonable basis in law or fact concerning personal jurisdiction over him in California. Nevertheless, Plaintiff and her counsel have allowed the safe-harbor period under Rule 11 to expire without withdrawing her pleading, compelling Mr. Combs to file the Sanctions Motion, and causing him to incur even more legal fees and costs to relieve him of this baseless action.

Because the maintenance of this action against Mr. Combs is frivolous and the product of an unreasonable inquiry into the governing law and facts regarding personal jurisdiction, sanctions should be imposed against Plaintiff and her counsel.

## BACKGROUND

On April 4, 2024, Plaintiff filed the Complaint in the Superior Court of California, Los Angeles County.  The Complaint alleged claims against Mr. Combs and his son, Christian Combs (collectively "Defendants"), arising from events that allegedly occurred in 2022 aboard a yacht on the high seas around the U.S. Virgin Islands.  Plaintiff was employed as a steward as a member of the vessel's crew.

Defendants removed the action to this Court on April 24, 2025.  (Dkt. No. 1.) On July 25, 2025, Defendants moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim upon which relief can be granted (the "Motion to Dismiss").  (Dkt. No. 18.)

By order, dated March 31, 2026 (the "March 31 Order"), the Court ruled that Mr. Combs was not subject to personal jurisdiction for two reasons: (1) general jurisdiction was absent because Mr. Combs resided and was domiciled in Florida—not California—since 2020, as detailed in his unrebutted, sworn declaration (Dkt. No. 18-2

¶¶ 3–10); and (2) specific jurisdiction was absent against Mr. Combs because—besides not chartering the yacht at issue, Plaintiff did not allege "sufficient facts to establish that the intentional acts alleged against Mr. Combs were 'expressly aimed' at California, or that the harm [she] suffered was in California." (Dkt. No. 37 at 8; *id.* at 5–8.)

Plaintiff argued that personal jurisdiction existed because Mr. Combs allegedly maintained California contacts through real property ownership and business activities. (Dkt. No. 20 at 10–11.)  Plaintiff submitted several documents for judicial notice by the Court, including "Statements of Information filed by Janice Combs Music Holdings, Inc." ("JCM") and certain annual reports filed by "450 Alton, LLC." (Dkt. No. 20-1 at 3–4.)

The Court concluded—even after taking judicial notice of almost all the documentary evidence—"that it [did] not have personal jurisdiction over Sean [Combs] because Plaintiff fails to draw any connection between [his] business dealings in California and the allegations at issue in this suit." (Dkt. No. 37 at 9.)  Indeed, Mr. Combs established the absence of any contractual privity with the yacht charter agreement (the "Charter Agreement"), which was submitted as an exhibit with his sworn declaration.  (Dkt. No. 18-2 ¶¶ 12–15; pp. 37–45.)

Under the March 31 Order, the Court dismissed Mr. Combs from the action for lack of personal jurisdiction.  (Dkt. No. 37 at 10.)  The Court held that general jurisdiction did not exist because Mr. Combs was not domiciled in California during the relevant period.  (*Id.* at 5–6.)  The Court further held that specific jurisdiction was lacking because: (1) Mr. Combs did not purposefully direct activities toward California; (2) Mr. Combs did not purposefully avail himself of the privilege of conducting activities in California related to Plaintiff's claims; and (3) Plaintiff's claims did not arise out of any California-related conduct. (*Id.* at 6–10.)

The Court granted Plaintiff leave to amend the Complaint and, on April 21, 2026, Plaintiff filed the FAC. (Dkt. No. 38.)  The FAC does nothing more than re-allege the

DEFENDANT SEAN COMBS' MPA IN SUPPORT OF MOTION FOR SANCTIONS

claims for premises liability and aiding and abetting against Mr. Combs, and includes Mr. Combs with his son for the claim for intentional infliction of emotional distress. (FAC ¶¶ 59–80.) But Plaintiff relies on the same business documents that were before the Court regarding Defendants' Motion to Dismiss, namely, the JCM, 450 Alton, LLC, and Charter Agreement filings. (*Compare* Diggs Decl. at 2–33 (Dkt. No. 38-1) *with* Req. for Jud. Not. at 6–21 (Dkt. No. 20-1) and Combs Decl. at 37–45 (Dkt. No. 20-1).)

On April 28, 2026, Plaintiff was notified by Mr. Combs's lawyers that the FAC still insufficiently alleged personal jurisdiction because no new allegations or evidence were offered to remedy the deficiencies previously identified in the March 31 Order. *See* Schonbuch Decl., Ex. A. On May 5, 2026, Plaintiff responded, contending that Paragraphs 10 through 14 of the FAC alleged "new" facts and that the order granting leave to amend authorized her re-assertion of the same failed jurisdictional allegations. *See* Schonbuch Decl., Ex. B at 1–3.

Mr. Combs served Plaintiff with the Sanctions Motion under the safe-harbor provision of Rule 11. However, Plaintiff refused to voluntarily dismiss the action against Mr. Combs within the required 21-day period, prompting the filing of the Sanctions Motion.

## LEGAL STANDARD

"Filing a complaint in federal court is no trifling undertaking." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). By signing and filing a pleading, an attorney certifies that the claims asserted are warranted by existing law or by a nonfrivolous argument for an extension, modification, or reversal of existing law, that the factual allegations have evidentiary support, and that the filing is not presented for an improper purpose. *See id.*; Fed. R. Civ. P. 11(b).

Rule 11 authorizes sanctions where a filing is objectively frivolous or where counsel fails to conduct a reasonable inquiry into the factual and legal basis for the claims asserted. *See Christian*, 286 F.3d at 1127; *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025); Fed. R. Civ. P. 11(c). The Court applies a two-part analysis in

assessing an award of sanctions under Rule 11: "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian*, 286 F.3d at 1127 (quotation omitted). Subjective good faith is irrelevant to this analysis. *See Lake*, 130 F.4th at 1068; *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 808 (9th Cir. 1989) *aff'd* 498 U.S. 533 (1991).

In addition to Rule 11, courts possess the inherent power to manage their own affairs and to assure that litigants do not misuse the courts for their own purposes. While this Court's inherent power includes the right to impose sanctions on both parties and attorneys, 28 U.S.C. § 1927 provides a court with the power to sanction attorneys specifically for the excess costs, expenses, and attorneys' fees incurred by virtue of unreasonable and vexatious multiplication of proceedings. *See Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1153–54 (9th Cir. 2024). Awards pursuant to Section 1927 may be imposed against "any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." *Id.* at 1153 (quotation omitted).

"Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quotation omitted). Bad faith is present in two circumstances. *See id*. "The first is where the attorney multiplies the proceedings by knowingly or recklessly rais[ing] a frivolous argument." *Daniels v. CitiMortgage, Inc.*, 2012 WL 12882136, at *2 (C.D. Cal. Apr. 12, 2012) (alteration in original) (quotation omitted). "The second is where the attorney multiplies the proceedings by arguing a meritorious claim to harass an opponent." *Id.* (quotation omitted); *see New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

A court may also exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Thus, like sanctions under Section 1927, the guiding principle for an award of sanctions under the Court's inherent power

is the exercise of bad faith. *See E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*, 432 F. App'x 657, 659 (9th Cir. 2011).

Importantly, "whereas each of [Rule 11 and Section 1927] reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses." *Chambers*, 501 U.S. at 46. That form of sanction power works "to fill in the interstices" left by existing rules and statutes. *Id.* Lastly, sanctions under a court's inherent power may be imposed on a party individually. *See Chambers*, 501 U.S. at 47–48.

**ARGUMENT**

**A. The Undisputed Facts Establish That No Personal Jurisdiction Exists Against Mr. Combs**

The FAC alleges no new factual or legal basis for exercising personal jurisdiction over Mr. Combs. Instead, it realleges the same facts and purported evidence that was previously considered and rejected by the Court. Subjective good faith in believing otherwise makes no difference.

The purportedly new allegations—which are not new—comprise the following:

1. Mr. Combs allegedly served as Chief Executive Officer of JCM, which purportedly maintained a California principal place of business;

2. Mr. Combs allegedly served as "Manager" of 450 Alton, LLC, which also purportedly maintained a California principal place of business;

3. The Charter Agreement was allegedly "arranged, authorized, and executed from California" by California-based actors; and

4. Plaintiff's alleged injuries purportedly "arose directly out of" items 1–3 above.

(Dkt. No. 38 ¶¶ 10–14.)

In opposing the Motion to Dismiss, Plaintiff previously relied on the JCM and 450 Alton, LLC documents by requesting the Court to take judicial notice of them in opposing the Motion to Dismiss. (Dkt. 20-1 at 1–5.) In support of his motion, Mr. Combs submitted to the Court the Charter Agreement. (Dkt. No. 18-2 at 37–45.) In

connection with those documents, Plaintiff argued that JCM chartered the yacht for Mr. Combs's benefit and that California-based actors executed the Charter Agreement at his direction.  (Dkt. No. 1 ¶¶ 26, 146–50; Dkt. No. 20 at 11, 20–21.)

The Court addressed and ruled on these allegations and documents in the March 31 Order and found them insufficient to establish personal jurisdiction.  (Dkt. No. 37 at 5–10.)   JCM identified "Sean Combs as the Chief Executive Officer of the corporation and listing its principal office at **9255 Sunset Blvd., 2nd Floor, West Hollywood, California 90069**."  (Dkt. 20-1 at 3, 7–8, 10–11) (emphasis in original).)  However, it also identified Mr. Combs's "Officer Address" as "1710 Broadway, New York, New York." (*Id*. at 7, 10.)  The 450 Alton, LLC Articles of Organization identify "Sean Combs" as "Manager" of the Florida limited liability company, with its "Principal Office" and "Mailing Address" at the New York City address: "1710 Broadway, New York, New York." (*Id.* at 16–17.)  The Annual Statements for 450 Alton LLC between 2022 and 2025 show inconsistent addresses, listing both New York and California. (*Id.* at 18–21.)  Regardless, Mr. Combs's declaration indisputably establishes that he resided and was domiciled in Florida since 2020. (Dkt. No. 18-1 ¶¶ 3–10.)

Those document filings by Plaintiff also cannot alter the governing legal analysis, which the Court applied to find no personal jurisdiction over Mr. Combs in this action.   Specific jurisdiction requires a substantial connection between "the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  The *defendant's own suit-related conduct*—not the conduct of third parties—must create the requisite connection to the forum state. *See id.* at 284–85.

As this Court observed in the March 31 Order, specific jurisdiction exists only where: "(1) the defendant purposefully direct[s] his activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum . . . (2) the claim . . . arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction [] comport[s] with fair play and substantial justice[.]" (Dkt. No. 37 at 6–7 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).)  Like the Complaint, the FAC fails to satisfy elements one and two of the jurisdictional analysis.

        1.  *The FAC Does Not Establish Purposeful Direction/Purposeful Availment*

Purposeful direction requires plaintiff to establish that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Rodriguez v. Aquatic Sales Sols. LLC*, 735 F. Supp. 3d 1208, 1220 (C.D. Cal. 2024) (applying three-part "effects test" from *Calder v. Jones*, 465 U.S. 783 (1984)).  Plaintiff has not proffered any new facts or documentary evidence in the FAC that changes the conclusion by the Court in the March 31 Order, *i.e.*, that no purposeful direction or availment exists, and thus no personal jurisdiction exists.  The second and third elements necessary for a finding of specific jurisdiction remain unmet as before. (Dkt. No. 37 at 7–8.)

Even assuming JCM chartered a yacht for Mr. Combs's benefit, the alleged conduct complained of in the FAC was not "expressly aimed" at California. *Rodriguez*, 735 F. Supp. 3d at 1220.  The charter concerned a voyage on the high seas around the U.S. Virgin Islands.  Further, Plaintiff's alleged injuries neither occurred in California, nor did she suffer any harm in the state.  Indeed, she is admittedly a resident/citizen of Ireland. (FAC ¶¶ 1, 6.)  Accordingly, the FAC fails to establish purposeful direction.

The FAC similarly fails to establish purposeful availment to warrant the assertion of personal jurisdiction over Mr. Combs.  Purposeful availment requires conduct demonstrating that the defendant invoked the benefits and protections of the forum state's laws, and thereby should reasonably anticipate being haled into court there. *See Schwarzenegger*, 374 F.3d at 802.  Nothing alleged in the FAC provides any basis or reason for Mr. Combs to anticipate being sued in California over an alleged

incident—which he is not even alleged to have committed—and which allegedly occurred on the high seas around the U.S. Virgin Islands.

Plaintiff's reliance on JCM's alleged contacts with California and the Charter Agreement also is insufficient. While "[p]urposeful availment can be established by a contract's negotiations, its terms, its contemplated future consequences, and the parties' actual course of dealing," the "unilateral activity of another party does not meet this standard." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023). Mr. Combs was neither a party to nor a signatory of the Charter Agreement. And he was not in California at the time of its negotiation overseas. And even if JCM executed the Charter Agreement—something conclusorily alleged at best—this sole contact is insufficient to constitute purposeful availment by Mr. Combs. *See Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (personal jurisdiction cannot be established by using another party's contacts with the forum).

In particular, the subject of the Charter Agreement, a yachting vacation between "20 December 2022" and "3 January 2023," was transacted in "London" between "Owner," "September Yachting Limited, Floor 4, Willow House, Cricket Square, Grand Cayman," on the one hand, and JCM, through "Broker," "Edmiston & Company, Ltd., Commerce House, 1 Bowring Road, Isle of Man," and "Stakeholder," Fraser Worldwide SAM, 20 Avenue de Fontvieille 98000, Monaco," on the other hand. (Dkt. No. 38-1 at 25.) The place of delivery of the yacht was "St. Martin, Caribbean." (*Id.*) The Charter Agreement was governed under "English law," with all disputes to be decided by arbitration before the "London Maritime Arbitrators Association." (*Id.* at 31.)

The FAC therefore does not establish that Mr. Combs purposefully availed himself of the Court's personal jurisdiction. *See Davis*, 71 F.4th at 1163 (no purposeful availment where "[n]either the contract's negotiations, terms, nor contemplated consequences establish[ed] that [non-resident defendant] established a connection" with the forum state); *Chi Shun Hua Steel Co. Ltd. v. Novelly*, 759 F. Supp. 595, 597–

99 (N.D. Cal. 1991) (no purposeful availment where defendant participated only in contract negotiations (no personal execution) involving a single California party among other non-California parties).

    2. *The FAC Does Not Allege Claims Arising From or Relating to Any California Conduct by Mr. Combs*

Element two of the specific jurisdiction analysis requires either that "defendant's contacts with the forum [] be a but-for cause of the plaintiff's claims" or that there be a "connection between a plaintiff's suit and a defendant's activities in the forum." *Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1112 (9th Cir. 2025) (quotation omitted). The FAC machinates that Mr. Combs allegedly directed JCM during the negotiation and execution of the Charter Agreement. (FAC ¶¶ 11–13.) That allegation is not substantiated by anything alleged in the FAC or the Charter Agreement—"Tarik Brooks" was the person who signed that agreement "FOR AND ON BEHALF OF: JCM." (Dkt. No. 38-1 at 33.) Regardless, such allegations regarding the purported acts of a third person fail to establish the requisite connection between Mr. Combs and this action to meet the second element for specific jurisdiction. *See In re Boon Global Ltd.*, 923 F.3d 643, 651 (9th Cir. 2019) ("[A] corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum." (alteration in original) (quotation omitted)).

Moreover, the FAC lacks any allegation that Plaintiff's purported injuries would not have occurred but for Mr. Combs's *purported direction of Mr. Brooks* to negotiate and sign the Charter Agreement *for and on behalf of JCM*. The FAC also lacks any allegation that JCM had to serve as the yacht lessee, or that a non-California entity could not have been used for that agreement instead. *See Doe*, 157 F.4th at 1112 (discussing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021)). Nor is there any basis to conclude or infer that Plaintiff's claims are connected to any purported direction by Mr. Combs to negotiate or execute the Charter Agreement. In sum, the yacht was not chartered in California, Plaintiff was not injured in California,

and Plaintiff did not suffer harm in California. *See id.* (discussing *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255 (2017)). The action has absolutely nothing to do with California.

*   *   *

Because the FAC fails to satisfy both the first and second elements of specific jurisdiction based on the very same reasons that the Court previously found absent, and given Plaintiff's insistence upon maintaining the action in California, the FAC is frivolous and warrants the imposition of sanctions against Plaintiff and her lawyers.

**B. Plaintiff's Counsel Failed to Conduct an Objectively Reasonable and Competent Inquiry**

Rule 11 requires counsel to conduct an objectively reasonable inquiry into the factual and legal basis for a pleading before filing it. *See Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005); *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) ("Where there is no legal or factual basis for a claim," the filing is not objectively reasonable). Plaintiff's attorneys obviously did not perform a reasonable inquiry into the factual and legal basis for the action against Mr. Combs. The allegations in the FAC and the documents accompanying it were already rejected by the Court in granting the Motion to Dismiss and dismissing the Complaint against Mr. Combs for lack of personal jurisdiction. Plaintiff and her lawyers did nothing more than regurgitate the same failed allegations, previously rejected by this Court, without any substantive difference. *See Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (affirming sanctions award where the plaintiff filed a successive complaint "based upon propositions of law previously rejected"); *Paciulan*, 38 F. Supp. 2d at 1146–47 (finding arguments frivolous when previously rejected by the court and controlling case law did not support alternative finding).

Moreover, even assuming Paragraphs 10 through 14 in the FAC are cosmetically different—which they are not—such miniscule tweaks are insufficient as a matter of law to sustain jurisdiction here. Had Plaintiff's attorneys undertaken a reasonable

inquiry into the facts and governing law, they would have recognized that the conclusory allegations proffered against Mr. Combs about his purported indirect contractual involvement and forum-state entity connections were an insufficient predicate for the Court to find specific jurisdiction. *See supra* pp. 7–12; *Cont'l Air Lines, Inc. v. Grp. Sys. Int'l Far East, Ltd.*, 109 F.R.D. 594, 597–600 (C.D. Cal. 1986) (awarding Rule 11 sanctions where the defendant continued to pursue a motion for lack of personal jurisdiction without reasonable inquiry into facts establishing its frivolousness); *Jones v. Campbell Univ.*, 322 F. Supp. 3d 106, 109–10 (D.D.C. 2018) (awarding Rule 11 sanctions, in part, where assertion of personal jurisdiction in amended pleading was not supported by existing law and contained no nonfrivolous argument for extending existing law or establishing new law so as to support jurisdiction).

Plaintiff and her lawyers cannot avoid Rule 11 by contending that the Court allowed Plaintiff's "generalized request for leave to amend" her complaint. (Dkt. No. 37 at 11; *id.* at 12 ("The Court will allow [Plaintiff] an opportunity to amend her pleadings to cure the defects relating to personal jurisdiction.").) But granting leave did not and could not authorize Plaintiff and her lawyers to merely regurgitate the identical jurisdictional theory as before, which supports the imposition of sanctions here. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1361, 1366 (9th Cir. 1990) (affirming Rule 11 sanctions against an attorney who, after receiving evidence that certain claims were baseless, nonetheless included those same claims in a first amended complaint without conducting any additional inquiry); *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 176–77 (C.D. Cal. 2002) (awarding Rule 11 sanctions, in part, because the plaintiff reasserted previously-rejected legal theories). The March 31 Order placed Plaintiff and her lawyers on notice that her jurisdictional allegations were deficient—requiring amendment to survive the same ignominious fate as before—a warning that they failed to heed. *See Townsend*, 929 F.2d at 1361, 1366.

"The attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Christian*, 286 F.3d at 1127 (quotation omitted). Plaintiff's attorneys failed to satisfy their legal duties, warranting Rule 11 sanctions.

## C. Suing Mr. Combs Constitutes Plaintiff's Bad Faith

"Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *May v. Gladstone*, 562 F. Supp. 3d 709, 715 (C.D. Cal. 2021); *see Zheng v. Internet Corp. for Assigned Names and Numbers*, 813 F. Supp. 3d 1135, 1138–39 (C.D. Cal. 2025). As discussed *supra,* the bad faith standard is met here because: (1) the Court already ruled on the personal jurisdiction issue against Plaintiff; (2) Plaintiff was given an opportunity to amend her pleading but failed to remedy its defect; and (3) Plaintiff and her attorneys failed to offer any new jurisdictional facts but, nonetheless, filed a functionally identical amended complaint.

In circumstances such as here, sanctions are also warranted under Section 1927 and the Court's inherent power. *See Zheng*, 813 F. Supp. 3d at 1140 (finding bad faith and imposing sanctions because, among other things, Plaintiff continued to raise arguments already rejected by the court); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1060, 1062 (N.D. Cal. 2012) (finding bad faith and imposing sanctions because plaintiff "continue[d] to attempt to sue [defendant] in California despite multiple court rulings that [he] is not subject to personal jurisdiction in California"); *Levine v. FDIC*, 2 F.3d 476, 478–79 (2d. Cir. 1993) (affirming Rule 11 and Section 1927 sanctions where counsel filed an amended complaint with baseless allegations for personal jurisdiction, and then "perpetuated his misconduct through the filing of numerous memoranda well after his errors were revealed to him").

## **CONCLUSION**

Based on the foregoing, the Court should grant the Sanctions Motion against Plaintiff and her lawyers and award monetary sanctions against them both, including reasonable attorneys' fees and costs in connection with this Motion, together with such other and further relief as the Court deems just and proper.

Dated:  July 20, 2026

SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____

Michael Schonbuch

*Attorneys for Defendants Christian Combs and Sean Combs*

# **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Mr. Combs, certifies that this brief contains 4,758 words, which complies with the word limit of L.R. 11-6.1.


Dated:  July 20, 2026                                      */s/ Michael Schonbuch*

                                                                 _____

                                                                 Michael Schonbuch