# EXHIBIT B



IVIE McNEILL WYATT

PURCELL & DIGGS

**Laura N. James, Esq.**
Email: ljames@imwlaw.com
www.imwlaw.com

May 5, 2026

**VIA EMAIL**
schonbuch@schonbuchhallissy.com

Michael Schonbuch, Esq.
SCHONBUCH HALLISSY LLP
11999 San Vicente Blvd., Suite 300
Los Angeles, CA  90049

      Re:    Grace O Marcaigh v. Christian Combs, et al.
               Case No. : 2:25-cv-03650-DMG-MAA

Dear Mr. Schonbuch:

We are in receipt of your April 28, 2026 letter requesting that Plaintiff withdraw her First Amended Complaint ("FAC") and threatening Rule 11 sanctions. We write to advise you that we disagree with your contentions, that we will not be withdrawing the FAC, and that we believe that any Rule 11 motion filed on the basis articulated in your letter would be both procedurally defective and substantively meritless.

**The FAC Presents New and Materially Different Jurisdictional Allegations**

Your letter's central assertion — that the FAC "fails to allege any new facts that would alter the Court's prior decision" — fundamentally misrepresents the FAC. The Court's March 31, 2026 Order identified a specific, curable deficiency: Plaintiff had made "no attempt to demonstrate that the claims arise out of Sean's forum-related business dealings or that the claims relate to those dealings." The FAC directly addresses that deficiency through targeted new allegations that did not appear in the original Complaint.

The original Complaint grounded Defendant S. Combs' California presence in his residence and general business operations in the state of California. The FAC builds upon and significantly augments that foundation. Paragraphs 10 through 14 of the FAC now allege with specificity that the Victorious charter was arranged, authorized, and executed through Janice Combs Music Holdings, Inc. ("JCMUS, Inc."), a California corporation with its principal office at 9255 Sunset Boulevard, West Hollywood, California, where Defendant Sean Combs serves as Chief Executive Officer; that Tarik Brooks, who operated from that West Hollywood office as Secretary and Chief Financial Officer of JCMUS, Inc., executed the MYBA Charter Agreement on behalf of JCMUS, Inc. at the direction of Defendant S. Combs; and that this California-based transaction is

---

444 South Flower Street, Suite 3200 • Los Angeles CA, 90071 • **Ph:** 213-489-0028 • **Tf:** 800-584-6007 • **Fax:** 213-489-0552
**Los Angeles** • **Inland Empire** • **Leimert Park** • **Bay Area** • **Las Vegas**

Michael Schonbuch, Esq.
SCHONBUCH HALLISSY LLP
May 5, 2026
Page 2

the direct and but-for cause of Plaintiff's placement aboard the Victorious alongside both Defendants S. Combs and C. Combs, and her exposure to the conditions and conduct giving rise to each of her claims.

The FAC further supplies the nexus the Court previously found absent. The premises liability claim flows directly from the contractual control over the Victorious that was created through a California corporation acting at Defendant S. Combs' direction. The aiding and abetting claim arises from that same California-based transaction, which gave Defendant S. Combs authority over the vessel's environment and over any accountability thereafter. The FAC expressly alleges that but for JCMUS, Inc.'s execution of the charter agreement, Plaintiff would not have been placed aboard the Victorious and exposed to the conditions giving rise to her claims. That is precisely the connection the Court said was missing.

**Your Characterization of the Judicially Noticed Documents Is Misleading**

Your letter asserts that the Diggs Declaration "submits the same documents already before the Court, which were found insufficient." This framing materially misrepresents the Court's ruling. The Court expressly granted Plaintiff's Request for Judicial Notice as to the JCMUS Statements of Information and the 450 Alton, LLC annual reports, accepted the facts within those government records as established, and noted pointedly that Defendants themselves did not dispute those facts, only their relevance. What the Court found was that Plaintiff had failed to construct any argument connecting those California contacts to the suit-related conduct. The documents were accepted, yet the legal argument built upon them was found underdeveloped. The FAC now provides that argument in detail. Your suggestion that re-submitting established government records for an expressly articulated jurisdictional theory is grounds for sanctions mischaracterizes both the prior ruling and the new pleading.

**The Subject Matter Jurisdiction Issue**

Your letter asserts that subject matter jurisdiction under § 1332 "does not exist," but offers no basis for that assertion. The FAC pleads complete diversity on its face: Plaintiff is a citizen of Ireland, Defendant Christian Combs is a citizen of California, and Defendant Sean Combs is a citizen of Florida, with an amount in controversy substantially exceeding $75,000. Your letter does not engage with any of these allegations. As to admiralty, the FAC affirmatively asserts that § 1333 does not apply because the conduct at issue — the drugging and sexual assault of a crew member by a recreational charter guest during a private holiday charter — constitutes intentional criminal acts bearing no relationship to maritime commerce, navigation, or any traditional maritime activity, and therefore does not satisfy the maritime connection test required for admiralty jurisdiction. To the extent the Court nonetheless determines that § 1333 applies, the FAC expressly invokes the saving to suitors clause and preserves Plaintiff's right to jury trial, with California law pleaded as the primary basis and maritime law in the alternative.

**Rule 11 Sanctions Threat is Meritless**

Rule 11 sanctions are appropriate only where a pleading is filed for an improper purpose, advances claims not warranted by existing law or a non-frivolous argument for its modification, or rests on factual contentions lacking evidentiary support. None of those circumstances is present here.

444 South Flower Street, Suite 3200  •  Los Angeles CA, 90071  •  **Ph:** 213-489-0028  •  **Tf:** 800-584-6007  •  **Fax:** 213-489-0552

*Los Angeles  •  Inland Empire  •  Leimert Park  •  Bay Area  •  Las Vegas*

Michael Schonbuch, Esq.
SCHONBUCH HALLISSY LLP
May 5, 2026
Page 3

The Court itself granted leave to amend, expressly finding that it could not conclude the pleading "could not possibly be cured by the allegation of other facts." Courts generally do not grant leave to amend pleadings they regard as frivolous. The FAC builds on that leave with specific, new factual allegations about the execution of the charter agreement through a California corporation managed by California-based personnel, establishing the nexus the Court identified as missing. The evidentiary foundation consists of government records — California Secretary of State filings and Florida annual reports, several of which were signed by Defendant S. Combs himself under penalty of perjury — all of which the Court already accepted as established facts. The jurisdictional theory is directly responsive to the Court's stated findings and is not frivolous under any reasonable standard.

**Meet and Confer**

We remain open to meet and confer to discuss further. Please note that our team is currently engaged in trial, which generally limits our availability to weekday evenings. We invite you to propose a few dates and evening times that work for your schedule and we will make every effort to accommodate. We note, however, that your April 28 letter does not constitute service of a Rule 11 motion. Absent service of the motion itself, the 21-day safe harbor has not begun. Accordingly, we ask that Defendants withdraw their Rule 11 threat. Should Defendants proceed with a Rule 11 motion and it is denied, Plaintiff reserves all rights to seek appropriate relief, including fees and sanctions, as permitted by law.

Sincerely,

**IVIE McNEILL WYATT PURCELL & DIGGS**

**LAURA N. JAMES**

LNJ/lm

444 South Flower Street, Suite 3200 • Los Angeles CA, 90071 • **Ph:** 213-489-0028 • **Tf:** 800-584-6007 • **Fax:** 213-489-0552

*Los Angeles • Inland Empire • Leimert Park • Bay Area • Las Vegas*