Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard, Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs and Christian Combs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

GRACE O'MARCAIGH,

Plaintiff,

v.

CHRISTIAN COMBS, an individual, SEAN COMBS, an individual, JOHN and JANE DOES 1-10, and ABE CORPORATIONS 1-10,

Defendants.

Case No. 2:25-cv-3650-DMG-MAA

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Hearing Date: September 4, 2026
Time: 9:30 a.m.
Judge: Hon. Dolly M. Gee
Courtroom: 8C

# TABLE OF CONTENTS


INTRODUCTION .......... 1

ARGUMENT .......... 2

A. The Court Should Reject Plaintiff's Extrinsic Evidence .......... 2

B. Mr. Combs Is Not Subject to the Personal Jurisdiction of the Court .......... 3

1. General Jurisdiction is Absent .......... 3

2. The FAC Does Not Establish Purposeful Direction or Purposeful Availment .......... 4

3. The FAC Does Not Allege Claims Arising From or Relating to California Conduct by Mr. Combs .......... 6

4. The Prior Stipulation Has No Bearing on Personal Jurisdiction .......... 7

C. Plaintiff Cannot Assert Claims Against Sean Combs Under California Law .......... 7

D. Admiralty Jurisdiction Does Not Apply to Plaintiff's Claims .......... 8

E. Plaintiff Cannot Simultaneously Sue Under Common and Maritime Law .......... 9

F. The FAC Fails to State a Claim Against Sean Combs .......... 9

1. Premises Liability (Alternatively, Maritime Negligence) .......... 9

2. Aiding and Abetting (Alternatively Maritime Joint Tortfeasor Liability) .......... 11

3. IIED (Alternatively, Maritime IIED) .......... 12

G. The Court Should Deny Jurisdictional Discovery and Leave to Amend .......... 13

CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Angie M. v. Super. Ct.*,
37 Cal. App. 4th 1217 (Cal. Ct. App. 1995) .......... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 10

*Beckway v. DeShong*,
717 F. Supp. 2d 908 (N.D. Cal. 2010) .......... 3

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) .......... 13

*Casey v. U.S. Bank Nat'l Ass'n*,
127 Cal. App. 4th 1138 (Cal. Ct. App. 2005) .......... 11

*Chodos v. W. Publ'g Co.*,
292 F.3d 992 (9th Cir. 2002) .......... 13

*Christensen v. Super. Ct.*,
54 Cal.3d 868 (1991) .......... 12

*Cordes v. Boulder Brands USA, Inc.*,
2019 WL 1002513 (C.D. Cal. Jan. 30, 2019) .......... 13

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .......... 3, 4

*Davidson v. City of Westminster,*
32 Cal.3d 197 (1982) .......... 12

*Davis v. Cranfield Aerospace Sols., Ltd.*,
71 F.4th 1154 (9th Cir. 2023) .......... 5

*Delgado v. Trax Bar & Grill*,
36 Cal.4th 224 (2005) .......... 11

*Diamond Multimedia Sys., Inc. v. Super. Ct.*,
19 Cal.4th 1036 (1999) .......... 8

*Doe v. Deutsche Lufthansa*,
157 F.4th 1103 (9th Cir. 2025) .......... 7

*Executive Jet Aviation, Inc. v. City of Cleveland*,
409 U.S. 249 (1972) .......... 9

*Frenzel v. AliphCom*,
76 F. Supp. 3d 999 (N.D. Cal. 2014) .......... 2

*Gruver v. Lesman Fisheries Inc.*,
489 F.3d 978 (9th Cir. 2007)....9

*Hughes v. Pair*,
46 Cal.4th 1035 (2009)....12

*In re First All. Mortg. Co.*,
471 F.3d 977 (9th Cir. 2006)....11

*In re Toyota Motor Corp.*,
790 F. Supp. 2d 1152 (C.D. Cal. 2011)....3

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982)....8, 9

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)....3

*Int'l Union of Operating Engineers v. County of Plumas*,
559 F.3d 1041 (9th Cir. 2009)....8

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*,
513 U.S. 527 (1995)....9

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)....2, 3

*King v. Navy Fed. Credit Union*,
699 F. Supp. 3d 864 (C.D. Cal. 2023)....2

*Pina v. Henderson*,
752 F.2d 47 (2d Cir. 1985)....3

*Rodriguez v. Aquatic Sales Sols. LLC*,
735 F. Supp. 3d 1208 (C.D. Cal. 2024)....5

*Rodriguez v. United States*,
2017 WL 924458 (C.D. Cal. Mar. 6, 2017)....10

*Russo v. APL Marine Servs., Ltd.*,
135 F. Supp. 3d 1089 (C.D. Cal. 2015)....8

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004)....5, 7

*Stemcell Techs. Can. Inc. v. StemExpress, LLC*,
2022 WL 509673 (N.D. Cal. Feb. 21, 2022)....6

*Su v. Henry Global Consulting Grp.*,
2022 WL 19392 (C.D. Cal. Jan. 3, 2022)....11

*Toutounchian v. Princess Cruise Lines Ltd.*,
2020 WL 10897923 (C.D. Cal. Aug. 17, 2020)....9

*United States v. Ceja-Prado*,
333 F.3d 1046 (9th Cir. 2003)....8

*Ward v. City of Barstow*,
2017 WL 4877389 (C.D. Cal. June 23, 2017) ....3

*Wawrzenski v. United Airlines, Inc.*,
106 Cal. App. 5th 663 (Cal. Ct. App. 2024) ....12

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009)....13

**Rules**

Fed. R. Evid. 201 ....2

Defendants Sean Combs and Christian Combs respectfully submit this Reply Memorandum of Points and Authorities in further support of their Motion to Dismiss.[1]

## INTRODUCTION

The FAC fails to cure the defects that mandated dismissal of Plaintiff's original Complaint. She still cannot demonstrate any theory of personal jurisdiction over Mr. Combs in California, as she merely reargues what the Court rejected already: that California contacts allegedly attributable to the business entity JCM in connection with a yacht charter establish personal jurisdiction for torts purportedly committed on the high seas in the Caribbean. Plaintiff has again failed to connect any conduct by Mr. Combs—whether in California or elsewhere—to Plaintiff's alleged injuries.

Moreover, Plaintiff's attempt to cure the void in her pleading with 130 pages of extrinsic material does not fill the gap, as a complaint cannot be amended through opposition briefing or judicial notice. Nor can she apply California common law in connection with conduct that allegedly occurred outside of the state. And maritime law is inapplicable here because the alleged torts lack the necessary connection to traditional maritime activity. Regardless, Plaintiff cannot simultaneously pursue claims under the California common law and federal maritime law.

The Court granted Plaintiff an opportunity to amend, specifically identifying the jurisdictional deficiencies in the Complaint. Despite those instructions, Plaintiff squandered her opportunity by not solving any of the pleading deficiencies. Instead, Plaintiff repackaged her prior allegations without adding any new substance. The FAC should be dismissed and Plaintiff should be denied jurisdictional discovery and a second opportunity to amend.

---

[1] Capitalized terms not otherwise defined have the same meaning as in Defendants' moving brief, dated June 29, 2026. (Dkt. No. 43-1 ("Moving Brief" or "Moving Br.") "Opposition" or "Opp." refers to Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), dated August 14, 2026 (Dkt. No. 45).

Personal jurisdiction over Mr. Combs cannot be established in this action. Plaintiff is a Florida resident/domiciliary and none of the relevant conduct alleged occurred in California. As the Court previously concluded, Mr. Combs cannot be sued in California.

## ARGUMENT

### A. The Court Should Reject Plaintiff's Extrinsic Evidence

Plaintiff requests the Court to take judicial notice of various portions of the trial transcript from *United States v. Combs*, No. 24-cr-542 (S.D.N.Y.) (the "Extrinsic Material") and accept its substance as proof of the jurisdictional allegations missing in the FAC. (Decl. of Laura N. James ("James Decl."), Exs. B–I.) Plaintiff misuses judicial notice. She cannot amend her pleading through opposition briefing. The Extrinsic Material should be disregarded.

On a motion to dismiss, a court's review is ordinarily confined to the pleading. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). It is "axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (quotation omitted); *see King v. Navy Fed. Credit Union*, 699 F. Supp. 3d 864, 870 (C.D. Cal. 2023). Extrinsic material may be considered only where it is attached to or incorporated by reference in a complaint, or where it is properly subject to judicial notice. *See Khoja*, 899 F.3d at 998. Neither basis is satisfied here.

The Extrinsic Material is neither attached to the FAC nor incorporated in it by reference. And putting aside that the Extrinsic Evidence does not fill the jurisdictional void in the FAC, Plaintiff erroneously attempts to use judicial notice to establish the truth of contested facts. Federal Rule of Evidence 201 permits judicial notice only of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). A court may notice the existence of a public record, but it may not accept disputed factual assertions within that record as true. *See Khoja*, 899 F.3d at 999–1000 (reversing, in

part, where the court judicially noticed facts in a transcript that were "subject to varying interpretations" and therefore "subject to reasonable dispute" (quotation omitted)).

The critical issue under Fed. R. Evid. 201 is whether the asserted fact is reasonably disputed. *See In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1160 (C.D. Cal. 2011). Indeed, "[t]he more critical an issue is to the ultimate disposition of the case, the less appropriate judicial notice becomes," and a court should not supply an essential fact outside the record unless that fact is "clearly beyond dispute." *Id.* (alteration partially in original) (quoting *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985)).

Plaintiff erroneously invokes judicial notice to incorporate disputed assertions in the Extrinsic Material as fact and use them to supply missing jurisdictional and substantive facts in the FAC. (Opp. at 8–10, 12, 14–17.) Rule 201 does not function in that manner. *See Beckway v. DeShong*, 717 F. Supp. 2d 908, 912 n.1 (N.D. Cal. 2010); *Ward v. City of Barstow*, 2017 WL 4877389, at *5 (C.D. Cal. June 23, 2017), *report and recommendation adopted*, 2017 WL 4877239 (C.D. Cal. Oct. 27, 2017). The Court should reject Plaintiff's attempt to supplement the FAC with the Extrinsic Material.

**B. Mr. Combs Is Not Subject to the Personal Jurisdiction of the Court**

Due process permits the exercise of personal jurisdiction only when the defendant has sufficient minimum contacts with the forum. Mr. Combs lacks minimum contacts such that the maintenance of the lawsuit in California will "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

1. *General Jurisdiction is Absent*

Plaintiff's insistence on not abandoning general jurisdiction over Mr. Combs is moot. (Opp. at 14.) The Court already rejected it. And the FAC concedes that Mr. Combs is a citizen of Florida. (Dkt. No. 37 at 5–6; FAC ¶ 6.) An individual is ordinarily subject to general jurisdiction only in his state of domicile. *See Daimler AG*

*v. Bauman*, 571 U.S. 117, 137 (2014). Plaintiff's admission that Mr. Combs is a Florida citizen defeats any renewed attempt to establish general jurisdiction in California.

2. *The FAC Does Not Establish Purposeful Direction or Purposeful Availment*

Plaintiff argues that the FAC cured the prior pleading deficiencies because it alleges that Mr. Combs used JCM, "an entity operating from West Hollywood," as well as California-based personnel to negotiate, authorize, and execute the Charter Agreement that placed Plaintiff aboard the Victorious with Mr. Combs in control of the vessel, guests, and crew. (Opp. at 11.) But Plaintiff did not amend the substance of her jurisdictional theory.

As before, the FAC rests on the following allegations:

- Mr. Combs allegedly served as Chief Executive Officer of JCM, which purportedly maintained its principal place of business in California;
- Mr. Combs allegedly served as Manager of 450 Alton, LLC ("Alton"), which purportedly maintained its principal place of business in California;
- The Charter Agreement allegedly was "arranged, authorized, and executed from California" by California-based actors; and
- Plaintiff's alleged injuries purportedly "ar[ose] directly out of" the circumstances of: (1) JCM's and Alton's business location and (2) the Charter Agreement.

(FAC ¶¶ 10–14.)

The above allegations are the same allegations Plaintiff pleaded in the Complaint. They also rely on the same documents previously considered and disapproved of by the Court. (Dkt. No. 37; Dkt. No. 20-1 at 3–4; Dkt. No. 18-2 ¶¶ 12–15, pp. 37–45.) When the Court did so, it concluded personal jurisdiction over Mr. Combs was absent because Plaintiff failed to connect his purported California

business dealings to "the allegations at issue in this suit." (Dkt. No. 37 at 9.) That conclusion cannot change under the FAC because no new allegations are made and no evidence is incorporated by reference.

The FAC fails to allege "purposeful direction" or "purposeful availment" by Mr. Combs. (Dkt. No. 37 at 7–9.) On the one hand, purposeful direction requires an intentional act expressly aimed at the forum that causes harm the defendant knows is likely to be suffered there. *See Rodriguez v. Aquatic Sales Sols. LLC*, 735 F. Supp. 3d 1208, 1220 (C.D. Cal. 2024). Even assuming JCM chartered the yacht for Mr. Combs's benefit and signed the agreement in California, which is not alleged, the conduct underlying Plaintiff's claims was not "expressly aimed" at California. *Id.* The yacht charter concerned a voyage on the high seas near the U.S. Virgin Islands. Plaintiff's alleged injuries occurred on the high seas; she suffered no alleged harm in California; and, as a citizen/resident of Ireland, she is neither a California resident nor domiciliary. (FAC ¶¶ 1, 6.)

On the other hand, purposeful availment requires conduct by which a defendant invokes the benefits and protections of the forum's laws such that he/she reasonably could anticipate being hauled into court there. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The allegations in the FAC provide no basis to conclude that Mr. Combs could anticipate being sued in California over an alleged assault in the Caribbean, which he is not alleged to have committed, and which allegedly occurred on the high seas near the U.S. Virgin Islands.

Neither JCM's alleged California contacts nor the Charter Agreement satisfy the purposeful direction or purposeful availment tests. Although purposeful availment may be evaluated through consideration of negotiations, terms, contemplated consequences of a contract, and the parties' course of dealing, "the unilateral activity of another party" is insufficient. *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023).

Mr. Combs was neither a party to nor a signatory of the Charter Agreement. Moreover, the FAC does not allege that he or Tarik Brooks—the person who signed the Charter Agreement—negotiated that agreement from California. Further, the Charter Agreement was not to be performed in California, and disputes arising under it were not to be litigated there. (Dkt. No. 38-1 at 25, 31.) Thus, even accepting the conclusory allegation that JCM executed the agreement in California, that single contact cannot be attributed to Mr. Combs for purposeful availment purposes. (Moving Br. at 6–9.)

Plaintiff cites not one authority holding that allegations such as here satisfy either purposeful direction or purposeful availment. Because new jurisdictional facts are not alleged in the FAC, the first requirement for specific jurisdiction is unsatisfied.

3. *The FAC Does Not Allege Claims Arising From or Relating to California Conduct by Mr. Combs*

Plaintiff argues that her claims now "arise from the California-based transaction that allegedly placed Plaintiff aboard the Victorious and gave [Mr. Combs] control over the charter environment." (Opp. at 13.) Neither the FAC nor the Charter Agreement supports that assertion.

The FAC alleges that Mr. Combs directed JCM in negotiating and executing the Charter Agreement. (FAC ¶¶ 11–13.) But this is contradicted by the documents attached to the FAC—namely the Charter Agreement itself—which shows that Tarik Brooks—not Mr. Combs—executed the Agreement "FOR AND ON BEHALF OF: [JCM]." (Dkt. No. 38-1 at 33.) Nor can JCM's alleged contacts with California be imputed to Mr. Combs based on the allegation that he serves as JCM's CEO. "[T]he contacts of a corporation cannot be imputed to its officers" absent exceptional circumstances that are not present here. *Stemcell Techs. Can. Inc. v. StemExpress, LLC*, 2022 WL 509673, at *3 (N.D. Cal. Feb. 21, 2022).

The FAC also fails to tie Plaintiff's injuries with Mr. Combs's purported direction that Mr. Brooks negotiate and sign the Charter Agreement for JCM. That

JCM fortuitously served as the charterer of the vessel does not create a tie because it is not alleged that only a California entity could perform such function.[2] *See Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1112 (9th Cir. 2025). And nothing plausibly connects the alleged assault, which was committed by a third party, to Mr. Combs's supposed involvement with the Charter Agreement. The vessel was not chartered in California; Plaintiff was not injured in California; and she suffered no alleged harm in California. *See id.* Accordingly, the second requirement for specific jurisdiction is not satisfied.

4. *The Prior Stipulation Has No Bearing on Personal Jurisdiction*

Mr. Combs did not address whether exercising jurisdiction would "comport with fair play and substantial justice" because the absence of factors one and two made it plainly obvious that the third factor was not met. *Schwarzenegger*, 374 F.3d at 802. Regardless, Plaintiff's reliance on a June 20, 2025 Joint Stipulation ("Stipulation") is baseless. (Opp. at 14.) The Stipulation provides that "Defendants preserve all of their defenses to the Complaint, excluding improper service of process and improper venue" (Dkt. No. 16 ¶ 7.) and that it is "without prejudice to any defenses, contentions, and remedies, all of which [were] expressly preserved." (*Id.* ¶ 9.) The Stipulation is irrelevant to the personal jurisdiction issue.

**C. Plaintiff Cannot Assert Claims Against Sean Combs Under California Law**

Plaintiff plainly ignores that California law is not extraterritorially applied. All that she musters as a supposed response is to meekly assert that her claims are sufficiently connected to California because the Charter Agreement allegedly was executed there. (Opp. at 16.) As explained above, the FAC does not plausibly allege participation by Mr. Combs in the Charter Agreement's negotiation or execution, and Plaintiff focuses on the wrong conduct.

[2] The Charter Agreement was made in London. (Dkt. No. 38-1 at 25.) The yacht was delivered in St. Martin. (*Id.*) And the Charter Agreement is governed under English law with arbitration in London. (*Id.* at 31.)

For common-law claims, the relevant question is whether "the conduct which gives rise to liability . . . occurs in California." *Russo v. APL Marine Servs., Ltd.*, 135 F. Supp. 3d 1089, 1096 (C.D. Cal. 2015) (quoting *Diamond Multimedia Sys., Inc. v. Super. Ct.*, 19 Cal.4th 1036, 1059 (1999)). None of the conduct in the FAC allegedly giving rise to Mr. Combs's tort liability occurred in California. California's presumption against extraterritoriality therefore bars those claims.

Plaintiff's other argument creates its own problem. If negotiation of the Charter Agreement—not Christian Combs's alleged assault, which is the subject of the action—is the conduct giving rise to Plaintiff's claims, then she is recasting her tort claims as a contract claim, but under a contract she is not a party. (Opp. at 16.) That cannot be, and even it could be, the Charter Agreement provides for English law and arbitration before the Maritime Board in London. (Dkt. No. 38-1 at 31.)

California law is presumed not to apply extraterritorially. (Moving Br. at 10–11.) Plaintiff cannot overcome that presumption by pointing to an antecedent chartering contract, allegedly made in California, when the alleged tortious conduct and injury occurred elsewhere. The Court should dismiss the California law claims.

**D. Admiralty Jurisdiction Does Not Apply to Plaintiff's Claims**

Plaintiff argues that Defendants are estopped from challenging admiralty jurisdiction because the Notice of Removal and Stipulation identified it as a jurisdictional basis. (Opp. at 15.) Governing law forecloses that argument. Generally, "jurisdictional concerns trump equitable considerations." *United States v. Ceja-Prado*, 333 F.3d 1046, 1050 (9th Cir. 2003). For this reason, a party is not estopped from challenging subject-matter jurisdiction merely because the challenge conflicts with an earlier position. *See Int'l Union of Operating Engineers v. County of Plumas*, 559 F.3d 1041, 1043–44 (9th Cir. 2009).

Whatever position either party may have previously asserted, subject-matter jurisdiction cannot arise by agreement. The Court has an independent obligation to determine whether it exists. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites*

*de Guinee*, 456 U.S. 694, 702 (1982). Here, such inquiry reveals that admiralty jurisdiction is absent because the alleged torts fail the required connection test. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 539 (1995). That test considers whether the activity at issue bears a sufficiently close relationship to activity traditionally governed by admiralty law. *Id.*; *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 255–56 (1972). The FAC does not allege, as it must, that the alleged assault affected navigation, delayed the voyage, or interfered with maritime operations. (Moving Br. at 13–14.) And it nowhere alleges a substantial relationship between the alleged assault and traditional maritime activity. *See Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 984–85 (9th Cir. 2007). The Court should decline exercising admiralty jurisdiction.

**E. Plaintiff Cannot Simultaneously Sue Under Common and Maritime Law**

Defendants do not contend that Plaintiff cannot plead alternative theories. (Opp. at 16.) Rather, once subject-matter jurisdiction is determined, whether maritime or not, Plaintiff cannot proceed on both sets of claims. "California law applies only when maritime law is not applicable." *Toutounchian v. Princess Cruise Lines Ltd.*, 2020 WL 10897923, at *5 (C.D. Cal. Aug. 17, 2020); *see id.* ("[W]here substantive maritime law applies to a negligence claim, California law cannot also apply to that same negligence claim."). Accordingly, if the Court exercises diversity jurisdiction, then the maritime claims should be dismissed. But if the Court exercises admiralty jurisdiction, then the overlapping California claims should be dismissed.

**F. The FAC Fails to State a Claim Against Sean Combs**

1. *Premises Liability (Alternatively, Maritime Negligence)*

Plaintiff focuses premises liability almost entirely on control, asserting that liability "turns on whether the defendant owned, leased, occupied, or controlled the premises." (Opp. at 17.) But the FAC does not adequately allege that Mr. Combs controlled the vessel. And control alone would not establish liability: the FAC must

also plausibly allege the claim's heightened version of negligence, which it has failed to do.

For starters, the allegations do not plausibly establish that Mr. Combs owned, leased, managed, or controlled the vessel. Although at this stage, well-pleaded factual allegations are accepted as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Charter Agreement contradicts Plaintiff's conclusory characterization of Mr. Combs's supposed role. (Dkt. No. 38-1 at 25–33.) Clauses 7 and 13, working together, give the charterer (JCM) general use of the vessel, with control residing with the captain of the vessel (September Yachting Limited, the owner) in circumstances relevant to the alleged assault. (*Id.* at 27, 29.)

Plaintiff relies on the allegation that JCM acted as Mr. Combs's agent. (Opp. at 17–18; FAC ¶¶ 3, 11–12, 60.) But that is a mere legal conclusion, not a well-pleaded fact entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678. That is particularly so where the incorporated Charter Agreement contradicts Plaintiff's allegations. (Dkt. No. 38-1 at 25–33.)[3] Accordingly, control is not properly pleaded.

The claim is also deficient because it does not plausibly allege the negligence necessary for premises liability. Liability requires negligence in the use or maintenance of the property and a showing that the negligence was a *substantial factor* in causing Plaintiff's harm. *See Rodriguez v. United States*, 2017 WL 924458, at *2 (C.D. Cal. Mar. 6, 2017). The FAC pleads neither sufficiently.

California generally imposes no duty to protect another person from third-party misconduct except under limited circumstances. (Moving Br. at 14–15.) Even assuming the requisite special relationship (*i.e.*, a requirement underpinning the exception), the FAC does not plausibly allege that Christian Combs's purported assault was reasonably foreseeable to Mr. Combs.

[3] Plaintiff attempts to supplement the allegations with the Extrinsic Material. (Opp. at 17 n.7.) As discussed above, such material cannot cure deficiencies in the pleading.

Plaintiff cites no authority that generalized allegations of a risk of wrongdoing would make an assault foreseeable. (Opp. at 17–18.) California courts require more, like prior similar incidents or other facts indicating foreseeability of the particular type of misconduct. *See Delgado v. Trax Bar & Grill*, 36 Cal.4th 224, 238–40 (2005). The FAC does not allege that Mr. Combs knew Christian Combs had previously committed sexual assault or had a propensity to do so. (Moving Br. at 15.)

Plaintiff barely address the maritime-negligence claim. (Opp. at 18.) She cites no authority and incorrectly treats maritime negligence as interchangeable with California premises liability, which it is not. (Moving Br. at 16); (Dkt. No. 43-1 at 16–17.) None of these claims can survive this dismissal motion.

2. *Aiding and Abetting (Alternatively Maritime Joint Tortfeasor Liability)*

Plaintiff argues, without supporting authority, that the FAC states an aiding and abetting claim because Mr. Combs allegedly had "pre-assault knowledge of dangerous conditions and post-assault knowledge followed by concealment." (Opp. at 18.) Neither category of allegation satisfies the elements of aiding and abetting.

Aiding and abetting liability requires plausible allegations that the defendant had "actual knowledge of the specific primary wrong" and substantially assisted in its commission with that knowledge. *Su v. Henry Global Consulting Grp.*, 2022 WL 19392, at *2 (C.D. Cal. Jan. 3, 2022). A "vague suspicion of wrongdoing" does not suffice. *In re First All. Mortg. Co.*, 471 F.3d 977, 993 n.4 (9th Cir. 2006). Indeed, defendant must make "a conscious decision to participate" in the wrongful act. *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1146 (Cal. Ct. App. 2005) (emphasis removed).

Plaintiff never alleges that Mr. Combs knew Christian Combs would commit the alleged assault or that Mr. Combs consciously participated in it. Nor does Plaintiff respond to Defendants' assertion that maritime joint tortfeasor liability does not exist. Plaintiff cannot avoid those deficiencies by asserting that her theory is merely reasonable. That is not the test. Because the FAC fails to plead the required knowledge

and substantial assistance elements—and Plaintiff fails to address the challenge of the maritime claim—the aiding and abetting claims should be dismissed.

3. *IIED (Alternatively, Maritime IIED)*

Plaintiff inadequately defends her IIED claim, except to repeat the deficient defense to the Complaint. The FAC fails to cure Plaintiff's failure to allege that Mr. Combs acted *with the intent* to inflict emotional distress. (Opp. at 19–20); (Moving Br. at 19.) Nor does it satisfy the alternative "reckless disregard" requirement. *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982). She meaninglessly responds that the allegations "support [the] reckless disregard" requirement. (Opp. at 19.) But the FAC alleges, at most, that Mr. Combs paid the vessel's captain to suppress an investigation. (FAC ¶¶ 34, 77.)[4] That allegation alone cannot establish reckless disregard of the probability that the alleged act would inflict *severe or extreme* emotional distress. And the FAC does not allege that Mr. Combs's purported outrageous conduct was directed at Plaintiff. IIED requires conduct "directed at the plaintiff, or occur[ring] in the presence of a plaintiff of whom the defendant is aware." *Christensen v. Super. Ct.*, 54 Cal.3d 868, 903 (1991). Neither is alleged.

Plaintiff fails to demonstrate that the FAC meets the "high bar" for severe emotional distress, whether under California or maritime law. *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009), *abrogated by statute on other grounds, as stated in Wawrzenski v. United Airlines, Inc.*, 106 Cal. App. 5th 663, 699 (Cal. Ct. App. 2024). Severe emotional distress must be "of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Id.*; *compare* FAC ¶¶ 40–43 *with Angie M. v. Super. Ct.*, 37 Cal. App. 4th 1217, 1226–27 (Cal. Ct. App. 1995).

[4] Plaintiff also contradicts her FAC by claiming that Mr. Combs was responsible for requiring her to continue working with Christian Combs. (*Compare* Opp. at 19 *with* FAC ¶ 33.)

Because Plaintiff fails to plead the requisite mental state, conduct, or severe emotional distress, the IIED claim should be dismissed, along with the alternative claim for maritime IIED, which has the same standards and elements. (Moving Br. at 20–21.)

**G. The Court Should Deny Jurisdictional Discovery and Leave to Amend**

As the Court correctly ruled concerning the Complaint (Dkt. No. 37 at 10–11), Plaintiff is not entitled to jurisdictional discovery. (Opp. at 20.) No amount of discovery will reveal what does not exist. Her plea for discovery is "little more than a hunch" that she will find something helpful. That is not sufficient reason to grant discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

Plaintiff is not without options to pursue Mr. Combs—it is just not in this court, as it lacks personal jurisdiction over him. The Court should deny any further leave to amend Plaintiff's claims against Mr. Combs. It is well settled that leave may be denied where a plaintiff has failed to cure deficiencies, amendment would be futile, or further amendment would cause prejudice to the other party. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *Cordes v. Boulder Brands USA, Inc.*, 2019 WL 1002513, at *4 (C.D. Cal. Jan. 30, 2019).

Plaintiff has been afforded that opportunity to amend and failed. To grant further relief would be futile and prejudicial, forcing Mr. Combs to defend himself a third time in a case that cannot be made. The Court should deny such relief.

**CONCLUSION**

Based on all the foregoing, the Court should grant the Motion to Dismiss and enter an order: (i) dismissing all claims against Sean Combs; (ii) dismissing the common law or maritime claims (depending on the Court's ruling) against Christian Combs in their entirety, and (iii) for such other and further relief as the Court deems just and proper.

Dated: August 21, 2026

SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants Sean Combs and Christian Combs*

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 4,200 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 21, 2026

*/s/ Michael Schonbuch*

Michael Schonbuch
Lilah N. Cook